# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARIANIST PROVINCE OF THE UNITED STATES <br> and <br> ST. JOHN VIANNEY HIGH SCHOOL, INC., <br><br> Plaintiffs/Relators, <br><br> v. <br><br> CITY OF KIRKWOOD, <br><br> Defendant, <br><br> and <br> BOARD OF ADJUSTMENT OF THE CITY OF KIRKWOOD, <br><br> Respondent. | Case No. 17-805 <br><br> REMOVAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant City of Kirkwood, Missouri and Respondent the Board of Adjustment of the City of Kirkwood (hereinafter jointly referred to as "Defendants"), through undersigned counsel, hereby remove the above-styled action, pending as Case No. 17SL-CC00078, from the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis to the United States District Court for the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of removal, Defendants state as follows:

2094806

## BACKGROUND

1. On or about January 3, 2017, Plaintiffs/Relators Marianist Province of the United States and St. John Vianney High School, Inc. ("Vianney" or jointly referred to as "Plaintiffs") filed a five-count petition (the "Petition") against Defendants in the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis, styled *Marianist Province of the United States., et al. v. City of Kirkwood, et al.*, Cause Number 17SL-CC00078 (the "State Court Action").

2. A copy of the Petition filed in the State Court Action is included in the attached Exhibit A.

3. The Petition in the State Court Action purports to assert two claims against the Defendants under the Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA"), 42 U.S.C. § § 2000cc–1 *et seq.* (*See* Ex. A, Pet., at ¶¶ 88-115.)

4. Plaintiffs allege that Defendants' actions of prohibiting Vianney from using lights and a sound system on its athletic fields, imposing conditions in Vianney's site plan, and denying Vianney's variance request for use of the athletic field lights, violated the equal terms and substantial burdens provisions of RLUIPA. (*See id.*) Plaintiffs also purport to state three claims pursuant to Missouri State statutes and the Missouri Constitution.

## REMOVAL IS PROPER

**I.     This Court has Subject-Matter Jurisdiction over the State Court Action Pursuant to 28 U.S.C. §§ 1331 and 1441.**

5. Pursuant to 28 U.S.C. § 1441(a), defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6. This Court has original, federal-question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because the action arises under RLUIPA, which is federal law.

7. Federal-question jurisdiction exists over an action when the plaintiff's complaint contains a claim arising under federal law. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. The Petition in the State Court Action asserts two claims against the Defendants under 42 U.S.C. § § 2000cc–1 *et seq.* based on Defendants' alleged violations of the equal terms and substantial burdens provisions of RLUIPA. (*See* Ex. A, Pet., at ¶¶ 88-115.)

9. Indeed, in their Petition, Plaintiffs title their third and fourth causes of action "Violation of the Religious Land Use and Institutionalized Persons Act" and expressly reference federal law and regulations therein. (*See* Ex. A, Pet., at pp. 16 and 19.)

10. Accordingly, the State Court Action arises under federal law and is removable pursuant to 28 U.S.C. §§ 1331, 1441.

## II. This Court has Supplemental Jurisdiction Over the Remaining State Law Clams Pursuant to 28 U.S.C. § 1367(a).

11. This Court has supplemental jurisdiction over the remaining state law claims alleged in Plaintiff's Petition pursuant to 28 U.S.C. § 1367(a), which grants federal district courts jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

12. Specifically, Plaintiff's remaining claims – seeking review of the BOA's denial of the lighting variance request, alleging that the Defendants' actions restricting Vianney from using the athletic field lights constitutes a wrongful appropriation of the property, and alleging imposition on Vianney's religious exercise in violation of the Missouri Religious Freedom Restoration Act – involve allegations that Defendants' actions taken in restricting Vianney's use of the athletic field lights violate various State laws and, thus, are inextricably related to their

3

claims that Defendants violated the RLUIPA by restricting Vianney's use of the lights and sound system on Vianney's athletic fields.

### III. Defendants Have Satisfied the Procedural Requirements for Removal under 28 U.S.C. § 1446 and the Local Rules of this Court.

13. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L. R. 2.03, Defendants attach hereto Exhibit A, which is a true and correct copy of all process, pleadings, orders and other documents which, as of the date this Notice of Removal is filed, are on file in the State Court Action.

14. Venue is proper in this Court because the State Court Action was filed in the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis and the United States District Court for the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the State Court Action] is pending." *See* 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.07(A)(1).

15. Removal is timely pursuant to 28 U.S.C. § 1446(b) because neither of the Defendants has been served with summons and the Petition in the State Court Action, and because this Notice of Removal is filed within thirty (30) days from February 8, 2017: the date on which Defendants' counsel entered on behalf of the Defendants in the State Court Action. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999) (thirty-day removal period does not begin to run until a defendant is formally served with summons and the complaint); *see also Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (same); *Young v. Flagstar Bank, F.S.B.*, No. 2:14-CV-04097-NKL, 2014 WL 3809201, at *1 (W.D. Mo. Aug. 1, 2014) (same).

16. Pursuant to 28 U.S.C. § 1446(d) and E.D. Mo. L.R. 2.03, after filing the instant Notice of Removal in this Court, the Defendants will promptly file proof of filing this Notice of Removal

with the Clerk of the Circuit Court of the County of St. Louis and proof of service on Plaintiffs' counsel of record in the State Court Action.

17. Pursuant to E.D. Mo. L.R. 2.02, Defendants attach hereto a completed Civil Cover Sheet and a completed Original Filing Form in the forms provided by and available from the Clerk of this Court. (*See* Completed Civil Cover Sheet, attached hereto as Exhibit B; Completed Original Filing Form, attached hereto as Exhibit C.) In addition, Defendants file concurrently herewith their Disclosure of Organizational Interests Certificate in the form provided by and available from the Clerk of Court.

18. Defendants, therefore, respectfully submit that this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

19. Nothing in this Notice of Removal constitutes an admission of any allegation in the Petition or a waiver of any defense, argument, or principle of equity available to the Defendants.

WHEREFORE, Defendants respectfully remove the State Court Action from the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis to this Court and request that the Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to the Defendants as it deems necessary and appropriate.

Dated:  March 1, 2017    Respectfully submitted,

**LEWIS RICE LLC**

By:        /s/ John M. Hessel
    John M. Hessel, #26408MO
    Jayme E. Major, #61379MO
    Sarah A. Milunski, #65112MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone:  314-444-7600
    Fax:  314-241-6056
    Email:  jhessel@lewisrice.com
            jmajor@lewisrice.com
            smilunski@lewisrice.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this  1st  day of  March,  2017, a true and correct copy of the foregoing document was sent to counsel of record via First Class Mail and addressed as follows:

Counsel for Plaintiffs/Relators:

Stephen L. Kling, Jr.
Michael P. Stephens
Sally M. Sinclair
Jenkins & Kling, P.C.
150 North Meramec Avenue, Ste 400
St. Louis, MO 63105

Daniel P. Dalton
Dalton & Tomich, PLC
The Chrysler House
719 Griswold Street, Ste 270
Detroit, MI 48226

                                              /s/ John M. Hessel