Electronically Filed - St.Louis County - January 03, 2017 - 04:31 PM

**17SL-CC00078**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| **MARIANIST PROVINCE OF THE UNITED STATES** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ST. JOHN VIANNEY HIGH SCHOOL, INC.** | ) | |
| | ) | |
| Plaintiffs/Relators, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| **CITY OF KIRKWOOD,** | ) | Division |
| Serve: *Hold Service* | ) | |
| *For Entry of Appearance* | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| **BOARD OF ADJUSTMENT OF THE CITY OF KIRKWOOD** | ) | |
| Serve: *Hold Service* | ) | |
| *For Entry of Appearance* | ) | |
| | ) | |
| Respondents. | ) | |

## VERIFIED PETITION

COME NOW Plaintiffs/Relators Marianist Province of the United States (*"**Marianist Province**"*),

and St. John Vianney High School, Inc. (*"**Vianney HS**"*) (sometimes collectively referred to hereinafter as

*"**Vianney**"*), by and through undersigned counsel, and for its Verified Petition against Defendant City of

Kirkwood, Missouri (the *"**City**"*), and Respondent Board of Adjustment of the City of Kirkwood (the

*"**Board of Adjustment**"*), states to this Honorable Court as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

#### Parties

1.　　At all relevant times herein, Marianist Province was and is a nonprofit corporation in good

standing, duly organized and existing pursuant to the laws of the State of Missouri, having its principal

**Exhibit A**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

place of business in St. Louis County, Missouri.

2.      At all relevant times herein, Vianney HS was and is a nonprofit corporation in good standing, duly organized and existing pursuant to the laws of the State of Missouri, having its principal place of business in St. Louis County, Missouri.

3.      At all relevant times herein, the City was and is a municipal corporation of the State of Missouri, having its principal place of business in St. Louis County, Missouri, and has framed and adopted a charter pursuant to the Missouri Constitution.

4.      At all relevant times herein, the Board of Adjustment was and is an administrative board of the City established and existing pursuant to the ordinances of the City and the statutes of the State of Missouri.

<u>**Venue and Jurisdiction**</u>

5.      The Board of Adjustment is empowered by the City's ordinances and applicable State law to hear and decide all matters referred to it or upon which it is required to pass under the City's zoning ordinance, including, without limitation, the authority to grant area or non-use variances which vary or modify the application of any of the regulations or provisions thereunder.

6.      This is an action against the City challenging the Board of Adjustment's denial of Vianney's variance request as arbitrary, capricious, unreasonable, invalid, illegal, ineffective, null and void, unconstitutional, ultra vires, and not supported by competent and substantial evidence and for violations of various state and federal statutes restricting Vianney's ability to use its property.

7.      Venue is proper in this judicial district because Vianney, the City and the Board of Adjustment are located in St. Louis County, Missouri pursuant to section 508.050, R.S.Mo.

8.      The Court has subject matter jurisdiction over the claims in this Verified Petition, pursuant to sections 536.100–536.150, 89.110 and 1.302, R.S.Mo., Article I, § 26 of the Missouri State Constitution, and 42 USC § 2000cc.

9.      Less than thirty (30) days have elapsed since the City, through the Board of Adjustment, denied Vianney's variance request.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

10.     A copy of this Verified Petition has been mailed to the Missouri Attorney General as required by Section 527.110, R.S.Mo.

11.     A copy of this Petition has been mailed by registered or certified mail to Ginny Hartman, Joe Hartman, Marilyn Murphy, David Mulcahy, Orville Bopp a/k/a Arnold Bopp, Leon Miller, David Howard, Lee Holloway, Dave Powell, Marianne Powell, Brian Brader, Vicky Rees, James Sembrot, Eugene Barr, Julie Mitchel, Skip Bright a/k/a Horace Bray, Ron Ryan, Patty Howard, John Nash, Steve Powell, Scott Pozzo and Amanda Pozzo, speakers of record in opposition at the Board of Adjustment hearings as reflected in the transcripts of such hearings, and by electronic mail to certain other speakers of record that spoke in favor of Vianney's variance request who have waived their rights to a physical mailing, pursuant to section 536.110.2, R.S.Mo.

12.     A copy of this Verified Petition has been mailed to the Board of Adjustment as required by Section  536.110.2, R.S.Mo.

**Facts**

13.     Vianney HS, recognized by the St. Louis Post-Dispatch as having one of the top athletic programs in the St. Louis County metro area, is located at 1311 South Kirkwood Road, Kirkwood, Missouri (the "***Property***").

14.     Marianist Province is the owner of the Property and Vianney HS is the leasehold owner pursuant to a long-term lease.

15.     Vianney HS is dedicated to forming young men for spiritual, academic and personal excellence in the Catholic, Marianist tradition.

16.     A core belief of the Marianist is fellowship through education and athletics.

17.     The Society of Mary, through serious research, consultation, and discussion involving lay and religious educators who work in Marianist educational ministries throughout the world, has developed five educational characteristics it pledges to uphold and promote in its institutions. These five characteristics are:

(a)     **Educate for formation in faith.**  Marianist schools help students to bear witness

3

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

with a personal and committed faith that touches the heart. They will help promote a faith-and-culture dialogue and form students in the gospel's values and Christian attitudes. In addition, Marianist schools will pledge to educate in a free and responsible style, which elicits a personal response to faith, and they will make present the example and influence of Mary as the first disciple.

(b)    **Provide an integral, quality education.** Marianist schools promote quality education of the whole person, providing a coherent curriculum and a well-formed professional staff and administration equipped with adequate supplies and finances. Marianist schools develop respect for the dignity of the person who has interior spirit and self-knowledge through athletics. In addition, Marianist schools develop in the students a concern for global and local issues of culture, ecology, and technology and they will foster a diverse faculty, staff, and student body while continuing to offer Mary as a model of integrity in relation to the realities of the world.

(c)    **Educate in family spirit.** Marianist schools create a favorable environment for education by helping to cultivate interpersonal relationships characterized by openness, respect, integrity, and dialogue through athletics. They form an educational community characterized by collaborative structures and processes and one, which expresses authority as a loving and dedicated service. In addition, Marianist schools will influence others by exhibiting the Marian traits of openness, hospitality, graciousness and faith.

(d)    **Educate for service, justice, and peace.** Marianist schools promote a missionary spirit and educate for solidarity as well as justice and peace. They attend to the poor, promote the dignity and rights of women, encourage the formation of Christian service groups, announce justice and denounce oppression.

(e)    **Educate for adaptation and change.** Marianist schools will educate to shape the future. They educate students to accept and respect differences in a pluralistic society by helping them develop critical thinking skills and by teaching them to be open and adaptable to local and global contexts through enculturation and interdisciplinary education. Finally, Marianist schools embrace Mary's fiat, "Do whatever he tells you", allowing them to be available to responding to the signs of the times in faith.

18.    The Property consists of approximately thirty-seven (37) acres used as a school campus for educational purposes, consisting of various school buildings, a track, a football stadium, and a sports field.

19.    An approximately four and one-half (4.5) acre parcel is used for the sports field at issue (the "*Sports Field Property*").

20.    Vianney HS is located adjacent to a single family residential neighborhood, has peacefully coexisted with its neighbors for fifty-six (56) years prior to the recent improvements to the Sports Field Property, and has not had complaints from neighbors prior to the recent improvements to the Sports Field

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Property.

21.     The City has adopted and published a zoning code in Appendix A of the City's Code of Ordinances governing certain uses of land within the City (the "***Zoning Code***").

22.     The Property is zoned R-3 Single Family, which allows school uses as a matter of right.

23.     The Zoning Code contains lighting regulations in Section 1040 (the "***Lighting Regulations***"). A true and correct copy of the Lighting Regulations is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "1"**.

24.     Section 1040.5 of the Lighting Regulations states that "the maximum illumination level for all lights at property lines adjacent to single-family residential uses shall be less than or equal to 0.1 footcandles (fc) at finished grade."

25.     The City has adopted sound regulations outside of the Zoning Code, which are found in Sections 17-36 and 17-37 of the City's Code of Ordinances (the "***Sound Regulations***"). A true and correct copy of the Sound Regulations is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "2"**.

26.     Section 17-36 of the Sound Regulations states that "[i]t shall be unlawful for any person to make, continue, or cause to be made or continued any loud, unnecessary or unusual noise or any noise which unreasonably or unnecessarily either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others in the city."

27.     Section 220 of the Zoning Code sets forth site plan review procedures and requirements and provides in pertinent part that site plan approval is required for construction of a new building or structure or structural modifications to the exterior of an existing structure (including additions) (the "***Site Plan Regulations***"). A true and correct copy of the Site Plan Regulations is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "3"**.

28.     Section 1110 of the Zoning Code sets forth procedures and requirements for the consideration of a variance request by the Board of Adjustment (the "***Board of Adjustment Regulations***").

29.     In 2012, in order to continue the athletic fellowship with the eighteen (18) other Catholic

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

high schools in the St. Louis area, and to remain competitive with other secular and private high schools in the St. Louis area in providing a broad base of education, Vianney engaged Stock & Associates Consulting Engineers, Inc. ("*Stock*") to prepare plans for improvements to the Sports Field Property, including a turf field, dugouts, batting cages, and fan viewing areas.

30.     The centerpieces of the newly designed and improved Sports Field Property were a modern field light system to enable Vianney's sports teams to play at night and an updated sound system for announcements and game enhancement.

31.     Early in 2015, Vianney engaged Musco Sporting Lighting, LLC ("*Musco*"), a nationally recognized sports lighting expert, to design the lighting plan for the Sports Field Property for the purpose of use for official competitive sports events.

32.     Musco prepared a photometric lighting plan for the Sports Field Property to safely light the field, but the illumination levels significantly exceeded the 0.1 footcandles maximum as noted in the Zoning Code in a few instances (the "*Preliminary Lighting Plan*").

33.     The restriction of 0.1 footcandles is an incredibly restrictive limitation, is generally inapplicable to sports field light usage, is inconsistent with other local municipal codes and practices permitting lighting for sports fields, and, as a result, denies Vianney of any meaningful use of the Lights (hereinafter defined) for competitive sporting events or otherwise and causes a complete loss of the funding for the Lights.

34.     In the spring of 2015, Vianney discussed with the City's City Attorney and the City Planner the lighting conformance issues and the possibility that a variance may need to be submitted to the City.

35.     On or about June 19, 2015, Stock, on behalf of Vianney, submitted a variance application to the City requesting the ability to use the Lights (hereinafter defined) in excess of the 0.1 footcandle requirement pursuant to the Preliminary Lighting Plan (the "*Original Variance Application*"). A true and correct copy of the Original Variance Application, including all attachments submitted in connection therewith, is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "4"**.

36.     On or about June 23, 2015, the City Planner, after consulting with the City Attorney,

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

informed Stock via email that a variance was not needed **and that Vianney could proceed with the project** in conformity with the Preliminary Lighting Plan, which provided for illumination levels in excess of the 0.1 footcandle requirement (the "*Authorizing Email*"). A true and correct copy of the Authorizing Email is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "5"**.

37.    In early October 2015, Vianney submitted to the City's Department of Public Works a lighting plan based upon the Preliminary Lighting Plan prepared by Musco (the "*2015 Lighting Plan*"). A true and correct copy of the 2015 Lighting Plan submitted to the City's Department of Public Works is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "6"**.

38.    On or about October 14, 2015, Vianney, through its general contractor, submitted to the Planning and Zoning Commission of the City of Kirkwood (the "*Planning and Zoning Commission*") for review and approval a site plan relating to improvements to the Sports Field Property as application number PZ-06-16 (the "*Site Plan*"). A true and correct copy of the Site Plan is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "7"**.

39.    On or about October 15, 2015, after submission of the 2015 Lighting Plan and the Site Plan to the City, the City issued a building permit (the "*Building Permit*") to Vianney covering the construction of "Ball Field Dugouts and Light Standards" on the Sports Field Property. A true and correct copy of the Building Permit is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "8"**.

40.    Shortly thereafter, based upon the assurances by City officials that a variance was not needed and the City's issuance of the Building Permit, Vianney purchased and installed the lights pursuant to the Lighting Plan at a cost to Vianney in excess of $235,000.00 (the "*Lights*"), scheduled additional games, and advertised the Sports Field Property and the ability to add additional freshmen teams for potential students.

41.    On or about January 11, 2016, TG Technologies installed the updated sound equipment for the Sports Field Property, including, without limitation, a mixer, a processor, an amp, six (6) speakers, a microphone, an equipment rack, and a rack power supply (collectively, the "*Sound System*"), all of which are portable and may or may not be temporarily affixed to light or other poles on the Sports Field Property.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

42.     Vianney intended to use the Sound System consistent with how Vianney historically and traditionally used its old sound system on the Sports Field Property, including, without limitation, for the following purposes: announcing line-ups, announcing batters and pitchers, and playing music, including "walk up" songs.

43.     Review of the Site Plan was delayed several times by the City on or after February 3, 2016 to finalize a landscaping plan and due to some neighbors' concerns regarding lighting, sound, and landscaping, and the deadline for the automatic approval of the Site Plan was extended consensually by Vianney several times.

44.     On or about February 11, 2016, immediately before the start of the high school baseball season, the City issued a letter prohibiting use of the Lights and the Sound System until a Site Plan was approved and all lighting met the 0.1 footcandle limitation (the "*Deprivation Letter*"). A true and correct copy of the Deprivation Letter is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "9"**.

45.     In connection with the Deprivation Letter, the City claimed it made a mistake in connection with approval of the 2015 Lighting Plan and the issuance of the Building Permit.

46.     On or about March 22, 2016, the City's Public Services Director stated in a letter to Vianney that "[i]t should be noted that the use of such audio systems is not under the purview of the City's Planning and Zoning Commission **as part of the site plan review process**." (emphasis added) (the "*Sound Letter*"). A true and correct copy of the Sound Letter is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "10"**.

47.     The Planning and Zoning Commission did not request specifications or information about the Sound System at any time nor did it make any sound studies or review and acknowledge there were no situations in which Vianney was deemed to be in violation of the Sound Regulations.

48.     While during initial testing of the Sound System there were a couple complaints by adjacent property owners, after adjustments of the Sound System there were none.

49.     The Planning and Zoning Commission considered the Site Plan at a series of meetings

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

beginning in November 2015.

50.     Despite Vianney's requests for the City to amend its Lighting Regulations to allow a greater illumination level under appropriate conditions for sports fields or to facilitate some compromise with neighboring residents, the City took no action to do so.

51.     On or about August 17, 2016, at a scheduled meeting of the Planning and Zoning Commission, the Planning and Zoning Commission discussed the Site Plan, noted that issues concerning lighting, sound levels, and landscaping remained, and continued the discussion to the next meeting of the Planning and Zoning Commission.

52.     Prior to the next meeting of the Planning and Zoning Commission, Vianney, through its attorney, informed the City's City Attorney that Vianney did not believe the City has the right to impose restrictions on the lights or the sound system as part of the site plan approval process.

53.     On or about September 1, 2016, Vianney submitted a new photometric lighting plan meeting the 0.1 footcandle requirement and allowing only twenty-five (25) of the sixty-six (66) lights to be used, which does not safely permit the use of the Sports Field Property for any official competitive sports events.

54.     On or about September 1, 2016, Vianney submitted a revised landscaping plan incorporating the visual and sound buffering items requested by the Planning and Zoning Commission.

55.     The Planning and Zoning Commission required various additional changes to the landscaping plan submitted by Vianney related to visual and sound buffering, and Vianney thereafter submitted a revised landscaping plan to add further trees based upon the joint recommendation of Vianney's landscaper and the City forester.

56.     On or about September 7, 2016, at a scheduled meeting of the Planning and Zoning Commission, the Planning and Zoning Commission approved the Site Plan (subject to adding even more trees to the landscaping plan over and above the previous recommendation by the City's forester providing a further site and sound buffer), and adopted the following pertinent conditions set forth in the draft Subcommittee Report dated September 7, 2016 (the "*Subcommittee Report*") and presented at the meeting

9

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

(hereinafter, the "*Site Plan Conditions*"):

      (a)     the lights may be used for athletic practices or games only;

      (b)     the lights may only be used during the hours of 7:00 a.m. to 10:00 p.m. June 1st – August 15th, and between the hours of 7:00 a.m. and 9:00 p.m. August 16th – May 31st;

      (c)     the speakers and sound system may not be used more than thirty (30) minutes prior to a scheduled athletic event and shall be limited to the playing of the national anthem, general pre-game announcements, such as for team lineups, and in no event shall the sound system be utilized for the playing of music, play-by-play announcing, or athletic practices; and

      (d)     the speakers and sound systems may only be used during the hours of 7:00 a.m. to 10:00 p.m. June 1st – August 15th, and between the hours of 7:00 a.m. and 9:00 p.m. August 16th – May 31st.[1]

A true and correct copy of the Subcommittee Report is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "11"**.

     57.     The Site Plan Conditions prevent any meaningful nighttime or daytime use of the Sound System, such as for gym activities, intramurals, band practice and other group activities, and any realistic use of the Lights for periods of time while it is dark, and are facially arbitrary and unreasonable.

     58.     The Site Plan Conditions impact the ability of the members of Vianney's sports teams to enjoy the customary and prevalent "ball park" experience for high school sports which entails playing games under the lights at night in front of their peers with typical announcements and music.

     59.     On or about September 29, 2016, Vianney submitted another revised landscaping plan to the City and was informed by the City that two adjustments to the landscaping plan needed to be made, which Vianney incorporated in a further revised landscaping plan submitted to the City by Vianney on or about October 3, 2016.

     60.     On October 6, 2016, Vianney filed a lawsuit against the City and the members of the Planning and Zoning Commission styled as <u>Marianist Province et al. v. City of Kirkwood et al.</u> bearing

---

1 The stated conditions are taken from a copy of the draft subcommittee report provided to Vianney and orally approved on September 7, 2016 since no formal written approval with enumerated conditions has yet been received by Vianney.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

case no. 16SL-CC03734 in the Circuit Court of St. Louis County, alleging that the Planning and Zoning Commission's approval of the Site Plan with the Site Plan Conditions was arbitrary, capricious, unreasonably, invalid, illegal, ineffective, null and void, unconstitutional, ultra vires, and not supported by competent and substantial evidence.

61.     On or about October 6, 2016, Vianney submitted a variance request to the Board of Adjustment requesting use of the Lights in excess of the 0.1 footcandle requirement in accordance with the 2015 Lighting Plan (the "*Variance*") to allow use of the Sports Field Property for competitive sports. A true and correct copy of the Variance is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "12"**.

62.     On or about October 18, 2016, Vianney substituted for the 2015 Lighting Plan an improved lighting plan dated October 16, 2016 for consideration by the Board of Adjustment on the pending Variance (the "*October 2016 Lighting Plan*"). A true and correct copy of the October 2016 Lighting Plan is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "13"**.

63.     The October 2016 Lighting Plan measured property line illumination levels three (3) feet above grade and provided that only three (3) residential properties abutting the Sports Field Property had illumination levels exceeding the 0.1 footcandle requirement, with the highest illumination level occurring at only one point on the photometric contained within the October 2016 Lighting Plan at a level of 1.3 footcandles (fc).

64.     On November 28, 2016, Vianney substituted for the October 2016 Lighting Plan an improved lighting plan dated November 28, 2016 for consideration by the Board of Adjustment on the pending Variance (the "*November 2016 Lighting Plan*"). A true and correct copy of the November 2016 Lighting Plan is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "14"**.

65.     The November 2016 Lighting Plan measured property line illumination levels at grade and provided that only (3) residential properties abutting the Sports Field Property had illumination levels exceeding the 0.1 footcandle requirement, with the highest illumination level occurring at only one point on the photometric contained within the November 2016 Lighting Plan at a level of 1.2 footcandles (fc).

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

66.     The Variance application included the following self-imposed conditions and restrictions on Vianney's use of the Lights (hereinafter, the "***Proposed Variance Conditions***"):

(a)     During the periods of November 15 to March 14 and June 1 to August 31 of each calendar year, the lights shall not be turned on at any time;

(b)     Lights shall not be turned on any Sunday during the entire calendar year;

(c)     During the periods of March 15 to May 31 and September 1 to November 14 of each year, the lights shall be completely turned off no later than 9:00 p.m., except: (i) one light standard shall be permitted to remain turned on for a reasonable time thereafter to allow for the safe exit of players and visitors, and (ii) Vianney shall be granted ten (10) exceptions during the period of use to extend the light usage until 10:00 p.m. in circumstances of a late start, inclement weather delay, or other unforeseen acts of God, unsafe conditions or unique situations;

(d)     Use of the sound system shall comply with Section 17-36 of the City Code of Ordinances. The sound system shall not be used later than 9:00 p.m., except that Vianney shall be granted ten (10) exceptions during the period of use to extend the sound system usage until 10:00 p.m. in circumstances of a late start, inclement weather delay, or other unforeseen acts of God, unsafe conditions or unique situations. No music shall be played after 7:15 p.m., except that the National Anthem shall be permitted to be played on the sound system at the beginning of games commencing after such time;

(e)     Vianney shall utilize a maximum of four (4) speakers (reduced from an available six (6) speakers);

(f)     Vianney is willing to lower the location of the speakers on the poles on which they are mounted if requested by the City or neighboring property owners;

(g)     Vianney shall use all reasonable efforts to encourage visitors not to park on neighboring streets located in the Geyer Forest, Forest Glen, and Oakshire Estates Subdivisions and not to utilize such subdivisions as a means to access the Vianney field; and

(h)     For the few properties for which lighting at the property line exceeds 0.1 footcandles (fc) at finished grade, Vianney shall provide a one-time allowance of $2,000.00 to provide for additional landscaping on the affected property owner's property, the type and placement of which shall be as reasonably requested by the owner and for blinds, awnings and window treatments.

67.     The Proposed Variance Conditions further restrict Vianney's use of the Lights and provide a benefit for the residential neighbors abutting the Sports Field Property compared to the Site Plan Conditions.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

68.     On November 14, 2016, the Board of Adjustment conducted its first hearing on the Variance, Vianney was permitted to present testimony in favor of granting the Variance, and numerous exhibits of evidence in support of the Variance were introduced into the record.

69.     The Board of Adjustment continued discussion of the Variance to a November 28, 2016 special hearing and the Board of Adjustment requested that Vianney resubmit a lighting plan with property line illumination levels measured at grade in accordance with the requirements of the Lighting Ordinance, which was completed on the November 2016 Lighting Plan.

70.     On November 28, 2016, the Board of Adjustment conducted its second hearing on the Variance, supporters of the Variance and residents of the City in opposition of the Variance were permitted to testify, and the Board of Adjustment further continued discussion of the Variance to a December 5, 2016 special hearing.

71.     On December 5, 2016, the Board of Adjustment conducted its final hearing on the Variance, finished hearing the testimony of residents in opposition of the Variance, and allowed Vianney to present arguments and testimony in rebuttal of the opposition.

72.     On December 5, 2016, at the conclusion of the final hearing, the Board of Adjustment voted to deny the Variance by a vote of 5 to 0 (the "*Variance Denial*").

73.     Prior to the Variance Denial, on or about November 10, 2016, the City sent Vianney a letter informing it that third party use of the Sports Field Property constitutes a recreational field use and requires a special use permit (the "*Use Determination Letter*") despite Vianney permitting third party use for fifty-six (56) years. A true and correct copy of the Use Determination Letter is attached hereto and incorporated herein by reference as Plaintiff's **Exhibit "15"**.

74.     Vianney has used the Sports Field Property with third parties for fifty-six (56) years in order to further its mission, evangelize, attract students, and pay for the maintenance, repairs and replacements of the Sports Field Property as well as to be consistent with other schools in the area, all of which allow third parties to use their facilities. Such historic third-party uses include, but are not limited to, the following:

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

    (a)      Grade school use;

    (b)      Grade school age events;

    (c)      Partner high school use;

    (d)      Partner program use with local universities;

    (e)      Youth athletic club use;

    (f)      Charitable events; and

    (g)      Donor and alumni connections.

75.      During the permit approval process and the site plan review process in the fall of 2015, and at other times, City officials, in response to inquiries by Vianney, made statements that Kirkwood High School, a public high school located in the City, is not subject to the City's Zoning Code (presumably pursuant to Article XI, Section 1(a) of the Missouri Constitution, Section 177.073, R.S.Mo. and court interpretations of Section 89.020, R.S.Mo.).

<div align="center">

**COUNT I**
**Administrative Review (Variance) – Section 89.110, R.S.Mo.**

</div>

COMES NOW Vianney and for Count I of its Verified Petition against the City and the Board of Adjustment states to this Honorable Court as follows:

76.      Vianney realleges, restates and incorporates by reference each and every allegation contained in the Allegations Common to All Counts as if more fully set forth herein.

77.      The Variance Denial is arbitrary, capricious, unreasonable, invalid, illegal, ineffective, null and void, unconstitutional, ultra vires, not supported by competent and substantial evidence, and involves an abuse of discretion for the following reasons:

    (a)      the Variance Denial was not based upon substantial and competent evidence and there was no rational basis for the Variance Denial;

    (b)      the Variance Denial violated Vianney's rights under RLUIPA, 42 U.S.C. § 2000cc *et seq.*

    (c)      the Variance Denial violated Vianney's rights under Section 1.301, R.S.Mo.

78.      Vianney has exhausted all of its administrative remedies.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

79.     Vianney has no adequate remedy at law.

WHEREFORE, Vianney prays that this Honorable Court enter judgment on Count I of its Petition in favor of Vianney and against the City and the Board of Adjustment to:

(a)     Review the record to determine whether Defendant City's Variance Denial is supported by competent and substantial evidence and in accordance with its Zoning Code;

(b)     Enter its order finding the Variance Denial is arbitrary, capricious, unreasonable, invalid, illegal, ineffective, null and void, unconstitutional, ultra vires, and not supported by competent and substantial evidence;

(c)     Grant Plaintiff such other and further relief as the Court deems equitable, just and proper.

## COUNT II
### Inverse Condemnation – Article I, § 26 of the Missouri Constitution

COMES NOW Vianney and for Count II of its Verified Petition against the City states to this Honorable Court as follows:

80.     Vianney realleges, restates and incorporates by reference each and every allegation contained in the Allegations Common to All Counts and Count I as if more fully set forth herein.

81.     Article I, § 26 of the Missouri Constitution states that "private property shall not be taken or damaged for public use without just compensation."

82.     The City possesses the power of eminent domain.

83.     Based on the repeated assurances of the City that a variance was not needed by Vianney in the summer and fall of 2015, and the City's issuance of a building permit for light standards in October 2015, Vianney purchased and installed the Lights on the Sports Field Property.

84.     After Vianney had purchased and installed the Lights and the Sound System, the City reversed its approval of the Lights when it sent Vianney the Deprivation Letter stating that Vianney was prohibited from using the Lights until Vianney's Site Plan for the Sports Field Property was approved.

85.     After a prolonged series of meetings of the City's Planning and Zoning Commission, on September 7, 2016, the Planning and Zoning Commission approved the Site Plan with a number of

Electronically Filed - St. Louis County - January 03, 2017 - 04:31 PM

restrictions and conditions on Vianney's use of the Lights and Sound System, including a restriction prohibiting Vianney from using the Lights at an illumination level to allow for safe play of sporting events.

86.     Vianney later applied to the City's Board of Adjustment for a variance to allow Vianney to use the Lights at an illumination level that would allow for the safe play of sporting events, but the Board of Adjustment denied the variance on December 5, 2016.

87.     The foregoing actions of the City constitute a wrongful appropriation of the Sports Field Property and a deprivation of Vianney's use of the Lights resulting in damage to Vianney.

WHEREFORE, Vianney prays that this Honorable Court enter judgment on Count II of its Petition in favor of Vianney and against the City to enter judgment in favor of Plaintiff and against the City in the sum of no less than $235,000.00 and for such other and further relief as the Court deems equitable, just and proper.

<div align="center">

**COUNT III**
**Violation of the Religious Land Use and Institutionalized Persons Act**
**Equal Terms Claim 42 U.S.C. § 2000cc(b)(1)**
**As-Applied**

</div>

COMES NOW Vianney and for Count III of its Verified Petition against the City states to this Honorable Court as follows:

88.     Vianney realleges, restates and incorporates by reference each and every allegation contained in the Allegations Common to All Counts and Counts I through II as if more fully set forth herein.

89.     In order to prevail on an equal terms claim under RLUIPA, Vianney must demonstrate four elements: (1) a religious assembly or institution, (2) subject to a land use regulation, that (3) treats the religious assembly on less that equal terms with (4) a nonreligious assembly or institution. *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cnty*, 450 F.3d 1295, 1307 (11th Cir. 2006) (citing 42 U.S.C. § 2000cc(b)(1)).

90.     While the Eighth Circuit Court of Appeals has not decided a RLUIPA land use case, the Eleventh Circuit has held that an equal terms violation is subject to strict scrutiny, meaning the government's conduct will be upheld only if the government can establish that its conduct was narrowly

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

tailored in order to achieve a compelling governmental interest. *Midrash Sephardi*, 366 F.3d at 1232 (citing *Lukumi*, 508 U.S. at 546).

91.     The Eleventh Circuit recognizes three separate potential equal terms violations: "(1) a statute that facially differentiates between religious and nonreligious assemblies or institutions; (2); a facially neutral statute that is nevertheless "gerrymandered" to place a burden solely on religious, as opposed to nonreligious, assemblies or institutions," or (3) a truly neutral statute that is selectively enforced against religious, as opposed to nonreligious assemblies or institutions."

92.     With respect to the as-applied challenge, the first type of violation is at issue.

93.     Vianney is a religious assembly subject to City's Zoning Code.  Accordingly, Vianney has met the first two prongs of RLUIPA.

94.     The City's Zoning Code and map provide that a private religious school with all of its attendant uses, including athletic fields, is an appropriate use of land.

95.     Vianney properly secured outdoor lighting from the City and constructed light towers for the Sports Field Property.

96.     The City, however, denied Vianney's ability to use the Sports Field Property for its intended purpose through the City's application of the Zoning Code, by prohibiting Vianney from using the Lights and Sound System pursuant to the Deprivation Letter, by imposing the various Site Plan Conditions, by denying Vianney's variance request for use of the Lights, and by prohibiting Vianney from allowing third parties to use its facilities pursuant to the Use Determination Letter (collectively, the "***Equal Terms Violations***").

97.     In engaging in the Equal Terms Violations, the City has essentially shut down the Sports Field Property, failed to provide a compelling governmental interest in shutting down the Sports Field Property, and failed to narrowly tailor a remedy to neighbor concern in order to achieve a compelling governmental interest.

98.     The City has several other athletic fields within its boundaries that have adequately lighted athletic fields, including, but not limited to, athletic fields of Kirkwood High School, which is allowed to

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

light its fields without restrictions.

99.     The Equal Terms Violations, including, without limitation, the Board of Adjustment's denial of Vianney's variance for lighting on the Sports Field Property, while allowing athletic parks as of right and other secular assemblies in the same zoning district, has resulted in an as-applied violation of the equal terms provision RLUIPA as it has treated Vianney on less than equal terms with non-religious assemblies or institutions and the City has not demonstrated a compelling governmental interest in doing so.

100.     Accordingly, the City has violated Vianney's rights recognized under federal law as contained in 42 USC § 2000cc(b)(1) (equal terms) of RLUIPA.

101.     As a direct result of the City's violations of Vianney's rights under 42 USC § 2000cc(b) of RLUIPA, as alleged above, Vianney is suffering irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Vianney prays that this Honorable Court enter judgment on Count III of its Petition in favor of Vianney and against the City to:

(a)     Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

(b)     Pursuant to 28 U.S.C. § 2201, declare the decision by City to deny Vianney a variance and otherwise restrict Vianney pursuant to the Equal Terms Violations to be in violation of the Religious Land Use and Institutionalized Persons Act;

(c)     Pursuant to 28 U.S.C. § 2202, 42 U.S.C. § 1983, 42 U.S.C. § 2000cc-4 and 71 P.S. § 2401, permanently enjoin the City from denying Vianney full use of the Sports Field Property without restrictions;

(d)     Pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000cc-4(d), and other applicable law, award Vianney its reasonable attorneys' fees, costs; and

(e)     Grant Vianney such other and further relief as the Court deems equitable, just and proper.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**COUNT IV**
**Violation of the Religious Land Use and Institutionalized Persons Act**
**Substantial Burden Claim - 42 U.S.C. § 2000cc(a)**
**As-Applied Challenge**

COMES NOW Vianney and for Count IV of its Verified Petition against the City states to this Honorable Court as follows:

102.    Vianney realleges, restates and incorporates by reference each and every allegation contained in the Allegations Common to All Counts and Counts I through III as if more fully set forth herein.

103.    Congress provided in Section 2(a)(1) of RLUIPA statutory protections for "religious exercise" as follows:

> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution * * * is in furtherance of a compelling government interest [and] is the least restrictive means of furthering that compelling government interest.

> 42 U.S.C. 2000cc(a)(1).

104.    While Congress did not define the term "substantial burden" in the Act, Congress included the definition "religious exercise" to broadly include:

> "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," and specifies that the "use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose."

> 42 U.S.C. 2000cc-5(7).

105.    Congress further directed that RLUIPA should be, "construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. 2000cc-3(g).

106.    The "substantial burden" provision of RLUIPA applies when (1) the burden is imposed in a program that receives federal financial assistance; (2) the imposition or removal of the burden affects

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

interstate commerce; or (3) the burden is imposed in a system in which a government makes individualized assessments about how to apply a land use regulation. 42 U.S.C. 2000cc(a)(2)(A), (B), and (C).

107.     Assemblies and institutions are substantially burdened for purposes of RLUIPA if, given the totality of the circumstances, when a land-use regulation or decision actually and substantially inhibits religious exercise. *Midrash Sephardi, Inc. v. Town of Surfside,* 366 F.3d 1214 (11th Cir. 2004).

108.     Under the *Midrash* interpretation of RLUIPA, a land use decision that prevents a religious institution from building facilities necessary to meet its religious needs and those of its members imposes a substantial burden on that institution.

109.     The City applied its Zoning Code, which is a land use regulation, to the Property resulting in an individual assessment of Vianney's proposed uses of the Property for religious assembly and a lighted athletic field.

110.     The City, through its Board of Adjustment, has the discretion to approve or deny a variance.

111.     The decisions of the City to engage in the Equal Terms Violations substantially inhibit religious exercise by preventing Vianney, a religious institution, from building facilities necessary to meet its religious needs and those of its members imposes a substantial burden on that institution and thus amounts to a "substantial burden" as set forth in 42 U.S.C. 2000cc (a)(1).

112.     These decisions of the City to engage in the Equal Terms Violations were not made in furtherance of a compelling governmental interest, nor were they the least restrictive means of furthering any compelling governmental interest.

113.     Accordingly, the City has imposed a "substantial burden" on Vianney's rights by denying it the ability to use the Property for religious assembly as recognized under the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc(a)(1).

114.     As a direct result of the City's violations of Vianney's rights protected under 42 USC § 2000cc(a) of RLUIPA resulting in Vianney suffering irreparable harm for which there is no adequate remedy at law.

115.     Furthermore, as a direct result of the City's violations of Vianney's rights under 42 U.S.C.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

§ 2000cc(a) of RLUIPA as alleged above, Vianney has suffered and is entitled to recover equitable relief, costs, and attorneys' fees.

WHEREFORE, Vianney prays that this Honorable Court enter judgment on Count IV of its Petition in favor of Vianney and against the City to:

(a)    Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

(b)    Pursuant to 28 U.S.C. § 2201, declare the decision by City to deny Vianney a variance and otherwise restrict Vianney pursuant to the Equal Terms Violations to be in violation of the Religious Land Use and Institutionalized Persons Act;

(c)    Pursuant to 28 U.S.C. § 2202, 42 U.S.C. § 1983, 42 U.S.C. § 2000cc-4 and 71 P.S. § 2401, permanently enjoin the City from denying Vianney full use of the Sports Field Property without restriction;

(d)    Pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000cc-4(d), and other applicable law, award Vianney its reasonable attorneys' fees, costs; and

(e)    Grant Vianney such other and further relief as the Court deems equitable, just and proper.

## COUNT V
### Violation of Missouri Religious Freedom Restoration Act
### Section 1.302, R.S.Mo.

COMES NOW Vianney and for Count V of its Verified Petition against the City states to this Honorable Court as follows:

116.    Vianney realleges, restates and incorporates by reference each and every allegation contained in the Allegations Common to All Counts and Counts I through IV as if more fully set forth herein.

117.    The Missouri Religious Freedom Restoration Act ("**RFRA**") protects organizations and individuals from government-imposed restrictions on religious exercise.

118.    Under RFRA, government entities cannot restrict another entity's religious exercise, even if the restriction results from a rule of general applicability, unless the government entity demonstrates the burden it has imposed furthers a compelling governmental interest and is not unduly restrictive considering

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

the relevant circumstances.

119.     Vianney's use of the Property for lighted athletic fields is a function of its religious beliefs, and its intention to continue to use the Property for this purpose, is itself religious exercise by Vianney.

120.     The decisions by the City to engage in the Equal Terms Violations have imposed and continue to impose undue restrictions on Vianney's religious exercise.

121.     The undue restrictions the City has imposed and continues to impose on Vianney's religious exercise are not essential to a compelling governmental interest.

122.     As a direct result of the City's violation of Vianney's rights under Section 1.302, R.S.Mo., as alleged above, Vianney is suffering irreparable harm for which there is no adequate remedy at law, and Vianney is entitled to recover equitable relief, compensatory and nominal damages, and costs.

WHEREFORE, Vianney prays that this Honorable Court enter judgment on Count IV of its Petition in favor of Vianney and against the City to:

(a)     Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

(b)     Declare the decision by City to deny Vianney a variance and otherwise restrict Vianney pursuant to the Equal Terms Violations to be in violation of the Religious Freedom Restoration Act;

(c)     Permanently enjoin the City from denying Vianney full use of the Sports Field Property without restriction;

(d)     Award Vianney its reasonable attorneys' fees and costs; and

(e)     Grant Vianney such other and further relief as the Court deems equitable, just and proper.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Respectfully submitted,

JENKINS & KLING, P.C.


By: ___/s/ Stephen L. Kling, Jr._____
        Stephen L. Kling, Jr. #29250
        Michael P. Stephens  #37491
        Sally M. Sinclair #66229
        150 North Meramec Avenue, Suite 400
        St. Louis, MO 63105
        (314) 721-2525 ph.
        (314) 721-5525 fax
        skling@jenkinskling.com
        mstephens@jenkinskling.com
        ssinclair@jenkinskling.com

*Lead Attorneys for Plaintiff*


       and


DALTON & TOMICH, PLC


By: ___/s/  Daniel P. Dalton_____
        *Pro Hac Vice pending:*
        *Michigan Bar No. P 44056*
        The Chrysler House
        719 Griswold Street, Suite 270
        Detroit, MI  48226
        Tel. (313) 859-6000
        ddalton@daltontomich.com

*Attorney for Plaintiff as to the RLUIPA and
Constitutional Claims, only*

23

Electronically Filed - St. Louis County - January 03, 2017 - 04:31 PM

## VERIFICATION

STATE OF MISSOURI          )
                           ) SS
COUNTY OF ST. LOUIS        )

I, Michael Loyet, being first duly sworn, upon oath state that I am the President of St. John Vianney High School, Inc., and in my capacity as President, and as otherwise authorized on behalf of Plaintiffs, I have read the above and foregoing Verified Petition and that the facts stated therein are true and correct.

_____
Michael Loyet

Subscribed and sworn before me, a notary public in and for the State of Missouri, this __3 rd__ day of January, 2017.

_____
Notary Public

My Commission Expires:

ELAINE SCHNUR
Notary Public, Notary Seal
State of Missouri
Jefferson County
Commission # 14631242
My Commission Expires November 02, 2018

24

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**17SL-CC00078**

Article X.                                                                    Performance Standards

## Section A-1040: Lighting Regulations

1040.1:  *Purpose.* This section provides development standards intended to strike a balance of safety and aesthetics by providing lighting regulations that protect drivers and pedestrians from glare and reduce to reasonable limits the trespass of artificial lighting onto neighboring properties and public or private rights-of-way.

1040.2:  *Applicability.* The following lighting regulations apply to all new outdoor lighting fixtures or the replacement of existing outdoor lighting fixtures within the City of Kirkwood unless specifically listed in subsection 1040.3. Any (1) new building or addition equal to or greater than 50 percent of the square footage of the original structure's footprint or (2) renovation equal to or greater than 50 percent of the appraised value of the improvements on the property as determined by the St. Louis County Assessor's Office shall require the entire site to comply with the requirements of this Section. If the development includes more than one parcel this Section shall apply to each parcel individually and not the development as a whole. All uses which require a Special Use Permit, whether lighting is existing or proposed, will be subject to review by the Planning and Zoning Commission and City Council. Outdoor lighting shall include all exterior lighting including lights mounted onto a building or structure.

1040.3:  *Exceptions.* The following shall be exempt from the regulations of this Section.

   (1)   Lighting required by the FAA for air traffic control and warning purposes
   (2)   Flagpole vertical up-lighting
   (3)   Lighting in the public or private right-of-way installed by a governmental agency for traffic control
   (4)   Lighting installed by a governmental agency for the health, safety and welfare of the public
   (5)   Electronic or back-lit signage (all signage is subject to Municipal Code of Ordinances Chapter 5, Article I ½, "Sign Code")
   (6)   Temporary lighting as part of an approved temporary outdoor use permit
   (7)   Temporary lighting for emergency repair
   (8)   Lighting for single-family residential uses and their accessory structures

1040.4:  *General Standards.*

   (1)   Submittal requirements. All applications submitted to the Planning and Zoning Commission that are subject to subsection 1040.2, shall submit a Lighting Plan in conjunction with the submittal application. All other applications that are not subject to Planning and Zoning Commission review yet are subject to subsection 1040.2, shall submit a Lighting Plan in conjunction with the administrative site plan

**EXHIBIT "1"**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**Article X.**                                             Performance Standards

review and building permit application.  The Lighting Plan shall be signed and sealed by a registered design professional and include the following:

a.    Plans indicating the location and type of all illuminating devices, fixtures, lamps, and supports on the premises.

b.    Description of the illuminating devices, fixtures, lamps, supports and other devices including, but not limited to, catalog cut sheets by manufacturers and drawings.

c.    Photometric plan indicating the point-by-point footcandle (fc) layout of a site extending ten feet beyond all property lines

(2)    Pole mounted fixtures.

a.    Pole-mounted lighting fixtures located equal to or less than 20 feet from a property line shall not exceed 16 feet in height, measured from the finished grade to the top of the fixture.  The height of any pedestals upon which pole fixtures are placed shall be included in the overall height measurement.

b.    Pole-mounted lighting fixtures located greater than 20 feet from a property line shall not exceed 24 feet in height, measured from the finished grade to the top of the fixture.  The height of any pedestals upon which pole fixtures are placed shall be included in the overall height measurement.

c.    Pole-mounted lighting fixtures for outdoor performance areas, sport and recreation facilities and playfields shall not exceed 80 feet in height, measured from the finished grade to the top of the fixture.  The height of any pedestals upon which pole fixtures are placed shall be included in the overall height measurement.

(3)    Canopies, including but not limited to, service stations and convenience stores, canopies over store and office fronts, marquees and projecting overhangs, exterior canopies over driveways and building entrances, and pavilions and gazebos, shall provide recessed fixtures that incorporate a lens cover that is either recessed or flush with the bottom surface of the canopy or a surface-mounted fixture incorporating a flat glass that provides full cut-off.

(4)    Except for outdoor performance areas, sport and recreation facilities and playfields, all lighting fixtures installed shall be at a minimum full cut-off where no light is permitted at or above a horizontal plane at the bottom of the fixture.

(5)    Where topographical issues exist which may cause light to cast on neighboring properties additional shielding requirements may be required.

(6)    The Planning and Zoning Commission and/or City Council may require lighting to be dimmed or connected to a motion detector during certain hours of the day depending on the proposed use.

(7)    Lighting intended to illuminate building elevations and landscaping shall shine directly onto the intended surface.

Article X.                                                                                              Performance Standards

(8)    Minimum illumination levels shall be maintained in accordance with subsection 1040.5.

(9)    Prior to the issuance of an Occupancy Permit an as-built photometric plan signed and sealed by a registered design professional shall be submitted to the Office of the Building Commissioner for verification of compliance with the approved Lighting Plan.

(10)   All lighting fixtures shall be installed and maintained in conformance with the approved Lighting Plan.

**1040.5:    *Illumination Levels.***

(1)    Minimum Illumination Levels. Site lighting shall be in compliance with the following minimum illumination levels:

   a.    The maintained minimum illumination level for parking lots shall be 1.0 footcandles (fc) at finished grade.

   b.    The maintained minimum illumination level for pedestrian routes, refuge areas, sidewalks, etc. shall be 2.0 footcandles (fc) at finished grade.

(2)    Maximum Illumination Levels.  Site lighting shall be in compliance with the following maximum illumination levels:

   a.    The maximum illumination level at property lines shall be less than or equal to 0.5 footcandles (fc) at finished grade.

   b.    The maximum illumination level at property lines adjacent to single-family residential uses shall be less than or equal to 0.1 footcandles (fc) at finished grade.

   c.    The maximum illumination level under canopies shall be less than or equal to 42 footcandles (fc) at finished grade.

## Section A-1050: Devices for the Generation of Energy

**1050.1:    *Purpose.***  This section promotes the safe, effective and efficient use of photovoltaic (PV) and small wind energy systems installed to reduce the on-site consumption of utility supplied energy while protecting the health, safety and welfare of adjacent and surrounding land uses.  Both PV and small wind energy systems are permitted as accessory uses as prescribed in each Zoning District.  These systems may be used to provide supplemental energy to the site on which they are installed or to sell to a utility company only. In no district shall PV and small wind energy systems be permitted as a principal use on site.

**1050.2:    *Applicability.***  This section applies to all PV and small wind energy systems installed within the City of Kirkwood after the effective date of this Code.  Any upgrades, modifications or changes that materially alter the size or placement of an existing PV or small wind energy system shall comply with the provisions of this Section.

---

17SL-CC00078

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

## OFFENSES—MISCELLANEOUS

No keeper of a place of public resort shall permit any breach of the peace or disturbance of public order or decorum by noisy, riotous and disorderly conduct on his premises, when it is in his power to prevent it. (Gen. Ords. 1959, §52.06)

**Sec. 17-32.  Disturbing religious worship, or other lawful assemblages.**

(a)    No person shall disquiet or disturb any congregation or assemblage met for religious worship by making a noise or by rude or indecent behavior, or profane discourses within their place of worship, or so near the same as to disturb the order or solemnity of the meeting.

(b)    No person shall disturb any lawful assemblage of persons by rude or indecent behavior. (Gen. Ords. 1959, §§52.07, 52.08)

**Secs. 17-33, 17-34.  Reserved.**

Editor's note—Sections 17-33 and 17-34, pertaining to loitering and vagrancy, and derived from Gen. Ords. 1959, §§52.07, 52.32, were repealed by Ord. No. 7007, §1, enacted March 3, 1983.

**Sec. 17-35.  Obstructing public ways by loitering.**

It shall be unlawful for any person, after first being warned by a law enforcement officer, or where a "no loitering" sign or signs have been posted, to loiter, stand, sit or lie in or upon any public or quasi-public sidewalk, street, curb, crosswalk, walkway area, mall or that portion of private property utilized for public use, so as to hinder or obstruct unreasonably the free passage of pedestrians or vehicles thereon; nor shall any person block or obstruct, or prevent the free access to the entrance to any building open to the public. (Ord. 8260, 11-4-93)

**Sec. 17-36.  Disturbing noises prohibited.**

It shall be unlawful for any person to make, continue or cause to be made or continued any loud, unnecessary or unusual noise or any noise which unreasonably or unnecessarily either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others in the city.  The provisions of this section shall not apply to or be enforced against:

(a)    Any vehicle of the city while engaged in necessary public business.

(b)    Excavations or repairs of streets by or on behalf of the city, county or state at night when public welfare and convenience renders it impossible to perform such work during the day.

(c)    The reasonable use of amplifiers or loudspeakers in the course of public addresses which are noncommercial in character.

**Sec. 17-37.  Conduct constituting disturbing noises.**

The following activity, among others, shall constitute a violation of Section 17-36, but such enumeration shall not be exclusive:

(a)    *Horns, signaling devices, etc.*  The sounding of any horn or signaling device on any automobile, motorcycle or other vehicle on any street or public place in the city except as a danger warning; the creation of any unreasonably loud or harsh sound by means of any such signaling device and the sounding of any such device for an unreasonable period of time; the use of any signaling

**EXHIBIT "2"**

OFFENSES—MISCELLANEOUS

device, except a police whistle or one operated by hand or electricity; the use of any horn, whistle or other device operated by engine exhaust and the use of any such signaling device when traffic is held up for any reason.

(b) *Radios, televisions, phonographs, etc.* The using, operating or permitting to be played, used or operated any radio receiving set, television set, musical instrument, phonograph or other machine or device for the producing or reproducing of sound in such a manner as to disturb the peace, quiet and comfort of the neighboring inhabitants, or at any time with louder volume than is necessary for convenient hearing for the person who is in the room, vehicle or chamber in which such machine or device is operated and who is a voluntary listener thereto. The operation of any such set, instrument, phonograph, machine or device between the hours of 11:00 p.m. and 7:00 a.m., in such a manner as to be plainly audible at a distance of fifty (50) feet from the building, structure or vehicle in which it is located shall be prima facie evidence of a violation of this section.

(c) *Loudspeakers, amplifiers, etc., for advertising.* The using, operating or permitting to be played, used or operated any radio receiving set, musical instrument, phonograph, loudspeaker, sound amplifier or other machine or device for the producing or reproducing of sound which is cast upon the public streets for the purpose of commercial advertising or attracting the attention of the public to any building or structure without a special permit from the mayor and council. Announcements over loudspeakers can only be made by the announcer in person and without the aid of any mechanical device.

(d) *Yelling, shouting, etc.* Yelling, shouting, hooting, whistling or singing on the public streets, particularly between the hours of 11:00 p.m. and 7:00 a.m. or at any time or place so as to annoy or disturb the quiet, comfort or repose of any person in the vicinity.

(e) *Animals, birds, etc.* The keeping of any animal or bird which will disturb the comfort or repose of any persons in the vicinity by making long, continual or frequent noise.

(f) *Steam whistle or horn.* The blowing of any train whistle, steam whistle or horn attached to any stationary boiler or locomotive except to give notice of the time to begin or stop work or as a warning of fire or danger or upon request of proper city authorities.

(g) *Exhausts.* The discharge into the open air of the exhaust of any steam engine, stationary internal combustion engine, motorboat or motor vehicle except through a muffler or other device which will effectively prevent loud or explosive noises therefrom.

(h) *Defect in vehicle or load.* The use of any automobile, motorcycle or vehicle so out of repair, so loaded or in such a manner as to create loud and unnecessary grating, grinding, rattling or other noise.

(i) *Loading, unloading, opening boxes.* The creation of a loud and excessive noise in connection with loading or unloading any vehicles, the delivery of goods or services, or the opening or destruction of bales, boxes, crates and containers.

(j) *Construction and repair work.* The exterior construction, demolition, alteration or repair of buildings involving the operation of machinery or equipment which causes loud or disturbing noise except between the hours of 7:00 a.m. and 8:00 p.m. on Monday through Saturday and between 9:00 a.m. and 8:00 p.m. on Sunday, and except for activities by governmental authorities or public utilities when the activities are in response to emergencies or otherwise in the interest of public health and safety.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

OFFENSES—MISCELLANEOUS

(k)     *Schools, courts, churches, hospitals, residences.* The creation of any excessive noise on any street adjacent to any school, institution of learning, church or court while the same is in session or adjacent to any hospital or in any residential area, and which unreasonably interferes with the work of such institution, or which disturbs or unduly annoys patients in the hospital; provided, that conspicuous signs are displayed about such institutions indicating the presence of such institutions.

(l)     *Hawkers, peddlers, etc.* The shouting and crying of peddlers, hawkers and vendors which disturb the peace and quiet of the neighborhood.

(m)     *Noises to attract attention.* The use of any drum or other instrument or device for the purpose of attracting attention to any performance, show or sale by creation of noise.

(n)     *Transportation of metal rails, etc.* The transportation of rails, pillars or columns of iron, steel or other material over and along streets and other public places upon carts, drays, cars, trucks or in any other manner so loaded as to cause loud noises or as to disturb the peace and quiet of such streets or other public places.

(o)     *Pile drivers, hammers, etc.* The operation from 6:00 p.m. to 7:00 a.m. of any pile driver, steam shovel, pneumatic hammer, derrick, steam or electric hoist or other appliance, the use of which is attended by loud or unusual noise without a special permit from the mayor and council.

(p)     *Blowers.* The operation of any noise-creating blower or power fan or any internal combustion engine, the operation of which causes noise due to the explosion of operating gases or fluids, unless the noise from such blower or fan is muffled and such engine is equipped with a muffler device sufficient to deaden such noise.

(q)     *Sound trucks.* The use of mechanical loudspeakers or amplifiers on trucks or other moving or standing vehicles for advertising or other commercial purposes; the use of sound trucks for noncommercial purposes during such hours or in such places or with such volume as would constitute such use a public nuisance.

(r)     *Automobile repair.* The doing of any activity in the course of repairing or altering a motor vehicle or equipment thereof, in the nighttime, which creates any disturbing noise audible on the premises of another.

(s)     *Trash/sanitation services.* The pickup, servicing, loading, dumping, unloading, of any sanitation receptacle by a vehicle between the hours of 11:00 p.m. and 6:00 a.m. on weekdays and between the hours of 11:00 p.m. and 7:00 a.m. on Saturdays and Sundays.

(Ord. No. 8503, §1, 4-18-96; Ord. No. 9973, §1, 12-16-10)

Secs. 17-38. Harassment.

1.     A person commits the crime of harassment if he or she:

        (a)     Knowingly communicates a threat to commit any felony to another person and in so doing frightens, intimidates, or causes emotional distress to such other person; or

**17SL-CC00078**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Article II                                                    Application of Regulations

---

**210.3:**    *Commencement.*  The professional services shall not commence without agreement of the applicant as to the costs of such study and the deposit with the City of the estimated fee for the professional services plus administrative costs of ten percent (10%) of the estimated cost of the services or a minimum of $100.  The applicant shall be refunded any overpayment at the conclusion of the professional report, except the administrative cost to the City which is a non-refundable fee.

**210.4:**    *Final Property.* The professional report or study shall become the property of the City for its sole use.

(Ord. No. 9200, §1, 11-21-02)

**Section A-220: Site Plan Review**

**220.1:**    *Purpose.*  The purpose of this section is to require site plan review for certain buildings, structures, and uses that can be expected to have a significant impact on natural resources, traffic patterns, adjacent parcels and the character of future development. The regulations contained herein are intended to provide and promote the orderly development of the City for the betterment of the general welfare of the community; safe and convenient traffic movement, both within a site and in relation to access streets; the stability of land values and investments; the maintenance and improvement of the general welfare and character of the developments within the community, with proper attention to setting and the avoidance of unsightly appearances; and will be conducive to the proper development of the City.

**220.2:**    *Conflict with Other Provisions.*   In the event that the guidelines, regulations and standards in site plan approval, as enumerated herein, are inconsistent with any of the guidelines, regulations or standards prescribed elsewhere as applicable to the project or plan identified in subsection 220.6(2) then the guidelines, regulations and standards enumerated herein shall control.  However, this provision shall not constitute a waiver of any applicable procedural requirement for the project or plan identified in subsection 220.6(2) and the review of such applications will run concurrent with the site plan review.

**220.3:**    *Definitions.*  When used in this section the following words shall have the following meanings:

   (1)    *Application for site plan review* shall mean the application for site plan review submitted by an applicant on forms provided by the City of Kirkwood and which contain all of the documents and information required by this section.

   (2)    *Site plan* shall mean a plan of the site submitted in connection with an application for site plan review in accordance with the provisions of this section which contains the information specified in subsection 220.5(2) herein.

   (3)    *Site plan approval* shall mean the review and approval of applications for site plan review by the Planning and Zoning Commission of the City of Kirkwood in accordance with the provisions of subsection 220.6(2) herein.

          *Site plan review* shall mean a review of the application for site plan review and the documents accompanying such application, including, but not limited to the site

---

**EXHIBIT "3"**

plan submitted with such application, conducted (i) either administratively by the Building Commissioner or (ii) by the Planning and Zoning Commission in accordance with the requirements for site plan approval.

**220.4:**   *Matters Requiring Site Plan Review.*  Except as otherwise provided herein, site plan review is required for all construction requiring a building permit and all matters that require site plan approval as provided herein. Site plan review is not required for construction of or modifications to single family detached dwelling units or structures appurtenant thereto, unless otherwise provided.

**220.5:**   *Application and Submission Requirements.*

(1)   An application for site plan review may be filed by any person with a financial, contractual or proprietary interest in the property to be developed according to the submitted plan.

(2)   All applications for site plan review shall be submitted to the Director of Public Works. The Director of Public Works shall forward appropriate applications to the Planning and Zoning Commission for its review.   Applications involving administrative site plan review shall be submitted to the Office of the Building Commissioner by the Director of Public Works.  All site plan review applications shall include a site plan skillfully drawn to scale, which shall include the following:

a.   Property line dimensions and bearings, or angles;

b.   All existing buildings and improvements;

c.   Zoning setback lines;

d.   New buildings or additions located with all dimensions to property lines;

e.   Parking layout and driveways, including parking stall size, aisle and driveway widths, entrance approach details, and the number of cars in each row of parking spaces;

f.   Site topography showing existing and proposed contours at intervals of two (2) feet or less;

g.   Landscaping or buffering that satisfies  Article X, Section A-1020, Landscaping Requirements;

h.   When a site plan that is reviewed by the Planning and Zoning Commission includes a significant tree or trees (significant trees shall be live, healthy trees of a species suitable for the urban environment having a diameter of eight inches or greater), a tree study prepared and endorsed by an arborist certified by the International Society of Arboriculture, a Landscape Architect or a Horticulturist shall be required.  The study shall provide the City with a professional opinion regarding the survivability of significant trees existing on the site, proposed tree replacement, and the appropriateness of the landscaping proposed for the subdivision.  This study shall include tree protection methods for each tree and the dollar value of each tree designated to be saved. The dollar value of the tree(s) shall be based on data contained in the International Society of Arboriculture's "Guide for Tree Appraisal." If the petitioner fails to provide such study or it is inadequate or deficient, the City may require a City professional study under the provisions of the code.

Article II                                                                Application of Regulations

i.    Utilities.  Indicate provisions for access to major utilities including water, storm sewers, sanitary sewers, gas and electricity;

j.    Stormwater management and erosion control. Indicate provisions to be made to direct and detain stormwater on-site in accordance with any applicable agencies (i.e. Metropolitan Sewer District) and applicable City regulations and to mitigate erosion both during and following completion of construction. Indicate location of any sinkholes, spring silt beams, ponds, and other silt control facilities;

k.    Lighting;

l.    Easements; and,

m.    Existing right-of-way, street and entrances.

(3)    The site plan shall be drawn accurately to scale.

(4)    The Building Commissioner or Planning and Zoning Commission may waive any of the items required by subsection 220.5(2) where it is deemed appropriate.

**220.6:    *Procedure.***

(1)    *Administrative action.*  The Building Commissioner shall determine whether or not an application for site plan review satisfies all the requirements of the Zoning Code.

At such time as the Building Commissioner determines the application to be complete, the Building Commissioner shall (i) refer all applications that require site plan approval pursuant to subsection 220.6(2) to the Public Works Director for Planning and Zoning Commission review, or (ii) where appropriate, issue permits.

(2)    *Site plan approval.*

a.    The Planning and Zoning Commission shall review all applications for site plan review submitted in connection with any of the following and such site plan review shall be concurrent with any other review process required, if any, with respect to an application for any of the following:

i.    Construction of a new building or structure or structural modifications to the exterior of an existing structure (including additions) for any use or

ii.    Construction, expansion, or modification of a parking lot which creates four or more parking spaces or 3,000 square feet or more of paved area, except

iii.    Site plan review shall not be required for a single-family residence, accessory structures or uses to single-family residences, an approved temporary use, or building additions containing 1,000 square feet or less of gross floor area.

b.    For site plan review by Planning and Zoning Commission, a fee shall be paid in accordance with the Municipal Code of Ordinances Chapter 5, Article VI, "Fee Schedule."

(3)    *Determination final.*  Subject to the right of appeal specified herein, the determination of the site plan review by the Planning and Zoning Commission shall be final except when the application for site plan review is filed in conjunction with another application that requires final approval by the City Council through the

adoption of an ordinance. Under such circumstances, the site plan review, together with the Planning and Zoning Commission recommendation for approval or disapproval, shall be submitted to the City Council simultaneously with the Planning and Zoning Commission recommendation in connection with the other application. The City Council shall review the findings of the Planning and Zoning Commission considering the criteria established herein. The City Council may overturn or otherwise modify the Planning and Zoning Commission decision.

(4)     The Planning and Zoning Commission shall review and act upon a site plan review application within 120 days of the date on which the application is filed with the City.  If the Planning and Zoning Commission fails to take action within the time specified herein, the site plan review application shall be considered to be approved, except when the application for site plan review is filed in conjunction with another application that requires final approval by the City Council through the adoption of an ordinance or resolution.  Under such circumstances, the review time of the other application shall apply and the site plan review recommendation shall be submitted to the City Council simultaneously with the other petition.

220.7:   *Guidelines in Site Plan Approval.*  In conducting a site plan approval, the Planning and Zoning Commission will consider the following:

(1)     The efficiency and harmonious relationship of the topography to the site plan, the size and type of lot, the character of adjoining property and the type and size of buildings that the site will be developed so as not to impede the normal and orderly development or improvement of surrounding property for uses permitted in this Code.

(2)     The landscaping and buffering should be preserved in its natural state, insofar as reasonably practicable, by minimizing tree and soil removal, and by topographic modifications which result in maximum harmony with adjacent areas and shall be in accordance with Article X, Section A-1020, "Landscape Requirements".

(3)     Site surface drainage should provide for the reasonable removal of stormwater so as not to adversely affect neighboring properties.

(4)     Reasonable visual and sound buffering should be provided for all dwelling units located in the surrounding area.

(5)     Landscaping, fences, walks, and buffers should be used, as appropriate, for the protection and enhancement of property and for the privacy of its occupants.

(6)     All structures or dwelling units should have access to a public street, walkway or other area designated for common use.

(7)     A pedestrian circulation system should be reasonably insulated from the vehicular circulation system.

(8)     All loading and unloading areas and outside storage areas, other than for the storage of trash and recyclables as outlined below, which face or are visible from residential properties or thoroughfares may be screened.

(9)     All outside storage areas for the storage of trash and/or recyclables shall be screened.  Trash dumpster screening shall be constructed of sight-proof fence or wall not less than six (6) feet in height.  Latching gates of similar or complementary materials shall be required to completely enclose the trash dumpster.  Recycling

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

dumpsters will be screened from thoroughfares and adjoining properties as determined by the Planning and Zoning Commission.

(10)  Exterior lighting should provide adequate safety for users of the site and should be arranged so that it is deflected away from adjacent properties and so that it does not impede the vision of traffic along adjacent streets in accordance with Article X, Section A-1040, "Lighting Regulations".

(11)  Vehicular loading and unloading and parking, and vehicular and pedestrian circulation on the site and onto adjacent public streets and ways should not create hazards to safety, should not result in serious loss of natural features of the land, and should not impose a significant burden upon public facilities.    Absent extraordinary circumstances, the proposed development must avoid vehicular circulation onto adjacent public streets in residential areas and should direct vehicular circulation onto adjacent public streets in commercial areas in order to promote safety and maintain the integrity of residential areas.

(12)  A reasonable plan for the private care and maintenance of all open space should be provided.

(13)  The proposed development should not adversely affect offsite public services including sewer, water, and streets, or adversely affect the character of the neighborhood or adversely affect the general welfare of the community.

**220.8:**   ***Conditions and Restrictions.***   In approving an application for site plan review, the Planning and Zoning Commission may impose conditions, restrictions, and prescribe development standards within the range of such discretions as prescribed elsewhere in this zoning code.  In no event, however, shall any permitted use or use regulations be varied so as to make them less restrictive than prescribed in the district, or other applicable regulations.

If the Planning and Zoning Commission imposes conditions or restrictions, it shall designate specific requirements which must be met before an applicant may be granted final approval of a site plan. Failure to comply with any of these conditions or restrictions shall constitute a violation of this Code punishable in Municipal Code of Ordinances Chapter 1 Section 18, "General Penalty; Continuing Violations".

**220.9:**   ***Site Plan and Building and Occupancy Permits.***   The Building Commissioner shall have authority to issue a conditional occupancy permit in the enforcement of this Code, and allow temporary occupancy, provided that the occupant establishes an escrow deposit guaranteeing the completion of the same.

**220.10:**   ***Staged Development.***   In the event an applicant desires to present a site plan identifying the construction of a complex of buildings and site improvements to be developed over an extended period of time, a detailed site plan shall be submitted for approval by the Planning and Zoning Commission in accordance with this section for each specific building project.  This shall include a proposed time schedule for each phase of the project.  Such detailed site plans may be submitted in advance of or in conjunction with an application for a building permit.  Of primary importance in this review will be a determination that the detailed site plan complied with the site plan approval for the total development or project.  This provision shall not be construed to obligate an applicant to provide a site plan detailing staged development but is intended to be discretionary with the applicant.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**220.11**   *Period of Validity.*  No approval of an application for site plan review by the Building Commissioner or the Planning and Zoning Commission shall be valid for a period longer than twelve (12) months from the date granted, unless within such a period a building permit is obtained and substantial construction is commenced.  The Planning and Zoning Commission may grant up to two (2) extensions not exceeding twelve (12) months each upon written request submitted no later than thirty (30) days prior to the date such site plan approval shall terminate, with a submittal including the original applicant, re-submission of the application and filing fee in accordance with the Municipal Code of Ordinances Chapter 5, Article VI, "Fee Schedule", if the application as resubmitted is substantially the same as the initially approved application. However, the Planning and Zoning Commission has the power in such cases to attach new conditions to its re-approval or disapprove the re-application. Where the application for re-approval contained changes which the planning commission concludes materially alter the initial application, it shall refer the application to the Building Commissioner who shall initiate a new site plan review procedure in accordance with the provisions hereof.

**220.12:**   *Modification of Approval of Site Plan.*  After an application for site plan review has been approved by the Building Commissioner or the Planning and Zoning Commission, changes that are, in the judgment of the Director of Public Works, material to the approved site plan shall require a re-submission and payment of additional fees in accordance with the Municipal Code of Ordinances Chapter 5, Article VI, "Fee Schedule."

**220.13:**   *Financial Guarantees.*  In reviewing the application for site plan review, the Planning and Zoning Commission shall require a performance guarantee in the form of a cash deposit or a letter of credit from a local lending institution furnished by the developer to insure compliance with the conditions of approval including the requirements for drives, walks, utilities, parking, public improvements, landscaping, screening, and the like.

(1)   The performance guarantee shall be provided to the City before the issuance of the permit authorizing the project or activity but no later than six months from the date of approval.

(2)   Before acceptance of the performance guarantee by the City, the developer shall pay to the City of Kirkwood a fee in accordance with the Municipal Code of Ordinances Chapter 5, VI "Fee Schedule." Such fee is for administration and site inspections.

(3)   As work progresses, the Director of Public Works may authorize a proportional rebate of the financial guarantee upon completion of significant phases or improvements.

(4)   The City may require the value of trees to be preserved to be included in the performance guarantee. Should the designated trees be lost due to willful action or neglect of the developer, the developer shall provide landscaping and trees in the site area equal to the performance guarantee amount or forfeit the amount to the General Revenue of the City of Kirkwood.

(5)   Failure to satisfy the conditions of the site plan review procedure shall result in the letter of credit being forfeited to the General Revenue of the City of Kirkwood.

**17SL-CC00078**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

# LETTER OF TRANSMITTAL

# Stock & Associates
## Consulting Engineers, Inc.

257 Chesterfield Business Parkway
St. Louis, MO 63005
(636) 530-9100 FAX (636) 530-9130
E-Mail : general@stockassoc.com

| DATE: | JOB NO. |
|---|---|
| 6/19/15 | 212-4988.2 |

**ATTENTION:** Mr. Ryan Spencer

**RE:** Vianney High School -- Baseball Field Lighting

Synthetic Turf Field Project

Kirkwood, MO

**TO:** City of Kirkwood -- Board of Adjustment
139 S. Kirkwood Road
Kirkwood, MO  63122

**WE ARE SENDING YOU:** ☒ Attached  ☐ Under Separate cover via   **Delivery**   the following items:

☐ Shop Drawings      ☐ Prints      ☒ Plans      ☐ Samples   ☐ Specifications

☐ Copy of Letter      ☐ Change Order      ☐ _____

| Copies | Date | No. | Description |
|---|---|---|---|
| 12 | 6/18/15 | C4.0 | Site Plan - Color |
| 12 | 6/06/15 | 1 of 1 | Existing Survey Lighting Exhibit (11x17) |
| 12 | 3/27/13 | 1-3 of 3 | ALTA/ACSM Land Title Survey |
| 1 | 6/18/15 | 2 pgs. | Board of Adjustment Application |
| 1 | 6/18/15 | - | Application Fee  ($500) |
| 1 | 6/18/15 | 3 pgs. | Request for Variance Letter |
| 1 | 6/18/15 | 1 pg. | Photometric Plan |

**THESE ARE TRANSMITTED as checked below:**

☒ For Approval      ☐ Approved as Submitted      ☐ Resubmit _____ copies for approval

☐ For your use      ☐ Approved as noted      ☐ Submit _____ copies for distribution

☒ As requested      ☐ Returned for corrections      ☐ Return _____ corrected prints

☐ For review and comment      ☐ _____

☐ FOR BIDS DUE _____ 20 _____      ☐ PRINTS RETURNED AFTER LOAN TO US

**REMARKS:**
Dear Ryan, pursuant to our telephone conversation earlier this week, enclosed please find twelve (12) copies of the Site Plan, Survey, Lighting Exhibit and Variance Request application for the proposed project referenced above for your approval.  The proposed project is the renovation and conversion of an existing grass baseball field to a new synthetic turf field.  The project includes new lighting for the field, which is the basis for the Variance Request. Please contact our office with any questions.  Thanks.

Sincerely,

**SIGNED:** _____
George M. Stock, P.E. - President

**COPY TO:**
Tim Stock, Executive Vice-President
Doug Bruns, P.E., Vice-President -- Engineering
Jacob Buening, P.E., Associate
Mike Loyet, Vianney (mloyet@vianney.com)

**EXHIBIT "4"**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



# Board of Adjustment Variance Application Case #_____

## *A pre-submittal meeting is required; please call (314) 984-6943 to schedule.*

An appointment with staff is required prior to the submittal of a variance application. Your meeting with staff will assist you in preparing your submittal information and help to prevent delays in the process and review of your application by the Board of Adjustment. Please contact TaMara Pelkey, Building Secretary to schedule an appointment at 314-984-6943.

**Project Address:** __1311 S. Kirkwood Road__   **Zoning District** __R3-Single__ Family

The following documents must be submitted with the completed application:

➤ Twelve (12) copies of a Sealed Missouri Minimum Standards Boundary Survey showing:
  - Property lines and property dimensions
  - Location, size and shape of any structures presently on the site
  - Location, size and shape of any proposed structures, elevation plans for side and rear variances
  - Dimensions showing front, side and rear yard setbacks
  - Dimensions showing distance of structures and proposed structures from property lines
  - If you are requesting a front yard variance for an interior lot located between two (2) improved lots we will need sealed surveys of the front yard setbacks of the improved lots.
  - If you are requesting a front yard variance for a lot located (1) between an improved lot and a vacant lot (2) between an improved lot and a street or (3) between a vacant lot and a street, we will need sealed surveys of the front yard setbacks of every improved lot within a specified distance (as determined by the Zoning District) in the same block and on the same street frontage.
  - The existing grade at the center of the foundation for the proposed structure and the residences on each side of the property (within 200 ft. for a corner lot)
  - The finished first floor height for the proposed residence and for the homes on each side of the property (within 200 ft. for a corner lot)
➤ Twelve (12) copies of additional drawings that clearly present the facts relating to this appeal
➤ One (1) copy of a hardship letter giving a brief narration setting forth the specific grounds of the request, a written description of location/distance from property lines, and variance requested.
➤ A $240 non-refundable filing fee for additions, alterations to existing single-family and accessory structures to existing single-family residences such as shed, garages, and swimming pools, or a $500 non-refundable filing fee for all others not listed above, plus $50 fee for each additional variance request on the same application.

---

**Type of Work:** ☐ New Construction   ☐ Addition   ■ Other Baseball Field Renovation/Conversion to Turf
**Type of Structure:** ☐ Single-family   ☐ Multi-family   ☐ Commercial   ■ Other Baseball Field
Has a previous variance application been filed on these premises within the last three (3) years? ☐ Yes   ■ No
*If yes, provide available information that may affect this application.*

---

I hereby certify that all the information provided, and that contained in any supporting documents submitted, are true and accurate to the best of my knowledge and belief.

### Applicant Information
☐ Property Owner  ☐ Occupant  ☐ Contractor  ☐ Architect  ■ Other Engineer
Name: __Stock & Associates Consulting Engineers, Inc.__   Phone __636-530-9100__
Address: __257 Chesterfield Business Parkway__   City/State/Zip __Chesterfield, MO 63005__
Applicants Signature: _____   Date __6/18/15__

### Property Owner Information (if different from above)
Name: __Marist Province of the United States (Vianney)__   Phone __314-965-4853  ext. 112__
Address: __1311 S. Kirkwood Road__   City/State/Zip __Kirkwood, MO 63122__
Owner's Signature: __Michael Loyet__   Date __6/18/15__

Pursuant to the provisions of Ordinance No. 10103, application is hereby made to vary or modify the order, requirement, decision or ruling of the Building Commissioner or to vary or modify the application of the regulations or provisions of the Zoning Code of the City of Kirkwood, Missouri.

*The required documents have been reviewed and approved for submittal to apply for a variance from the Board of Adjustment.*

Received by: _____   Date: _____

139 S. Kirkwood Rd. Kirkwood, MO 63122 (314) 984-6943 Fax (314) 822-5898

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

## General Information

1. Board of Adjustment members are an appointed group of volunteer citizens.
2. Site visits will be made by the board members prior to the meeting date.
3. Your street address should be visible on the front of the home.
4. Please do not staple together information that you submit, or attempt to assemble in "packet" form.
5. Board of Adjustment hearings are generally held on the second Monday of the month, and at such other times as the board may determine necessary.
6. All information must be submitted twenty-four (24) calendar days prior to the hearing date.
7. The agenda for the board will only accommodate six (6) cases per hearing date.
8. Variance request are reviewed and determined at the scheduled hearing date. Applicants are required to present their cases and answer questions from board members. The Board reserves the right to table applications pending submittal of additional information. All decisions are final and CAN NOT be re-heard. Variances denied may be appealed in circuit court.

## Hardship Letter Information (The following information must be contained in the hardship letter):

1. A description of the intended addition or improvement including description of location/distance from property lines.
2. Written description of setbacks which will be violated and variance requested from the Zoning Code.
3. Written description of the practical difficulties or unnecessary hardships which will occur if the strict letter of the Zoning Code is applied.

## Site Plan Information (The site plan must contain the following):

1. Name and address of property owner, address of project
2. Location and dimensions of parking areas and/or driveways
3. Identification of adjacent streets
4. Basements located on property
5. A North arrow, identification of drawing scale, i.e., 1"=20'
6. Property lines and property dimensions
7. Location, size and shape of any structures presently on the site
8. Location, size, and shape of any proposed structures
9. Dimensions showing front, side and rear yard setbacks
10. Dimensions showing distance of structures and proposed structures from property lines
11. Show existing grades at the center of foundation for proposed structure and the residences on each side of property(within 200 ft. for corner lots)
12. Show the finished first floor height for the proposed structure and the residences on each side of property (within 200 ft. for corner lots)

### BOARD OF ADJUSTMENT - SUBMITTAL SCHEDULE- 2015

*The Board of Adjustment reviews a maximum of 6 cases per meeting.  The meeting schedule and submittal schedule follows:*

*Date by which application must be submitted for review by Building Commissioner's Office for processing. Incomplete applications will be returned*

**Date application will be presented to Board of Adjustment by petitioner.

*Schedule is subject to change.*

| LAST DATE FOR SUBMITTAL* | BOARD OF ADJUSTMENT MEETING DATE** |
|---|---|
| December 19, 2014 | January 12, 2015 |
| January 16, 2014 | February 9, 2015 |
| February 13, 2015 | March 9, 2015 |
| March 20, 2015 | April 13, 2015 |
| April 17, 2015 | May 11, 2015 |
| May 15, 2015 | June 8, 2015 |
| June 19, 2015 | July 13, 2015 |
| July 17, 2015 | August 10, 2015 |
| August 21, 2015 | September 14, 2015 |
| September 18, 2015 | October 12, 2015 |
| October 16, 2015 | November 9, 2015 |
| November 20, 2015 | December 14, 2015 |
| December 18, 2015 | January 11, 2016 |

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



*Office of the President*

1311 S. Kirkwood Road, St. Louis, MO 63122
p.314.965.4853  f.314.965.1950
*www.vianney.com*

June 18, 2015

TO: Board of Adjustment of City of Kirkwood
RE: Request for lighting variance

The purpose of this letter is to support our request for a lighting variance on a new synthetic field being built at the location of the existing baseball field.

We are building a new baseball field in the same location as our current field. It will be an entirely turfed field to allow for more playing time and a much safer environment. Part of the project includes the installation of lights.

It is my understanding that Vianney is within its legal rights to install lights as long as the lighting plan which is submitted by a registered design professional meets the code requirements for the City of Kirkwood. Therefore, this request is not about installing lights or not installing lights but rather about installing the quality of lights that will provide for the safety of all users.

Section 1040.1 under Kirkwood's Lighting Regulations provides developmental standards intended to strike a balance of safety and aesthetics by providing lighting regulations that protect drives and pedestrians from glare and <u>reduce to reasonable limits the trespass of artificial lighting</u> onto neighboring properties and public or private right of way.

The above underlined statement seems to be the issue at hand.  Code states that the maximum illumination level at property lines adjacent to single family residential uses shall be less than or equal to 0.1 footcandles  (fc) at finished grade.

For the past nine months, we have been working with Todd Stych from Musco, George Stock from Stock and Associates and Don Bolinger from ATG Sports to find a solution to this issue. The bottom line is that no plan has been or can be conceived that will properly light the playing field and meet the .01 footcandle requirement at the property line. Therefore, we are asking for a variance for the lighting plan.

A well-lit high school baseball field that is uniformly lit and properly illuminated for players to safely see the ball and play the game is considered to be 70 footcandles on the infield area and 50 footcandles in the outfield. This is the current design submitted by Musco Lighting.

The recommended lighting plan presented by Musco has a range of .01 to 5.1 along the property line behind right field and right center field. The average for the area affected is 1.29 footcandles.

*A college preparatory school in the Catholic/Marianist tradition founded in 1960.*



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

*Office of the President*

1311 S. Kirkwood Road, St. Louis, MO 63122
p.314.965.4853  f.314.965.1950
*www.vianney.com*

Vianney is requesting that the Board of Adjustment see this as a reasonable request based upon the following points:

1. The photometric plan indicating the point-by-point footcandle layout of the site does not take into account any of the fences, current trees or other plantings that will help block the illumination. The right field fence will be 15' high and many of the trees go well beyond that height. We assume the code was written with no type of screening to counter the photometric plans. These items will further reduce the footcandle illumination along the property line.

2. Todd Stych, the rep for Musco Lighting, the leader in lighting solutions, shared that the naked eye could not distinguish between a footcandle difference of 0.1 and 1.0. Therefore, though the numbers may seem to exceed the required code by a considerable degree, in reality, it is negligible for a visible impact to the property owner.

3. Current code states the maximum allowable level to be .1 at the property line.  In reality, that is approaching a zero tolerance level yet the Kirkwood Code states that the goal is to reduce artificial light to a reasonable level not a non-existent level.

4. In analyzing the properties actually affected, all but two of the homes are located off the property line far enough that their living space would not be impacted. And to repeat, items in #1 above help to address this issue.

5. When Vianney announced this field project in early June, I visited every home that was affected by the photometric design to share our plans.  Each resident was given a description of the project and my contact information. For those residents who were not home, I requested that they contact me with any questions or concerns.  Not one neighbor expressed a concern about the project.  I would hope this remains true to date.

6. Currently, there is a gap in the fence running along the affected property line at the end of Forest Glen Road.  When speaking with Mr. David Powell, the property owner whose home boarders our property in center field, he shared with me that the neighbors would appreciate that part of the fence being added back. We would certainly honor that request and go a step further to plant a few trees to help block the light.

*A college preparatory school in the Catholic/Marianist tradition founded in 1960.*



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

*Office of the President*

1311 S. Kirkwood Road, St. Louis, MO 63122
*p.*314.965.4853  *f.*314.965.1950
*www.vianney.com*

7.  The following questions may be asked:

    a.  *Why do you need a new athletic field with lights?* We have numerous safety issues that must be addressed. For example, the fields are uneven and slope in multiple directions, fields are not regulation size, athletes must maneuver around trees, parking lots, fences, electrical boxes, buildings and driveways. These obstacles present unnecessary dangers to our students. The new field will address all these issues but without lights, the limited daylight time would prevent all our students athletes from taking advantage of the safe new field.

    b.  *Why place the new field in this location on the property?* We have no other options because of the space required to have a regulation baseball field with the necessary dugouts, bullpens and batting cages. Literally, there is no other place on campus for a baseball field. That is why the current field is in the same location.

    c.  *Why light the field?* We are responding to the needs of our students and families. Athletics are an integral part of the formation of our young men. We must continue to offer new opportunities for our students to be involved in athletics. We need more space and available playing time to accommodate all our teams and athletes. For example, our baseball program has four teams and all four teams have a full practice schedule and full game schedule. We have one baseball field to accommodate all the teams, practices and games. Unfortunately, in the spring of the year the field is wet and unplayable many times. The new artificial turf and lights will provide the much needed field availability for our student athletes to practice and compete.

In conclusion, I believe that for the past fifty five years, Vianney has been an integral part of the City of Kirkwood. We have worked in conjunction with the City, local businesses, and our residential neighbors while providing a valuable and necessary service to the community. We are continually striving to improve our campus and the experience for all who visit our campus. Therefore, we respectfully request that you grant a variance to Vianney when we install lights on our field. The variance will allow for the proper quality lights that are safe for all participants while reasonably limiting the lighting on neighboring properties.

Respectfully,

*Mike Loyet*

Michael Loyet '77
President

*A college preparatory school in the Catholic/Marianist tradition founded in 1960.*

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

. JOHN VIANNEY HIGH SCHOOL ST. LOUIS, MO 63122-7299

CHECK NO.   051464

| INVOICE NO. | INV. DATE | DESCRIPTION | AMOUNT DUE | DISCOUNT | AMOUNT PAID |
|---|---|---|---|---|---|
| | 6/18/15 | CITY of KIRKWOOD | | | 500.00 |

THIS DOCUMENT HAS A BLUE BACKGROUND AND A MICROPRINT SIGNATURE LINE.

**ST. JOHN VIANNEY HIGH SCHOOL**
1811 SOUTH KIRKWOOD
SAINT LOUIS, MO 63122-7299
314-965-4853



**Commerce Bank**
Kirkwood, Missouri 63122
www.commercebank.com
577    18-1-1010

CHECK NO.   051464

| DATE | CHECK NO. |
|---|---|
| 6/18/2015 | 051464 |

CHECK AMOUNT
$ 500.00

FIVE HUNDRED AND 00/100 DOLLARS

PAY TO THE
ORDER OF    City of Kirkwood

AUTHORIZED SIGNATURE

⑆051464⑆ ⑈081004591⑈ 2400 64378⑆

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



Case: 4:17-cv-00805-RLW   Doc. #:  1-1   Filed: 03/01/17   Page: 48 of 137 PageID #: 54

Electronically Filed - St. Louis County - January 03, 2017 - 04:31 PM





Electronically Filed - St. Louis County - January 03, 2017 - 04:31 PM

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**17SL-CC00078**

*Lights Approval*

 St.John *Vianney* HIGH SCHOOL

Loyet, Mike <mloyet@vianney.com>

## Vianney - Baseball Field Lighting (4988.3)
3 messages

---

**Jacob Buening** <jacob.buening@stockassoc.com>  Tue, Jun 23, 2015 at 10:26 AM
To: George Stock <george.stock@stockassoc.com>, "mloyet@vianney.com" <mloyet@vianney.com>
Cc: Tim Stock <tim.stock@stockassoc.com>

Mike, George,

I just received a call from Ryan Spencer at the City of Kirkwood. He indicated they reviewed our Variance Request submittal and photometrics with the City Attorney and they have determined the situation to be "less non-conforming" and therefore we do not need a Variance. They are going to refund the submittal fee. The project is free to move forward with the light installation assuming any applicable building permit requirements have been met.

Thanks,
 Jake.

**Jacob Buening, P.E.**

Associate

Stock & Associates Consulting Engineers Inc.

257 Chesterfield Business Parkway

Chesterfield, Missouri 63005

PH: 636.530.9100

Fax: 636.530.9130

Cell: 314.283.5898

jacob.buening@stockassoc.com

Stock & Associates Consulting Engineers, Inc. reserves all copyright rights, but grants a temporary license to the recipient to use the materials contained in the attached computer data file for use in development of recipient's work associated with this project. Stock & Associates Consulting Engineers, Inc. does not warrant the accuracy of any information contained on said data file. Stock & Associates Consulting Engineers, Inc. assumes no liability for unauthorized alterations and alterations to the information contained herein.

## EXHIBIT "5"

---

**George Stock** <george.stock@stockassoc.com>  Tue, Jun 23, 2015 at 10:26 AM
To: Jacob Buening <jacob.buening@stockassoc.com>
Cc: "mloyet@vianney.com" <mloyet@vianney.com>, Tim Stock <tim.stock@stockassoc.com>

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Mike, Sounds like things worked out as you mentioned in our conversation they may. Great News! Thx.. George

Sent from my iPad
[Quoted text hidden]

---

**George Stock <george.stock@stockassoc.com>**          Tue, Jun 23, 2015 at 10:33 AM
To: Jacob Buening <jacob.buening@stockassoc.com>
Cc: "mloyet@vianney.com" <mloyet@vianney.com>, Tim Stock <tim.stock@stockassoc.com>

This morning, not they may

Sent from my iPad
[Quoted text hidden]

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



**Loyet, Mike <mloyet@vianney.com>**

## Vianney H.S. - Baseball Field Lighting
3 messages

**Jacob Buening** <jacob.buening@stockassoc.com>                 Tue, Jun 23, 2015 at 11:31 AM
To: "spencerm@kirkwoodmo.org" <spencerm@kirkwoodmo.org>
Cc: George Stock <george.stock@stockassoc.com>, "mloyet@vianney.com" <mloyet@vianney.com>

Ryan,

Thanks for the call this morning. Will you be including a letter, with the refunded check, indicating the City has
determined a variance is not required for the baseball field lighting?

Thanks again!

**Jacob Buening, P.E.**

Associate

Stock & Associates Consulting Engineers Inc.

257 Chesterfield Business Parkway

Chesterfield, Missouri 63005

PH: 636.530.9100

Fax: 636.530.9130

Cell: 314.283.5898

jacob.buening@stockassoc.com

Stock & Associates Consulting Engineers, Inc. reserves all copyright rights, but grants a temporary license to
the recipient to use the materials contained in the attached computer data file for use in development of
recipient's work associated with this project. Stock & Associates Consulting Engineers, Inc. does not warrant
the accuracy of any information contained on said data file. Stock & Associates Consulting Engineers, Inc.
assumes no liability for unauthorized alterations and alterations to the information contained herein.

**Ryan M. Spencer** <spencerm@kirkwoodmo.org>                 Tue, Jun 23, 2015 at 12:49 PM
To: Jacob Buening <jacob.buening@stockassoc.com>
Cc: George Stock <george.stock@stockassoc.com>, "mloyet@vianney.com" <mloyet@vianney.com>

Jacob,

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Please accept this email as official record.


The City of Kirkwood has determined that the proposed variance is not required as the a currently, non-conforming situation is being made less non-conforming. Please proceed forward with the project.


Regards,


**Ryan Spencer, AICP**

City Planner

City of Kirkwood

(p) 314 984-5907

(f) 314 822-5893

www.kirkwoodmo.org



---

**From:** Jacob Buening [mailto:jacob.buening@stockassoc.com]
**Sent:** Tuesday, June 23, 2015 11:31 AM
**To:** Ryan M. Spencer
**Cc:** George Stock; mloyet@vianney.com
**Subject:** Vianney H.S. - Baseball Field Lighting

[Quoted text hidden]

---

Jacob Buening <jacob.buening@stockassoc.com>                     Tue, Jun 23, 2015 at 12:53 PM
To: "Ryan M. Spencer" <spencerm@kirkwoodmo.org>
Cc: George Stock <george.stock@stockassoc.com>, "mloyet@vianney.com" <mloyet@vianney.com>


Thanks Ryan!


**Jacob Buening, P.E.**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Associate

Stock & Associates

Cell: 314.283.5898

---

**From:** Ryan M. Spencer [mailto:spencerm@kirkwoodmo.org]
**Sent:** Tuesday, June 23, 2015 12:50 PM
**To:** Jacob Buening
**Cc:** George Stock; mloyet@vianney.com
**Subject:** RE: Vianney H.S. – Baseball Field Lighting

[Quoted text hidden]

**17SL-CC00078**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

## Project Submittal: **Approval**

August 11, 2015

Mike Loyet
St John Vianney High School
1311 South Kirkwood Road
Saint Louis, MO  63122

RE:     Saint John Vianney High School
         Project #171842

Dear Mr. Mike Loyet,

This letter is to serve as our request for approval of submittals for production provided by Musco Sports Lighting, LLC.  Please review the enclosed documents for accuracy and note changes where appropriate.  Upon your approval, we can begin custom fabrication of the materials for your project.

The following items need verified prior to beginning the manufacturing process:

- Pole locations as shown on equipment layout or scans

We shall deliver equipment to the job site 4 - 6 weeks, after submittal approval or release of order.

Please indicate your approval of these submittals in their entirety by signing below.

| | |
|---|---|
| Authorized Signature | Date |
| Printed Name | Company Name |

Please return one copy of this form to:

MUSCO SPORTS LIGHTING, LLC.
Attn:  Matt Stranberg
2107 Stewart Road
Muscatine, Iowa 52761
Phone: 800-756-1205
Fax: 800-374-6402



CITY OF KIRKWOOD
PUBLIC WORKS DEPARTMENT

**EXHIBIT "6"**

Saint John Vianney High School, 171842

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

MUSCO LIGHTING SUBMITTAL FOR PRODUCTION
PREPARED FOR:

# Saint John Vianney High School

Baseball Lighting Project
Saint Louis, MO
August 11, 2015

Project #171842

*Submitted by:*

**Musco Sports Lighting, LLC**

2107 Stewart Road
Muscatine, Iowa 52761
Local Phone: 563-263-2281
Toll Free: 800-756-1205
Fax: 800-374-6402



This information is provided by Musco exclusively for this project. Reproduction or distribution of the enclosed documents or information without the written permission of Musco Sports Lighting, LLC is

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**Project Submittal: Table of Contents**

## A. BILL OF MATERIALS

## B. LIGHTING DESIGN
Computer Model - Light Level Scans
Drawing # 171842-D, dated 14-Jul-15

## C. LIGHTING CONTACTOR CABINETS
System Summary - Drawing # 171842P1V1-0811110903, dated 11-Aug-15

## D. STRUCTURAL INFORMATION
Drawing # 171842

## E. WARRANTY
Musco 10/2 Warranty

## F. PRODUCT INFORMATION
Pole Configuration Drawings
Light-Structure Green Component Drawings
Lighting Contactor Cabinet Datasheet
Smart Lamp 1500W_60Hz Datasheet
UL Letter



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

# B. LIGHTING DESIGN



Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



ILLUMINATION SUMMARY

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



**Luminaires**

| LAMP TYPE | QTY/POLE | THIS GRID | OTHER GRID |
|---|---|---|---|
| 00W MZ | 7 | 7 | 0 |
| 00W MZ | 16 | 16 | 0 |
| 00W MZ | 10 | 10 | 0 |
| | 66 | 66 | 0 |





### MY PROJECT

Name: **Saint John Vianney High School Base Soccer**

Location: **Saint Louis,MO**

### GRID SUMMARY

Name: **Property Line Spill**

Spacing: **30.0'**

Height: **3.0' above grade**

### CONSTANT ILLUMINATION

**SUMMARY**                    MAX VERTICAL FOOTCAN

Entire Grid

Scan Average: **2.5890**

Maximum: **10.72**

Minimum: **0.14**

No. of Points: **53**

**LUMINAIRE INFORMATION**

Luminaire Type: **Green Generation**

Design Usage Hours: **5,000 hours**

Design Lumens: **134,000**

Avg Lamp Tilt Factor: **0.999**

No. of Luminaires: **66**

Avg KW: **109.22 (112.2 max)**

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA LM-5-04 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

### ENGINEERED DESIGN

By: **Joel Stout**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



| Luminaires | QTY/ POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|
| / MZ | 7 | 7 | 0 |
| / MZ | 16 | 16 | 0 |
| / MZ | 10 | 10 | 0 |
| | 66 | 66 | 0 |



## MY PROJECT

**Name:** Saint John Vianney High School Baseball Soccer
**Location:** Saint Louis, MO

## GRID SUMMARY

**Name:** Property Line Spill
**Spacing:** 30.0'
**Height:** 3.0' above grade

## CONSTANT ILLUMINATION

SUMMARY                                        HORIZONTAL FOOTCANDLES

|  | Entire Grid |
|---|---|
| Scan Average: | 0.9750 |
| Maximum: | 5.17 |
| Minimum: | 0.01 |
| No. of Points: | 53 |

LUMINAIRE INFORMATION

| Luminaire Type: | Green Generation |
|---|---|
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 0.999 |
| No. of Luminaires: | 66 |
| Avg KW: | 103.22 (112.2 max) |

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA LM-5-04 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/-3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## ENGINEERED DESIGN

**By:** Joel Stout
**File # / Date:** 171842-D                    14-Jul-15

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2015 Musco Sports Lighting, LLC.

Pole location(s) ⬦⬦dimensions are relative to 0,0 reference point(s) ⊗

17SL-CC00078

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



EXHIBIT "7"

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**17SL-CC00078**

# AUTHORIZED

## CITY OF KIRKWOOD

### BUILDING COMMISSIONER'S OFFICE
### 139 SOUTH KIRKWOOD ROAD
### KIRKWOOD, MISSOURI 63122
### 314-822-5823

A building permit was issued for this structure, and it is authorized to be constructed in accordance with the approved plans.

## THE APPROVED PLANS AND PERMIT SHALL BE ON SITE AT ALL TIMES

DATE ISSUED **10-15-15** PERMIT NUMBER _____

ADDRESS                                        UNIT OR LOT

_1311 S. Kirkwood_                    _____

CONSTRUCTION TYPE _Ball Field Dug-outs_
_& Light Standards_

THIS NOTICE SHALL BE DISPLAYED IN A PROMINENT PLACE VISIBLE FROM THE STREET UNTIL FINAL APPROVAL IS GIVEN BY THE CODE OFFICIAL.

**EXHIBIT "8"**

AFFIX TO FRONT WINDOW TO ALLOW VISION FROM STREET

**KEEP POSTED AT ALL TIMES**

# RECORD OF INSPECTIONS

ADDRESS _1311 S. Birkwood_ PERMIT NUMBER _16-2477_

INSPECTION REQUEST ARE REQUIRED TO BE MADE 24 HOURS IN ADVANCE

| CALL 314-822-5823 | CALL 314-822-5884 |
|---|---|
| BUILDING COMMISSIONER'S OFFICE | FIRE MARSHAL'S OFFICE |

139 SOUTH KIRKWOOD ROAD

KIRKWOOD, MISSOURI 63122

- Footing/Piers_____
- Foundation_____
  - Geo-grid_____
- Framing _WW 11/4/16_____
  - Insulation_____
  - Drywall_____
  - Plumbing-Ground Rough_____
  - Plumbing- Rough-in_____
  - Plumbing-Sewer Connection_____
  - Plumbing-Water Service_____
  - Plumbing- Final_____
  - Fire-Alarm System_____
  - Fire-Suppression System_____
  - Fire-Rough_____
  - Fire-Final_____
  - Electric-Ground Rough/Trench_____
  - Electric-Rough-in_____
  - Electric- Temp. Service_____
  - Electric- Final_ _12-24-15_ _Puli>_
  - Mechanical Rough_____
  - Mechanical Final_____
  - Site Conditions/Grading_____
  - Driveway Initial /Final_____
- Building- Final_____
- Occupancy Approval_____

**NOTICE**

Electric Rough Inspection Approved
This Department must be notified and a Final Inspection
made when all electrical work is complete.
Date _10-20-15_ No._15-10423_ Inspector _____
Memo _Through Court Kirkwooville Park 8 ba105_

Dept. of Public Works – St. Louis County
Division of Code Enforcement
Electrical Inspections – (314) 615-3722
41 South Central • Clayton, MO 63105

Not all Inspections are required on each project. See permit for the specific required inspection

The permitee shall be responsible for the maintenance of this sign until final
inspections are completed and approved

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

```
          CITY OF KIRKWOOD - DEPARTMENT OF PUBLIC SERVICES
          BUILDING COMMISSIONER'S OFFICE
          139 S. KIRKWOOD ROAD    KIRKWOOD, MISSOURI 63122
          FAX: 314-822-5898              PHONE: 314-822-5823
          BUILDING PERMIT
```
-----------------------------------------------------------------

```
                                                       Page       2
          Application Number  . . . . .  16-00002477   Date  10/15/15
          Property Address  . . . . . .  1311 S KIRKWOOD RD
          Locator Number:                25M41-0156
          Application description . . .  COMM ALTERATIONS

          Permit  . . . . . .  BUILDING PERMIT

          Additional desc . .
```
-----------------------------------------------------------------

## Required Inspections

| Seq | Insp Code | Description | Initials | Date |
|-----|-----------|-------------|----------|------|
| 10 | 101 | 101 FOOTING | | __/__/__ |
| 20 | 102 | 102 FOUNDATION | | __/__/__ |
| 30 | 103 | 103 FRAMING | ⟨init⟩ | 11/17/17 |
| 40 | 199 | 199 BUILDING FINAL | | __/__/__ |

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

```
CITY OF KIRKWOOD - DEPARTMENT OF PUBLIC SERVICES
BUILDING COMMISSIONER'S OFFICE
139 S. KIRKWOOD ROAD    KIRKWOOD, MISSOURI  63122
FAX:  314-822-5898           PHONE: 314-822-5823
BUILDING PERMIT
```

------------------------------------------------------------

```
Application Number  . . . . .   16-00002477          Date: 10/15/15
Application pin number  . . .   108394
Property Address  . . . . . .   1311 S KIRKWOOD RD
Locator Number:                 25M41-0156
Application type description    COMM ALTERATIONS
Application valuation . . . .      170000
```

------------------------------------------------------------

```
Application desc
  baseball dugouts, storage rooms, visitor dugout
```

------------------------------------------------------------

```
Owner                                Contractor
-----------------------              ------------------------
CHAMINADE COLLEGE SOCIETY OF M        ATG SPORTS INDUSTRIES, INC
1201 S KIRKWOOD RD                    317 E COMMERCE ST
ST LOUIS          MO 63122           ANDOVER              KS 67002
                                     (316) 682-3997
```

------------------------------------------------------------

```
Permit  . . . . . .  BUILDING PERMIT
Additional desc . .
Permit Fee  . . . .     1274.00       Plan Check Fee . .          .00
Issue Date  . . . .     10/15/15      Valuation  . . . .       170000
Expiration Date . .     4/12/16

     Qty   Unit Charge  Per                             Extension
                             BASE FEE                    1274.00
```

------------------------------------------------------------

```
Special Notes and Comments
  WORK DESC
  1) Per section 1028.1.1 of the International Fire Code for
  Bleachers. It staates that these shall comply with ICC 300
  2) Fire Marshal to be contatced for Finall 314-822-5884
```

------------------------------------------------------------

```
Other Fees  . . . . . . . . .  PROCESSING FEE              25.00
```

------------------------------------------------------------

| Fee summary | Charged | Paid | Credited | Due |
|---|---|---|---|---|
| Permit Fee Total | 1274.00 | 1274.00 | .00 | .00 |
| Plan Check Total | .00 | .00 | .00 | .00 |
| Other Fee Total | 25.00 | 25.00 | .00 | .00 |
| Grand Total | 1299.00 | 1299.00 | .00 | .00 |

------------------------------------------------------------

```
NOTICE:  Permit is void if first inspection is not requested
within 180 days or work is suspended for 180 days.
Applicant is responsible for obtaining all inspections.
No electrical, plumbing or mechanical inspections will be
scheduled until permit is signed by licensed subcontractors.
```

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

17SL-CC00078



**WHERE COMMUNITY AND SPIRIT MEET**

February 11, 2016

St. John Vianney High School
Attn: Michael Loyett
1311 South Kirkwood Road
Kirkwood, MO  63122

SUBJECT:    CITY OF KIRKWOOD SITE PLAN REVIEW (PZ-06-16)
            ST. JOHN VIANNEY, 1311 SOUTH KIRKWOOD ROAD

Dear Mr. Loyett:

        This correspondence is to confirm and remind you that the improvement to the baseball field is subject to site plan review (PZ-06-16). Accordingly, Vianney High School is not permitted to use the lights or the audio system, except for testing purposes, until the site plan review process has been fully completed. In that regard, Vianney High School must submit a landscape plan detailing the landscaping that will be installed on the site, together with an updated lighting analysis that will provide the illumination levels extending beyond the property lines following the installation of landscaping and any other means that can be used to satisfy the illumination levels, as set forth in Section A-1040 of the Kirkwood Zoning Code.

        The City Planner and I would like to meet with your lighting consultant and landscape architect to address the pending issues. Please provide us with convenient dates and times for such a meeting.

Sincerely,

CITY OF KIRKWOOD

William E. Bensing Jr.
Public Services Director
bensinwe@kirkwoodmo.org
(314) 822-5846

C:    Russell Hawes, Chief Administrative Officer
      Ryan Spencer, City Planner
      John Hessel, City Attorney

**EXHIBIT "9"**

Electronically Filed - St. Louis County - January 03, 2017 - 04:31 PM

**17SL-CC00078**



WHERE COMMUNITY AND SPIRIT MEET

March 22, 2016

St. John Vianney High School
Attn: Michael Loyett
1311 S Kirkwood Road
Kirkwood, MO 63122

Re: City of Kirkwood Site Plan Review (PZ-06-16)

Dear Mr. Loyett:

Per our conversation on March 16, 2016 as to the City's letter dated February 25, 2016, concerning the use of Vianney's baseball field audio system. The City of Kirkwood acknowledges that Vianney is allowed to use the audio system within the limits of Section 17-36 *Disturbing Noises Prohibited* and Section 17-37 *Conduct Constituting Disturbing Noises.*

Accordingly, we caution you about the volume levels used on the audio systems and encourage you to carefully monitor the noise level to avoid complaints from surrounding neighbors. It should be noted that the use of such audio systems is not under the purview of the City's Planning and Zoning Commission as part of the site plan review process.

Sincerely,

CITY OF KIRKWOOD

William E. Bensing Jr.
Public Services Director
bensinwe@kirkwoodmo.org

cc: Russel Hawes, Chief Administrative Officer
    Ryan Spencer, City Planner
    Jack Plummer, Police Chief
    John Hessel, City Attorney

139 SOUTH KIRKWOOD ROAD    KIRKWOOD, MISSOURI 63122-4303  ·  www.ci.kirkwood.mo.us

2150289.2

**EXHIBIT "10"**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**17SL-CC00078**

**CITY OF KIRKWOOD**
**PLANNING AND ZONING COMMISSION**
**SUBCOMMITTEE REPORT**
**SEPTEMBER 7, 2016**

*PETITION NUMBER:*     PZ-06-16

*ACTION REQUESTED:*     SITE PLAN REVIEW (BASEBALL FIELD)

*PETITIONER:*     ST. JOHN VIANNEY HIGH SCHOOL, MIKE LOYET

*PETITIONER'S AGENT:*     ATG SPORTS, DON BOLINGER

*PROPERTY LOCATION:*     1311 S. KIRKWOOD ROAD

*ZONING:*     R-3 SINGLE-FAMILY DISTRICT

*DRAWINGS SUBMITTED:*     SITE DEVELOPMENT PLAN SET SUBMITTED BY STOCK & ASSOCIATES, STAMPED "RECEIVED OCTOBER 14, 2015 CITY OF KIRKWOOD PUBLIC SERVICES"

    LIGHTING PLAN SUBMITTED BY MUSCO, STAMPED "RECEIVED OCTOBER 14, 2015, CITY OF KIRKWOOD PUBLIC SERVICES"

    BASEBALL FIELD IMPROVEMENT SCHEMATICS/DETAILS SUBMITTED BY ATG SPORTS, STAMPED "RECEIVED OCTOBER 14, 2015, CITY OF KIRKWOOD PUBLIC SERVICES"

    LANDSCAPING PLAN SUBMITTED BY JAMES C. FETTERMAN STAMPED "RECEIVED AUGUST 15, 2016, CITY OF KIRKWOOD PUBLIC SERVICES"

*DESCRIPTION OF PROJECT:*

St. John Vianney High School ("Vianney") has used the property that is the subject of this Site Plan Review as a baseball field for many years. Vianney was obligated to obtain site plan approval prior to constructing certain facility improvements. Facility improvements include the following: the conversion of the grass field to a new synthetic playing surface, replacement of existing dugouts with decorative block dugouts, new sidewalks and patio viewing areas and new stadium-style seating (196), fencing, sound system, and lighting.

The application for building permits and site plan approval did not follow the process that is required by the Zoning Code. Vianney and its contractor failed to obtain the necessary building permits prior to the start of construction and failed to submit and file for the appropriate site plan review in accordance with Section A-220 of the Zoning Code prior to the start of construction on this project. In addition, City staff incorrectly informed Vianney that it could install lighting that exceeded the Illumination Levels set forth in Section A-1040 of the Zoning Code. The City subsequently informed Vianney of the error and further informed

September 7, 2016

**EXHIBIT "11"**

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Vianney that the lighting cannot exceed the Illumination Levels set forth in Section 1040.5 of the Zoning Code.

The City issued a stop work order on this project, and required Vianney to file the appropriate building permit applications and the application and submission requirements for site plan review. It is estimated that 80% of the project was completed prior to submission of building permit applications and for site plan review.

*COMPREHENSIVE PLAN:*

This site is designated for Institutional Use by the Vision 2015 Comprehensive Plan. The proposed development is considered an Institutional Use and is consistent with the policies presented by the Vision 2015 Comprehensive Plan.

*LAND USE AND ZONING:*

The subject property is currently zoned R-3 Single-Family Residential District and is developed as a private school, which is a permitted use in the R-3 Single-Family Residential District. Surrounding land uses and zoning include the following:

To the south:   Sunset Hills City Limits – (Residential).

To the north:   Directly abutting the site are single-family homes zoned R-3 Single-Family Residential District and condominiums zoned R-5 Multi-Family Residential District.

To the east:    Directly abutting the site multi-tenant commercial zoned B-5 Planned Commercial District.

To the west:    Directly abutting the site are single-family homes zoned R-3 Single-Family Residential District.

*DEPARTMENTAL/AGENCY COMMENTS:*

Electric:       No Comments.

Engineering:    No Comments

Fire:           No Comments

Water:          No Comments

No outside agencies applicable.

September 7, 2016

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

## DISCUSSION:

A zoning matters sign was placed on the site on October 28, 2015. The subcommittee met on site November 2, 2015; June 29, 2016; and July 13, 2016, with the petitioner. See Exhibit B for a list of people in attendance.  Notices of the meetings had been properly posted.

The subcommittee met on five separate occasions (November 2, 2015; June 6, 2016 (closed); June 29, 2016; July 13, 2016; and August 29, 2016 (closed). The general discussion at all meetings concerned the baseball field lighting, public address system, grading and drainage of the site, and the need for placement of landscaping to buffer the residences adjacent to the field.  Vianney has adjusted the lighting levels on the field lighting to meet the City's Lighting Regulations. It is the City's understanding that these adjustments have eliminated the use of the baseball field for night time sanctioned high school baseball games. The lighting level does allow for the use of the athletic field for soccer and lacrosse. The subcommittee suggested that a third party consultant be used to field verify and certify that the lights meet City regulations. Vianney will be providing a certification from Musco Lighting verifying field lighting levels. It is the staff's opinion that a certification from Musco Lighting is acceptable. The subcommittee requested that Vianney provide input concerning restrictions on the number of days that the lights will be used and time of day to turn the lights off, but Vianney declined to provide any input.

Vianney has used some form of a public address system in the past, and there has been no study conducted to date to address the public address system. The subcommittee suggested that Vianney provide an acoustical study to determine recommended use of the public address system but no study has been provided. Disturbing noises are prohibited under Section 17-36 of the Kirkwood Code of Ordinances and Section 17-37 of the Code addresses conduct constituting disturbing noises.  City staff is not aware of instances in which the public address system used by Vianney has been deemed to be a violation of the Code. However, it is recommended that conditions be imposed on use of the public address system to avoid noise disturbance to the neighboring residents. The subcommittee requested that Vianney provide input concerning restriction on the use of speakers and sound system but Vianney declined to provide any input.

The City Forester and Vianney's landscape architect met on site to determine an acceptable landscape plan, and a landscape plan has been submitted.

The requirements, process and guidelines for Site Plan Review are set forth in Section A-220 of the Zoning Code.  As mentioned above, the appropriate application for Site Plan Review was not submitted prior to construction requiring a building permit but the applicable guidelines, as set forth in Section 220.7, can be applied.

Residents adjoining the site have voiced objections and concerns about the facility's improvements and submitted a petition to amend the Zoning Code. The City also received a Geyer Forest Drive and Forest Glen Lane Property

September 7, 2016

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

Owners Vianney Site Plan Review Position Paper stamped "Received July 12, 2016." It recommends that the Planning and Zoning Commission and the City deny and reject the Vianney site plan until, at least, the lights are removed; no new lighting be allowed; the hours of operation be limited to that which Vianney has historically used; and substantially sized and significant trees be placed all along the property lines. The City has also received e-mail communications from residents expressing their views and opposition to the site plan, including statements that the use of lights will adversely affect the character of the neighborhood and adversely affect the general welfare of the community. The City staff and Planning and Zoning Commission subcommittee considered all of the guidelines and acknowledge that the guidelines state that the proposed development should not adversely affect the character of the neighborhood or adversely affect the general welfare of the community. The guidelines indicating that a proposed development "should not" adversely affect the character of the neighborhood is significantly different from the requirements and standard used on the consideration of a special use permit. Consideration of the guidelines must be made in relationship to the development's conformity with all applicable zoning code requirements. The guidelines provide direction to allow the Planning and Zoning to exercise some discretion in the imposition of conditions and restrictions on the development. The guidelines and other applicable provisions do not provide a basis to deny the site plan or a basis to prohibit the use of lights when the lighting meets the Lighting Regulations set forth in the Zoning Code. The imposition of conditions and restrictions are the appropriate means to address usage of the lights, the sound system and landscape designed to provide reasonable visual and sound buffering.

### RECOMMENDATION:

The Subcommittee recommends that this petition be **approved** with the following conditions:

1.  The project shall be constructed and maintained in accordance with the site development plans stamped "Received October 14, 2015, City of Kirkwood Public Services", except as noted herein.

2.  The lights shall not be used in any manner until the applicant provides a certification satisfactory to the Director of Public Services validating and confirming that the lights are in conformity with the Illumination Levels set forth in Section 1040.5 of the Zoning Code, together with a photometric plan and field verification of compliance.

    Field lighting shall meet the required maximum illumination level of 0.1 footcandles (finished grade) at the property line adjacent to single-family residential uses in order to be turned on for athletic practices or games only, and the field lighting shall only be used between the hours of 7:00 a.m. and 10:00 p.m. June 1st – August 15th and between the hours of 7:00 a.m. and 9:00 p.m. August 16th – May 31st.

September 7, 2016

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM



3. The speakers and sound system may be used not more than 30 minutes prior to a scheduled athletic event and shall be limited to the playing of the national anthem, general pre-game announcements, such as for team lineups, and in no event shall the sound system be utilized for the playing of music, play-by-play announcing, or athletic practices. In addition, the sound system can only be used between the hours of 7:00 a.m. and 10:00 p.m. June 1st – August 15th and between the hours of 7:00 a.m. and 9:00 p.m. August 16th – May 31st. Any future alterations to the sound system, including design, layout and placement of sound system elements, must be approved by the City.

4. Landscaping shall be provided and maintained in accordance with the Landscape Plan stamped "Received August 15, 2016."


Respectfully submitted,


_____          _____
Wanda Drewel                      Dan Stauder


_____
Madt Mallinckrodt


September 7, 2016

Page 5

**EXHIBIT A**
**STANDARD CONDITIONS**

1. The approval of this Site Plan shall not authorize any person to unreasonably alter, increase, or redirect the surface water run off so as to cause harm to any person or property.

2. The premises and improvements as approved by this Site Plan shall be in good working order and maintained in good repair at all times.

3. The applicant, by accepting and acting under the Site Plan approval granted, accepts the approval subject to the reservations, restrictions, and conditions set forth in the Code of Ordinances and in the report and agrees to comply with each provision subject to the penalties prescribed under Section 1-8 of the Code of Ordinances and subject to revocation of this approval in the event such provisions are not complied with.

4. The applicant and his successors and assigns by accepting and acting under the approval herein granted accepts the approval subject to the condition that failure to abate any violation of this approval or any provisions of the Code of Ordinances of the City of Kirkwood within five (5) days after notice by hand delivery or first-class mail shall result in an administrative investigation fee of $500 due to the City of Kirkwood.  An invoice shall be issued.  A Stop Work Order to cease all work on the premises except such work as directed by the Public Services Director to abate the violation may be issued for any work on the premises until the investigation fee is paid in full.  The City may demand payment of said fee from the holder of the letter of credit, any bond, or escrow if not paid within 30 days of the invoice.

Electronically Filed - St Louis County - January 03, 2017 - 04:31 PM

**EXHIBIT B**
**SUBCOMMITTEE MEETINGS**
**ATTENDANCE LIST**

**November 2, 2015**

| | |
|---|---|
| Wanda Drewel – | Subcommittee Chair |
| Dan Stauder – | Subcommittee |
| Madt Mallinckrodt – | Subcommittee |
| Greg Frick – | PZ Chairman |
| Wendell De Phillips – | Petitioner |
| Ryan Spencer– | City Planner |
| Ted Dunkmann– | City Engineer |
| Jack Schenck– | Building Commissioner |

**June 6, 2106**

| | |
|---|---|
| Dan Stauder – | Subcommittee |
| Madt Mallinckrodt – | Subcommittee |
| Russel Hawes– | Chief Administrative Officer |
| Bill Bensing– | Public Services Director |
| John Hessel– | City Attorney |

**June 29, 2016**

| | |
|---|---|
| Wanda Drewel – | Subcommittee Chair |
| Dan Stauder – | Subcommittee |
| Madt Mallinckrodt – | Subcommittee |
| Jim O'Donnell – | PZ Member |
| Cindy Coronado – | PZ Member |
| Allen Klippel – | PZ Chairperson |
| David Eagleton – | PZ Member |
| Nancey Luetzow – | Council Member |
| Maggie Duwe – | Council Member |
| Ryan Spencer – | City Planner |
| Ted Dunkmann – | City Engineer |
| Jack Schenck – | Building Commissioner |
| Bill Bensing – | Public Services Director |
| Mike Loyet – | Petitioner |
| Wendell De Phillips – | Petitioner |
| Katie Maginn – | Neighbor |
| David Powell – | Neighbor |
| Joe Hartman – | Neighbor |
| Mary Murphy – | Neighbor |
| Barbara Schmeding – | Neighbor |
| Skip Bray – | Neighbor |
| Marianne Powell – | Neighbor |
| Holly Tanka – | Neighbor |
| Nan Fritschie – | Neighbor |

September 7, 2016

Page 7

July 13, 2016

Dan Stauder –                    Subcommittee
Madt Mallinckrodt –              Subcommittee
Jim O'Donnell –                  PZ Member
Cindy Coronado  –                PZ Member
Allen Klippel–                   PZ Chairperson
David Eagleton –                 PZ Member
Nancey Luetzow–                  Council Member
Bill Bensing –                   Public Services Director
Mike Loyet –                     Petitioner
Wendell De Phillips –            Petitioner
Marianne Powell –                Neighbor
David Powell –                   Neighbor
Joe Hartman –                    Neighbor
Noah Dickinson –                 Neighbor
Barbara Schmeding –              Neighbor
Thomas Kibby –                   Neighbor
Rachel Kibby –                   Neighbor
Traci Sembroa –                  Neighbor
Nan Fritschle –                  Neighbor
David Mulcahy –                  Neighbor
James Sembroa –                  Neighbor
Vicky Rees –                     Neighbor

August 29, 2016

Wanda Drewel –                   Subcommittee
Dan Stauder –                    Subcommittee
Allen Klippel –                  PZ Chairperson
Bill Bensing–                    Public Services Director
Jonathan Raiche –                City Planner
Amy Lowry –                      Asst. City Planner
John Hessel–                     City Attorney

September 7, 2016

**17SL-CC00078**

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



Stephen L. Kling, Jr.
Email skling@jenkinskling.com

**JENKINS & KLING**, P.C.
**ATTORNEYS AT LAW**

Admitted to Practice in
Missouri

October 6, 2016

**<u>Via Hand Delivery</u>**

Board of Adjustment
City of Kirkwood
139 South Kirkwood Road
Kirkwood, Missouri 63122

     RE:   *Request for Variance*

Dear Board of Adjustment Members:

     On behalf of Vianney, I am delivering for filing the enclosed variance application related to Vianney's sports field lighting. Our firm check in the amount of $500.00 for the non-refundable filing fee is enclosed. In connection with this application, please also find the following enclosures:

- Twelve (12) copies of Vianney's hardship letter;

- Twelve (12) copies of the sports field site plan;

- Twelve (12) copies of an ALTA/ACSM land title survey;

- Twelve (12) copies of the lighting plan submitted to the City on or about early October 2015;

- Twelve (12) copies of an existing survey lighting exhibit; and

- Twelve (12) copies of a photometric plan relating to the sports field lighting.

     Please note that Vianney filed a precautionary appeal on or about March 11, 2016 regarding the determination of Mr. William Bensing that Vianney's ballfield lights and audio system could not be used. At that time, Vianney requested that the City temporarily delay a hearing until Vianney made a decision to file a new variance request so that the March 11, 2016 appeal could be heard at the same time. Please be advised that Vianney will be filing a new appeal of the September 7, 2016 conditional approval of the City of Kirkwood Planning and Zoning Commission regarding to Vianney's sports field cite plan simultaneously with this variance application.

**EXHIBIT "12"**

150 North Meramec Avenue • Suite 400 • St. Louis, Missouri 63105 • Tel 314.721.2525 • Fax 314.721.5525

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

Board of Adjustment
City of Kirkwood
October 6, 2016
Page 2

Please contact me if you have any questions.

Sincerely,

JENKINS & KLING, P.C.

By: _____
Stephen L. Kling, Jr.

SLK/ee
Enclosures

cc:   Mr. Michael Loyet (via email)
      John M. Hessel, Esq. (via email)

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

```
DATE    : Oct/ 5/2016
CHE #   : 39586
AMOUNT  : $500.00
ACCOUNT : GENERAL - 1
PAID TO : City of Kirkwood
```

City of Kirkwood - Variance Fee

CLIENT: 3654 - Vianney High School
MATTER: 3654-001

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**JENKINS & KLING, P.C.**
150 NORTH MERAMEC AVENUE, SUITE 400
ST. LOUIS, MO 63105
PH: (314) 721-2525

FIRST BANK
135 N. MERAMEC
CLAYTON, MISSOURI 63105

80-942/810

39586
**39586**

Five Hundred ***************************************************** 00/100

| | DATE | AMOUNT |
|---|---|---|
| City of Kirkwood | Oct/ 5/2016 | $500.00 |

PAY
TO THE
ORDER
OF

TWO SIGNATURES REQUIRED OVER $500.00

City of Kirkwood - Variance Fee

🔒 SECURITY FEATURES INCLUDED. DETAILS ON BACK. 🔒

⑈039586⑈ ⑈081009428⑈ 9821909352⑈

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



# Board of Adjustment Variance Application

## (VARIANCE)

***A pre-submittal meeting is required; please call (314) 984-6943 to schedule.***

An appointment with staff is required prior to the submittal of a variance application. Your meeting with staff will assist you in preparing your submittal information and help to prevent delays in the process and review of your application by the Board of Adjustment. Please contact TaMara Pelkey, Building Secretary to schedule an appointment at 314-984-6943.

Project Address: <u>1311 S. Kirkwood Rd.</u>  Zoning District: <u>R-3 Residential</u>  Case #_____

---

**Type of Work:** ☐New Construction ☐Addition ■ Other <u>Baseball field renovation</u>
**Type of Structure:** ☐ Single-family ☐ Multi-family ☐ Commercial ■ Other <u>Baseball field lighting/light standards</u>

**Has a previous variance application been filed on these premises within the last three (3) years?** ■ Yes ☐ No
*If yes, provide available information that may affect this application.* Variance dated June 19, 2015 (voided); Appeal dated March 11, 2016; Appeal dated and filed of even date herewith

---

**I hereby certify that all the information provided, and that contained in any supporting documents submitted, are true and accurate to the best of my knowledge and belief.**

### Applicant Information
☐ Property Owner  ☐Occupant  ☐Contractor  ☐Architect  ■Other <u>Attorney</u>
Name: <u>Stephen L. Kling, Jr., Esq.</u>  Phone <u>(314) 721-2525</u>
Address: <u>150 N. Meramec Avenue, Suite 400</u>
City/State/Zip <u>St. Louis, MO 63105</u>  E-mail <u>skling@jenkinskling.com</u>
Applicants Signature: _____  Date  <u>October 6, 2016</u>

### Property Owner Information (if different from above)
Name: <u>Marianist Province of the United States (Vianney—leasehold owner pursuant to long-term lease)</u>
Address: <u>1131 S. Kirkwood Rd.</u>  Phone <u>(314) 965-4853; ext. 112</u>
City/State/Zip <u>Kirkwood, MO 63122</u>  E-mail <u>mloyet@vianney.com</u>
Owner's Signature: _____  Date  <u>October 6, 2016</u>

## The following documents must be submitted with the completed application:

- ☐ Twelve (12) copies of a Sealed Missouri Minimum Standards Boundary Survey(see reverse for specifications)
- ☐ Twelve (12) copies of photographs that show the property requesting variance
- ☐ Twelve (12) copies of elevation plans for side and rear variances
- ☐ Twelve (12) copies of additional drawings that clearly present the facts relating to this appeal
- ☐ One (1) copy of a hardship letter (see reverse for specifications) (SEE ATTACHED)
- ☐ A **$240** non-refundable filing fee for additions, alterations to existing single-family and accessory structures to existing single-family residences such as shed, garages, and swimming pools
- ■ A **$500** non-refundable filing fee for all others not listed above,
- ☐ A **$50** fee for each additional variance request on the same application.

Pursuant to the provisions of Ordinance No. 10103, application is hereby made to vary or modify the order, requirement, decision or ruling of the Building Commissioner or to vary or modify the application of the regulations or provisions of the Zoning Code of the City of Kirkwood, Missouri.

*The required documents have been reviewed and approved for submittal to apply for a variance from the Board of Adjustment.*

Received by: _____  Date: _____

139 S. Kirkwood Rd. Kirkwood, MO  63122  (314) 984-6943 Fax (314) 822-5898

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

## General Information

1. Board of Adjustment members are an appointed group of volunteer citizens.
2. Site visits will be made by the board members prior to the meeting date.
3. Your street address should be visible on the front of the home.
4. Please do not staple together information that you submit, or attempt to assemble in "packet" form.
5. Board of Adjustment hearings are generally held on the second Monday of the month, and at such other times as the board may determine necessary.
6. All information must be submitted twenty-four (24) calendar days prior to the hearing date.
7. The agenda for the board will only accommodate six (6) cases per hearing date.
8. Variance request are reviewed and determined at the scheduled hearing date. Applicants are required to present their cases and answer questions from board members. The Board reserves the right to table applications pending submittal of additional information. All decisions are final and CAN NOT be re-heard. Variances denied may be appealed in circuit court.

## Hardship Letter Information (The following information must be contained in the hardship letter):

1. A description of the intended addition or improvement including description of location/distance from property lines.
2. Written description of setbacks which will be violated, the variance requested, and the section from the Zoning Code.
3. Written description of the practical difficulties or unnecessary hardships which will occur if the strict letter of the Zoning Code is applied.

## Survey Information (The survey must contain the following):

1. Property lines and property dimensions
2. Location, size and shape of any structures presently on the site
3. Location, size and shape of any proposed structures
4. Dimensions showing front, side and rear yard setbacks
5. Dimensions showing distance of structures and proposed structures from property lines
6. If you are requesting a front yard variance for an interior lot located between two (2) improved lots we will need sealed surveys of the front yard setbacks of the improved lots.
7. If you are requesting a front yard variance for a lot located (1) between an improved lot and a vacant lot (2) between an improved lot and a street or (3) between a vacant lot and a street, we will need sealed surveys of the front yard setbacks of every improved lot within a specified distance (as determined by the Zoning District) in the same block and on the same street frontage.
8. The existing grade at the center of the foundation for the proposed structure and the residences on each side of the property (within 200 ft. for a corner lot)
9. The finished first floor height for the proposed residence and for the homes on each side of the property (within 200 ft. for a corner lot)
10. Name and address of property owner, address of project
11. Location and dimensions of parking areas and/or driveways
12. Identification of adjacent streets
13. A North arrow, identification of drawing scale, i.e., 1"=20'

**BOARD OF ADJUSTMENT - SUBMITTAL SCHEDULE- 2016 - *Schedule is subject to change***

| LAST DATE FOR SUBMITTAL* | BOARD OF ADJUSTMENT MEETING DATE** |
|---|---|
| December 18,2015 | January 11,2016 |
| January 15, 2016 | February 8, 2016 |
| February 19, 2016 | March 14, 2016 |
| March 14, 2016 | April 11, 2016 |
| April 11, 2016 | May 9, 2016 |
| May 16, 2016 | June 13, 2016 |
| June 13, 2016 | July 11, 2016 |
| July 11, 2016 | August 8, 2016 |
| August 15, 2016 | September 12, 2016 |
| September 12, 2016 | October 10, 2016 |
| October 17, 2016 | November 14, 2016 |
| November 14, 2016 | December 12, 2016 |
| December 12, 2016 | January 9, 2017 |

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



**JENKINS & KLING, P.C.**
ATTORNEYS AT LAW

Stephen L. Kling, Jr.
Email skling@jenkinskling.com

Admitted to Practice in
Missouri

October 6, 2016

Board of Adjustment
City of Kirkwood
139 South Kirkwood Road
Kirkwood, Missouri 63122

      RE:    *St. John Vianney High School - Pending Appeal and Additional Variance Request*

Dear Members of the Board of Adjustment:

      This letter shall constitute the "hardship letter" requested by the City of Kirkwood (the "*City*") in connection with the request of St. John Vianney High School ("*Vianney*") for a variance from the strict application of lighting regulations (the "*Lighting Regulations*"). Vianney has been denied almost all beneficial use of its sports field lights in correspondence from the City and as part of the site plan review process. An appeal of the recent Planning & Zoning Commission decision on Vianney's site plan is being made simultaneously with this variance request.

      There are no setbacks that will be violated. The variance relates to Section A-1040 of the Lighting Regulations and particularly Subsection 1040.5: (2), which places a maximum illumination level at the property lines adjacent to single family residential uses of less than or equal to 0.1 footcandles (fc) at finished grade. Section 1110.3 of the City's Zoning Code empowers the City's Board of Adjustment to grant area or non-use variances to vary or modify the application of any of the regulations or provisions of the Zoning Code where there are practical difficulties or unnecessary hardships in carrying out the strict letter of the Zoning Code.

      Vianney has constructed its sports field lights in accordance with the City's building permit dated October 15, 2015 and photometric lighting plan submitted in connection therewith. The City's officials further instructed Vianney it could proceed to construct the lights and that no variance was needed. After the lights were completely constructed in accordance with the submitted lighting plan, the City sent a letter forbidding Vianney to use the lights due to non-compliance with the Lighting Regulations. Vianney filed an appeal of that decision on March 11, 2016 which is currently pending in front of this Board. Subsequently, the City required a site plan for the new lighting and improved sports field to be approved by its Planning & Zoning Commission in compliance with the 0.1 footcandle limitation of the City's Zoning Code to use the sports field. A plan was submitted utilizing only a small portion of the lights in compliance with the 0.1 footcandle limit, but such usage will not permit safe lighting for official competitive sports events. The Commission also imposed unreasonable, arbitrary, vague, and impractical limitations when lights can be used and limited almost all meaningful use of Vianney's sound system.

      The specific variance requested by Vianney is to use the lights over the strict levels found in Section A-1040 in accordance with the original lighting plan. As part of its request, Vianney is willing to agree to the following limitations on use as a sports field usage mitigation plan to be included as part of the official variance approval:

**17SL-CC00078**

Electronically Filed - St. Louis County - January 03, 2017 - 05:13 P.1

Board of Adjustment
City of Kirkwood
October 6, 2016
Page 2

a.    During the periods of November 15 to March 14 and June 1 to August 31 of each calendar year, the lights shall not be turned on at any time;

b.    Lights shall not be turned on on any Sunday during the entire calendar year;

c.    During the periods of March 15 to May 31 and September 1 to November 14 of each year, the lights shall be completely turned off no later than 9:00 p.m., except: (i) one light standard shall be permitted to remain turned on for a reasonable time thereafter to allow for the safe exit of players and visitors, and (ii) Vianney shall be granted ten (10) exceptions during the period of use to extend the light usage until 10:00 p.m. in circumstances of a late start, inclement weather delay, or other unforeseen acts of God, unsafe conditions or unique situations;

d.    Use of the sound system shall comply with Section 17-36 of the City Code of Ordinances. The sound system shall not be used later than 9:00 p.m., except that Vianney shall be granted ten (10) exceptions during the period of use to extend the sound system usage until 10:00 p.m. in circumstances of a late start, inclement weather delay, or other unforeseen acts of God, unsafe conditions or unique situations. No music shall be played after 7:15 p.m., except that the National Anthem shall be permitted to be played on the sound system at the beginning of games commencing after such time;

e.    Vianney shall utilize a maximum of four (4) speakers (reduced from an available six (6) speakers);

f.    Vianney is willing to lower the location of the speakers on the poles on which they are mounted if requested by the City or neighboring property owners;

g.    Vianney shall use all reasonable efforts to encourage visitors not to park on neighboring streets located in the Geyer Forest, Forest Glen, and Oakshire Estates Subdivisions and not to utilize such subdivisions as a means to access the Vianney field; and

h.    For the few properties for which lighting at the property line exceeds 0.1 footcandles (fc) at finished grade, Vianney shall provide a one-time allowance of $2,000.00 to provide for additional landscaping on the affected property owner's property, the type and placement of which shall be as reasonably requested by the Owner and for blinds, awnings and window treatments.

As this is a non-use variance request, the applicable standard is practical difficulties, not unnecessary hardship, if the strict letter of the Zoning Code is applied. The practical difficulties are as follows:

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

Board of Adjustment
City of Kirkwood
October 6, 2016
Page 3

1.    Vianney cannot use the existing lights for any official competitive sporting events in conformance with recognized nationwide safety guidelines and requirements the new public address/audio system to safely light the fields without coming into direct conflict with Section A-1040.

2.    Vianney constructed its sports field lights in good faith and on reliance upon a building permit issued by the building commissioner of the City and an email from the City informing Vianney it could proceed without a variance. Upon construction, Vianney further expanded its number of games, advertised the lighted fields, and advertised the expanded freshmen teams to potential students. The City has since claimed a mistake and has forbidden use of the lights as approved and constructed. This unique circumstance requires relief and will provide that substantial justice will be done as envisioned under Section 1110.3(3). Reliance upon a permit issued by mistake can constitute the basis for granting a variance. *Arens v. City of St. Louis*, 872 S.W.2d 631 (Mo. App. E.D. 1994); *Taylor v. Board of Zoning Adjustment of Blue Springs*, 738 S.W.2d 141 (Mo. App. W.D. 1987); *Stockwell v. Board of Zoning Adjustment of Kansas City*, 434 S.W.2d 785 (Mo. App. W.D. 1968).

3.    The City's lighting ordinance limitation for maximum footcandles is unreasonable and excessively restrictive for typical sports field lighting use, and effectively prohibits all use of the sports field lights for official competitive sporting events, the reason for which they were built.

4.    The City's lighting ordinance limitation for maximum footcandles is far too low to properly and safely light a sports field for regular games given a typical configuration next to a residential area both within and outside the City.

5.    Vianney will suffer significant financial loss and the lighting system will be, in effect, inversely condemned. Vianney has spent $235,000.00 in constructing the lights and will suffer further losses of revenue from expected fees for use of the sports fields by third parties.

6.    Due to the topography, layout, and size of the school, the lighting standards cannot practically be relocated farther away from residential properties.

Moreover, as Vianney will demonstrate, only a very few properties are directly affected by the lighting exceeding the current Zoning Code maximum.

Vianney believes any one of the practical difficulties is sufficient to grant a variance and is prepared to make a presentation to the City's Board of Adjustment in this regard and with respect to the pending appeal request of the decision of the building commissioner filed on March 11, 2016 and the appeal of the site plan made in connection herewith.

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

Board of Adjustment
City of Kirkwood
October 6, 2016
Page 4

       Accordingly, Vianney requests the pending appeals and the variance request be placed together on the agenda of the City's Board of Adjustment as the submittals and information for all will be similar. Vianney is prepared to submit testimony and exhibits in connection with this variance request at a hearing duly called.

Sincerely,

JENKINS & KLING, P.C.

By: _____
        Stephen L. Kling, Jr.

SLK/mcb

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



SITE IMPROVEMENT PLANS FOR:

VIANNEY HIGH SCHOOL

BASEBALL / SOCCER TURF FIELD

1311 SOUTH KIRKWOOD ROAD, KIRKWOOD, MO 63122

Electronically Filed - St Louis Courcy - January 03, 2017 - 05:13 Pm



ALTA/ACSM LAND TITLE SURVEY

ST. JOHN VIANNEY HIGH SCHOOL
1311 SOUTH KIRKWOOD ROAD
ST. LOUIS COUNTY, MISSOURI 63122

1 OF 3

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



# ALTA/ACSM LAND TITLE SURVEY

ST. JOHN VIANNEY HIGH SCHOOL

1311 SOUTH KIRKWOOD ROAD
ST. LOUIS COUNTY, MISSOURI 63122

S. KIRKWOOD ROAD

INTERSTATE ROUTE 44 (I-44)

BIG BEND BLVD.

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

# ALTA/ACSM LAND TITLE SURVEY

A TRACT OF LAND BEING PART WALTHER SUBDIVISION, A SUBDIVISION ACCORDING TO
THE PLAT THEREOF AS RECORDED IN PLAT BOOK 50A, PAGES 93 AND 94 LOCATED IN
SECTION 12, TOWNSHIP 44 NORTH, RANGE 5 EAST OF THE FIFTH PRINCIPAL MERIDIAN
ST. LOUIS COUNTY, MISSOURI

**LOCATION MAP**

**ALTA/ACSM LAND TITLE SURVEY**

## ST. JOHN VIANNEY HIGH SCHOOL

1311 SOUTH KIRKWOOD ROAD
ST. LOUIS COUNTY, MISSOURI 63122

PREPARED BY:

**Stock & Associates**
Consulting Engineers, Inc.

3 of 3

SHEET TITLE
ALTA/ACSM
LAND TITLE
SURVEY

Electronically Filed - St Louis County - January 03, 2017 - 05:13 P.M

## Project Submittal: **Approval**

August 11, 2015

Mike Loyet
St John Vianney High School
1311 South Kirkwood Road
Saint Louis, MO  63122

RE:        Saint John Vianney High School
           Project #171842

Dear Mr. Mike Loyet,

This letter is to serve as our request for approval of submittals for production provided by Musco Sports Lighting, LLC.  Please review the enclosed documents for accuracy and note changes where appropriate.  Upon your approval, we can begin custom fabrication of the materials for your project.

The following items need verified prior to beginning the manufacturing process:

• Pole locations as shown on equipment layout or scans

We shall deliver equipment to the job site 4 - 6 weeks, after submittal approval or release of order.

Please indicate your approval of these submittals in their entirety by signing below.

| | |
|---|---|
| _____ | _____ |
| Authorized Signature | Date |
| _____ | _____ |
| Printed Name | Company Name |

Please return one copy of this form to:

MUSCO SPORTS LIGHTING, LLC.
Attn:  Matt Stranberg
2107 Stewart Road
Muscatine, Iowa 52761
Phone: 800-756-1205
Fax: 800-374-6402



CITY OF KIRKWOOD
PUBLIC WORKS DEPARTMENT



Saint John Vianney High School, 171842

Electronically Filed - St Louis County - January 03, 2017 - 05:13 P.

## MUSCO LIGHTING SUBMITTAL FOR PRODUCTION
## PREPARED FOR:

# Saint John Vianney High School

### Baseball Lighting Project
### Saint Louis, MO
### August 11, 2015

### Project #171842

*Submitted by:*

## Musco Sports Lighting, LLC

2107 Stewart Road
Muscatine, Iowa 52761
Local Phone: 563-263-2281
Toll Free: 800-756-1205
Fax:800-374-6402



This information is provided by Musco exclusively for this project. Reproduction or distribution of the enclosed documents or information without the written permission of Musco Sports Lighting, LLC is

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

Project Submittal, Table of Contents

## A. BILL OF MATERIALS

## B. LIGHTING DESIGN
Computer Model - Light Level Scans
Drawing # 171842-D, dated 14-Jul-15

## C. LIGHTING CONTACTOR CABINETS
System Summary - Drawing # 171842P1V1-0811110903, dated 11-Aug-15

## D. STRUCTURAL INFORMATION
Drawing # 171842

## E. WARRANTY
Musco 10/2 Warranty

## F. PRODUCT INFORMATION
Pole Configuration Drawings
Light-Structure Green Component Drawings
Lighting Contactor Cabinet Datasheet
Smart Lamp 1500W_60Hz Datasheet
UL Letter



Electronically Filed - St Louis County - January 03, 2017 - 05:13 P.M

# B. LIGHTING DESIGN

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



ILLUMINATION SUMMARY

Electronically Filed - St Louis County - January 03, 2017 - 05:13 P.M

**17SL-CC00078**



| Luminaire | | | |
|---|---|---|---|
| LAMP TYPE | QTY POLE | THRU GRID | OTHER GRIDS |
| 500W MZ | 7 | 7 | 0 |
| 500W MZ | 16 | 16 | 0 |
| 500W MZ | 10 | 10 | 0 |
| | 66 | 66 | 0 |





MY PROJECT

Name: Saint John Vianney High School Base
Soccer
Location: Saint Louis,MO

GRID SUMMARY

Name: Property Line Spill
Spacing: 30.0'
Height: 3.0' above grade

CONSTANT ILLUMINATION

SUMMARY                                MAX VERTICAL FOOTCANI

| | Entire Grid |
|---|---|
| Scan Average: | 2.5890 |
| Maximum: | 10.72 |
| Minimum: | 0.14 |
| No. of Points: | 53 |

LUMINAIRE INFORMATION

| | |
|---|---|
| Luminaire Type: | Green Generation |
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 0.999 |
| No. of Luminaires: | 66 |
| Avg KW: | 103.22 (112.2 max) |

**Guaranteed Performance:** The CONSTANT ILLUMINATION
described above is guaranteed for the design
usage hours of the system.

**Field Measurements:** Illumination measured in accordance with
IESNA LM-5-04 and CIBSE LG4. Individual values may vary.
See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage
Draw Chart and/or the "Musco Control System Summary"
for electrical sizing.

**Installation Requirements:** Results assume +/- 3%
nominal voltage at line side of the ballast and structures
located within 3 feet (1m) of design locations.

ENGINEERED DESIGN
By: Joel Stout

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



| uminaires | | | |
|---|---|---|---|
| AP | QTY/ POLE | THIS GRID | OTHER GRIDS |
| YE | | | |
| Y MZ | 7 | 7 | 0 |
| / MZ | 16 | 16 | 0 |
| / MZ | 10 | 10 | 0 |
| . | 66 | 66 | 0 |



**MUSCO** Lighting

## MY PROJECT

Name: Saint John Vianney High School Baseball Soccer
Location: Saint Louis,MO

## GRID SUMMARY

Name: Property Line Spill
Spacing: 30.0'
Height: 3.0' above grade

## CONSTANT ILLUMINATION

SUMMARY                                    HORIZONTAL FOOTCANDLES

|  | Entire Grid |
|---|---|
| Scan Average: | 0.9750 |
| Maximum: | 5.17 |
| Minimum: | 0.01 |
| No. of Points: | 53 |

LUMINAIRE INFORMATION

| Luminaire Type: | Green Generation |
|---|---|
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 0.999 |
| No. of Luminaires: | 66 |
| Avg KW: | 103.22 (112.2 max) |

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA LM-5-04 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## ENGINEERED DESIGN

By: Joel Stout
File # / Date: 171842-D                    14-Jul-15

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2014 Musco Sports Lighting, LLC.

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s) ⊗

Electronically Filed   St. Louis County - January 03, 2017 - 05:13 PM



SITE IMPROVEMENT PLANS FOR:

**VIANNEY HIGH SCHOOL**

BASEBALL / SOCCER TURF FIELD

1311 SOUTH KIRKWOOD ROAD, KIRKWOOD, MO 63122

PREPARED BY:

STOCK & ASSOCIATES Consulting Engineers, Inc.

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



Photometric plan for Vianney baseball field

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



## JENKINS & KLING, P.C.
### ATTORNEYS AT LAW

Stephen L. Kling, Jr.
Email skling@jenkinskling.com

Admitted to Practice in
Missouri

October 6, 2016

**RECEIPT**

October 6, 2016

  Received of Jenkins & Kling, P.C. one (1) Board of Adjustment Variance Application and check in the amount of $500.00 for the non-refundable filing fee filed on behalf of St. John Vianney High School. The following submittals were enclosed with such application:

- Twelve (12) copies of Vianney's hardship letter;

- Twelve (12) copies of the sports field site plan;

- Twelve (12) copies of an ALTA/ACSM land title survey;

- Twelve (12) copies of the lighting plan submitted to the City on or about early October 2015;

- Twelve (12) copies of an existing survey lighting exhibit; and

- Twelve (12) copies of a photometric plan relating to the sports field lighting.

City of Kirkwood

By: _____ 10/6/16

Print Name: __Jonathan D. Raiche__

Title: __City Planner__

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

**JENKINS & KLING, P.C.**
DATE    : Oct/ 5/2016
CHE #   : 39586
AMOUNT  : $500.00
ACCOUNT: GENERAL - 1
PAID TO: City of Kirkwood

**39586**

City of Kirkwood - Variance Fee

CLIENT: 3654 - Vianney High School
MATTER: 3654-001

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

**17SL-CC00078**



Stephen L. Kling, Jr
Email: skling@jenkinskling.com

**JENKINS & KLING, P.C.**
ATTORNEYS AT LAW

Admitted to Practice in
Missouri

October 18, 2016

Board of Adjustment
City of Kirkwood
139 South Kirkwood Road
Kirkwood, Missouri 63122

RE:   *St. John Vianney High School Variance Request Submitted October 6, 2016*

Dear Members of the Board of Adjustment:

This firm and the undersigned represent St. John Vianney High School. Enclosed herein please find twelve (12) copies of a **revised** lighting plan to be substituted for the previously submitted lighting plan. After significant analysis and study, Musco Lighting has designed a new plan that is far superior to the prior plan and has enough illumination to be used in accordance with applicable guidelines and regulations. Some features of the new plan are:

1. Only 56 of the 66 lights will be needed to be on at one time;

2. There are only 3 properties which are impacted by more than 0.1 footcandles at the property lines;

3. Vianney is advised that 2 of the 3 affected property owners do not object to the lights and Vianney anticipates providing confirmation at the hearing in connection with their presentation of evidence;

4. The impact levels for the 3 properties have all been reduced dramatically so that now the highest reading of the 3 properties is .2, .9, and 1.3, respectively, and in most cases that highest number affects only a portion of the property line.

Please substitute this new plan as mentioned above and advise of the anticipated hearing date on Vianney's variance request at your earliest convenience.

Sincerely,

JENKINS & KLING, P.C.

By: _____
Stephen L. Kling, Jr.

SLK/ee
Enclosures

cc w/enc:    John M. Hessel, Esq.

**EXHIBIT "13"**

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



ILLUMINATION SUMMARY



# MY PROJECT

**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis, MO

## GRID SUMMARY

**Name:** Property Line
**Spacing:** 30.0'
**Height:** 4.9' above grade

## CONSTANT ILLUMINATION

|  | Entire Grid |
|---|---|
| Scan Average: | 0.252 |
| Maximum: | 1.35 |
| Minimum: | 0.01 |
| No. of Points: | 53 |

**Luminaire Type:** Green Generation
**Design Usage Hours:** 5,000 hours
**Design Lumens:** 134,000
**Avg Lamp Tilt Factor:** 1.000
**No. of Luminaires:** 56
**Avg KW:** 87.58 (95.2 max)

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## ENGINEERED DESIGN

**By:** Justin Van Soelen
**File # / Date:** 171842-D-prod-split1     12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s) ⊗

# ILLUMINATION SUMMARY

## EQUIPMENT LIST FOR AREAS SHOWN

| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY / POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 13 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 12 | 4 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 9 | 1 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 2 | 0 |
| 6 |  |  | TOTALS |  |  | 66 | 56 | 10 |

SCALE IN FEET 1 : 200

0        200'        400'

Case: 4:17-cv-00805-RLW   Doc. #: 1-1   Filed: 03/01/17   Page: 104 of 137 PageID #: 110



**MY PROJECT**

Name: Saint John Vianney High School Baseball
Location: Saint Louis,MO

**GRID SUMMARY**

Name: Parcel 1
Spacing: 30.0'
Height: 1.5' above grade

**CONSTANT ILLUMINATION**

| Summary | Entire Grid |
| --- | --- |
| Scan Average: | 0.038 |
| Maximum: | 0.07 |
| Minimum: | 0.02 |
| No. of Points: | 21 |

Luminaire Type: Green Generation
Design Usage Hours: 5,000 hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56
Avg kW: 87.58 (95.2 max)

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

By: Justin Van Seelen
File # / Date: 171842-D-prod-spjilR1    12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

**ILLUMINATION SUMMARY**

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s)  ⊗

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | Pole LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | Luminaires LAMP TYPE | QTY / POLE | THIS GRID | OTHER GRIDS |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | TOTALS | | | 66 | 56 | 10 |

SCALE IN FEET 1 : 200

0'        200'        400'



**EQUIPMENT LIST FOR AREAS SHOWN**

**ILLUMINATION SUMMARY**

MY PROJECT

Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**

Name: Parcel 2
Spacing: 30.0'
Height: 2.2' above grade

**CONSTANT ILLUMINATION**

| | Entire Grid |
|---|---|
| Scan Average: | 0.057 |
| Maximum: | 0.13 |
| Minimum: | 0.02 |
| No. of Points: | 22 |
| Luminaire Type: | Green Generation |
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 1.000 |
| No. of Luminaires: | 56 |
| Avg KW: | 87.58 (95.2 max) |

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

By: Justin Van Soelen
File # / Date: 171842-D-prod-spillr1     12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

Pole location(s)  ⊕ dimensions are relative
to 0,0 reference point(s)  ⊗

SCALE IN FEET 1 : 200

0        200       400'



**MY PROJECT**

**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis MO

**GRID SUMMARY**

**Name:** Parcel 3
**Spacing:** 30.0'
**Height:** 2.1' above grade

**CONSTANT ILLUMINATION**

SUMMARY

| | Entire Grid |
|---|---|
| **Scan Average:** | 0.041 |
| **Maximum:** | 0.07 |
| **Minimum:** | 0.02 |
| **No. of Points:** | 12 |

LUMINAIRE INFORMATION

**Luminaire Type:** Green Generation
**Design Usage Hours:** 5,000 hours
**Design Lumens:** 134,000
**Avg Lamp Tilt Factor:** 1.000
**No. of Luminaires:** 56

**Avg KW:** 87.58 (95.2 max)

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CRSSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical string.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

**By:** Justin Van Soelen
**File # / Date:** 17/1842-D-prod-spillR1    12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2015 Musco Sports Lighting, LLC.

**ILLUMINATION SUMMARY**

Pole location(s)    dimensions are relative
to 0,0 reference point(s)  ⊗

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY/ POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | **TOTALS** | | 66 | 56 | 10 |

SCALE IN FEET 1 : 200

0'    200'    400'



ILLUMINATION SUMMARY



**MY PROJECT**

**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis, MO

**GRID SUMMARY**

**Name:** Parcel 5
**Spacing:** 30.0'
**Height:** 1.1' above grade

**CONSTANT ILLUMINATION**

Entire Grid
**Scan Average:** 0.072
**Maximum:** 0.10
**Minimum:** 0.04
**No. of Points:** 15
**Luminaire Type:** Green Generation
**Design Usage Hours:** 5,000 hours
**Design Lumens:** 134,000
**Avg Lamp Tilt Factor:** 1.000
**No. of Luminaires:** 56
**Avg KW:** 87.58 (95.2 max)

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

**By:** Justin Van Soelen
**File # / Date:** 171842-D-prod-spillR1      12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

**ILLUMINATION SUMMARY**

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | LOCATION | Pole SIZE | GRADE ELEVATION | MOUNTING HEIGHT | Luminaires LAMP TYPE | QTY / POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | TOTALS | | 66 | 56 | 10 |

Pole location(s) ⊕ — dimensions are relative to 0.0 reference point(s)

SCALE IN FEET 1 : 200

0          200'          400'



# ILLUMINATION SUMMARY

## MY PROJECT
**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis, MO

## GRID SUMMARY
**Name:** Parcel 6
**Spacing:** 30.0'
**Height:** 1.1' above grade

## CONSTANT ILLUMINATION

| | Entire Grid |
|---|---|
| **Scan Average:** | 0.042 |
| **Maximum:** | 0.05 |
| **Minimum:** | 0.03 |
| **No. of Points:** | 10 |

**Luminaire Type:** Green Generation
**Design Usage Hours:** 5,000 hours
**Design Lumens:** 134,000
**Avg Lamp Tilt Factor:** 1.000
**No. of Luminaires:** 56

**Avg KW:** 87.58 (95.2 max)

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## ENGINEERED DESIGN
**By:** Justin Van Soelen
**File # / Date:** 171842-D-prod-spillR1    12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

Pole location(s) ✥ dimensions are relative to (0,0 reference point(s)) ⊗

## EQUIPMENT LIST FOR AREAS SHOWN

| QTY | LOCATION | Pole SIZE | GRADE ELEVATION | MOUNTING HEIGHT | Luminaires LAMP TYPE | QTY POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | -- | 90' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | -- | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | -- | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | TOTALS | | 66 | 56 | 10 |

SCALE IN FEET 1 : 200

C2

C1

B2

A2

B1

A1



## ILLUMINATION SUMMARY



**MY PROJECT**
Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**
Name: Parcel 7
Spacing: 30.0'
Height: -0.4' above grade

**CONSTANT ILLUMINATION**

Entire Grid
Scan Average: 0.033
Maximum: 0.04
Minimum: 0.02
No. of Points: 12
Luminaire Type: Green Generation
Design Usage Hours: 5,000 hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56
Avg KW: 87.58 (95.2 max)

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/-3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**
By: Justin Van Soelen
File # / Date: 171842-D-prod-split1    12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

### EQUIPMENT LIST FOR AREA 1 SHOWN

| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LUMINAIRES TYPE | QTY / POLE | THIS GRID | OTHER GRIDS |
|-----|----------|------|-----------------|-----------------|-----------------|------------|-----------|-------------|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | | TOTALS | 65 | 55 | 10 |

SCALE IN FEET 1 : 200

0'        200'        400'

Pole location(s)    dimensions are relative to (0) reference point(s)



## MY PROJECT

**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis,MO

## GRID SUMMARY

**Name:** Parcel B
**Spacing:** 30.0'
**Height:** -0.4' above grade

## CONSTANT ILLUMINATION

| | Entire Grid |
|---|---|
| Scan Average: | 0.055 |
| Maximum: | 0.07 |
| Minimum: | 0.03 |
| No. of Points: | 13 |

**Luminaire Type:** Green Generation
**Design Usage Hours:** 5,000 hours
**Design Lumens:** 134,000
**Avg Lamp Tilt Factor:** 1.000
**No. of Luminaires:** 56
**Avg kW:** 87.58 (95.2 max)

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/-3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## ENGINEERED DESIGN

**By:** Justin Van Soelen
**File / Date:** 171842-D-prod-spillR1      12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

# ILLUMINATION SUMMARY

## EQUIPMENT LIST FOR AREAS SHOWN

| | | Pole | | | Luminaires | | | | |
|---|---|---|---|---|---|---|---|---|---|
| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY / POLE | THIS GRID | OTHER GRIDS | |
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 | |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 | |
| 1 | B2 | 80' | | 80' | 1500W MZ | 16 | 12 | 4 | |
| 1 | C1 | 70' | | 70' | 1500W MZ | 10 | 9 | 1 | |
| 1 | C2 | 70' | | 70' | 1500W MZ | 10 | 8 | 2 | |
| 6 | | | | TOTALS | | 66 | 56 | 10 | |

**SCALE IN FEET 1 : 200**

0    200    400

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s) ⊗



Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

## ILLUMINATION SUMMARY

**MY PROJECT**

Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**

Name: Parcel 9
Spacing: 30.0'
Height: 0.4' above grade

**CONSTANT ILLUMINATION**

Summary

| | Entire Grid |
|---|---|
| Scan Average: | 0.098 |
| Maximum: | 0.14 |
| Minimum: | 0.05 |
| No. of Points: | 13 |

Luminaire Type: Green Generation
Design Usage Hours: 5,000 hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56

Avg KW: 87.58 (95.2 max)

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

By: Justin Van Soelen
File # / Date: 171842-D-prod-spillR1     12-Oct-16

Pole location(s), ⊕ dimensions are relative to (0,0 reference point(s)) ⊗

### EQUIPMENT LIST FOR AREAS SHOWN

| QTY | Pole LOCATION | Pole SIZE | GRADE ELEVATION | MOUNTING HEIGHT | Luminaires LAMP TYPE | QTY / POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 13 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 15 | 12 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 11 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | TOTALS | | 65 | 56 | 10 |

SCALE IN FEET 1 : 200

0'    200'    400'



**MY PROJECT**

Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**

Name: Parcel 10
Spacing: 30.0'
Height: 0.4' above grade

**CONSTANT ILLUMINATION**

| Entire Grid | |
|---|---|
| Scan Average: | 0.426 |
| Maximum: | 0.92 |
| Minimum: | 0.08 |
| No. of Points: | 13 |

Luminaire Type: Green Generation
Design Usage Hours: 5,000 Hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56

Avg kW: 87.58 (95.2 max)

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

By: Justin Von Soeften        12-Oct-16
File # / Date: 171842-D-prod-spillR1

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

**ILLUMINATION SUMMARY**

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | Pole | | Luminaires | | | GRID | | |
|---|---|---|---|---|---|---|---|---|
| | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY / POLE | THIS GRID | OTHER GRIDS |
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 0 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 80' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | | TOTALS | 66 | 56 | 10 |

Pole location(s) ⊕  ⊕ dimensions are relative to 0,0 reference point(s) ⊗

SCALE IN FEET 1 : 200

0'        200'        400'



ILLUMINATION SUMMARY

**MY PROJECT**

Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**

Name: Parcel 11
Spacing: 30.0'
Height: -3.9' above grade

**CONSTANT ILLUMINATION**

Entire Grid

Scan Average: 0.032
Maximum: 0.05
Minimum: 0.02
No. of Points: 12
Luminaire Type: Green Generation
Design Usage Hours: 5,000 hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56
Avg KW: 87.58 (95.2 max)

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

By: Justin Van Seelen
File # / Date: 171842-D-prod-split1    12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s) ⊗

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | Pole | | | | Luminaires | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | LOCATION | SIZE | GROUND ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY/ POLE | THIS GRID | OTHER GRIDS |
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 15 | 13 | 3 |
| 1 | B2 | 80' | · | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 80' | · | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | · | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | | | | TOTALS | | 65 | 56 | 10 |

SCALE IN FEET 1 : 200

0'    200'    400'

C1
C2
B2
A2
B1
A1



**MUSCO Lighting**

**MY PROJECT**

Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**

Name: Parcel 12
Spacing: 30.0'
Height: -10.2' above grade

**CONSTANT ILLUMINATION**

| | Entire Grid |
|---|---|
| Scan Average: | 0.073 |
| Maximum: | 0.14 |
| Minimum: | 0.03 |
| No. of Points: | 14 |
| Luminaire Type: | Green Generation |
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 1.000 |
| No. of Luminaires: | 56 |
| Avg KW: | 87.58 (95.2 max) |

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**

By: Justin Van Seeten
File # / Date: 171842-D-prod-spill#1      12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

## ILLUMINATION SUMMARY

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | Pole LOCATION | Pole SIZE | GRADE ELEVATION | MOUNTING HEIGHT | Luminaires LAMP TYPE | QTY/POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 |
| 6 | TOTALS | | | | | 66 | 56 | 10 |

Pole location(s) ⬦ - dimensions are relative to 0,0 reference point(s) ⊗

**SCALE IN FEET 1 : 200**

0      200      400



**MY PROJECT**
Name: Saint John Vianney High School Baseball
Location: Saint Louis,MO

**GRID SUMMARY**
Name: Parcel 13
Spacing: 30.0'
Height: -16.5' above grade

**CONSTANT ILLUMINATION**

| | Entire Grid |
|---|---|
| Scan Average: | 0.118 |
| Maximum: | 0.24 |
| Minimum: | 0.04 |
| No. of Points: | 18 |
| Luminaire Type: | Green Generation |
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 1.000 |
| No. of Luminaires: | 56 |
| Avg KW: | 87.58 (95.2 max) |

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

**ENGINEERED DESIGN**
By: Justin Van Soelen          12-Oct-16
File # / By: 171842-20-prod-sp/Rt1

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

**ILLUMINATION SUMMARY**

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | Pole | | | | Luminaires | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY PER POLE | THIS GRID | OTHER GRIDS | |
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 | 7 | 0 | |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 | |
| 1 | B2 | 80' | 4' | 80' | 1500W MZ | 16 | 12 | 4 | |
| 1 | C1 | 70' | 4' | 70' | 1500W MZ | 10 | 9 | 1 | |
| 1 | C2 | 70' | 4' | 70' | 1500W MZ | 10 | 8 | 2 | |
| 6 | | | TOTALS | | | 66 | 56 | 10 | |

SCALE IN FEET 1 : 200

0     200     400'

Pole location(s) ⊕  ⊕ dimensions are relative to 0,0 reference point(s) ⊗

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



## MUSCO Lighting

### MY PROJECT
**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis, MO

### GRID SUMMARY
**Name:** Parcel 14
**Spacing:** 30.0'
**Height:** -13.4' above grade

### CONSTANT ILLUMINATION

| | Entire Grid |
|---|---|
| Scan Average: | 0.065 |
| Maximum: | 0.14 |
| Minimum: | 0.03 |
| No. of Points: | 17 |
| Luminaire Type: | Green Generation |
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 1.000 |
| No. of Luminaires: | 56 |
| Avg KW: | 87.58 [95.2 max] |

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

### EQUIPMENT LIST FOR AREAS SHOWN

| QTY | LOCATION | Pole SIZE | GRADE ELEVATION | MOUNTING HEIGHT | QTY LAMP TYPE | Luminaires | QTY THIS POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 7 | 1500W M2 | 16 | 13 | 0 |
| 1 | B1 | 80' | 4' | 84' | 7 | 1500W M2 | 16 | 12 | 3 |
| 1 | R2 | 80' | -' | 80' | 7 | 1500W M2 | 16 | 13 | 4 |
| 1 | C1 | 70' | -' | 70' | 7 | 1500W M2 | 10 | 9 | 1 |
| 1 | C2 | 70' | -' | 70' | 7 | 1500W M2 | 10 | 8 | 2 |
| 6 | | | | TOTALS | | | 66 | 56 | 10 |

**SCALE IN FEET 1 : 200**

0    200    400'

C2
C1
B2
A2
B1
A1

Pole location(s)   ⊕ dimensions are relative to 0/0 reference point(s)

### ENGINEERED DESIGN
**By:** Justin Van Soelen
**File # / Date:** 171842-D-prod-gsfiR1     12-Oct-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

## ILLUMINATION SUMMARY



ILLUMINATION SUMMARY





**17SL-CC00078**

MUSCO Lighting

**MY PROJECT**

Name: Saint John Vianney High School Baseball
Location: Saint Louis, MO

**GRID SUMMARY**

Name: Parcel 1
Spacing: 30.0'
Height: -1.4' above grade

**CONSTANT ILLUMINATION**

SUMMARY | Entire Grid | HORIZONTAL FOOTCANDLES

Scan Average: 0.038
Maximum: 0.07
Minimum: 0.02
No. of Points: 21

LUMINAIRE INFORMATION

Luminaire Type: Green Generation
Design Usage Hours: 5,000 hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56

Avg KW: .87/.58 (95.2 max)

**EQUIPMENT LIST FOR AREAS SHOWN**

| QTY | LOCATION | Pole SIZE | GRADE ELEVATION | MOUNTING HEIGHT | Luminaires LAMP TYPE | QTY THIS POLE | THIS GRID | OTHER GRIDS |
|---|---|---|---|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 16 | 13 | 3 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 84' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 8 | 8 | 2 |
| 6 | | | TOTALS | | | 66 | 56 | 10 |

Pole location(s) ⬦ dimensions are relative
to 0,0 reference point(s) ⊗

SCALE IN FEET 1 : 200

0   200'   400'

**ENGINEERED DESIGN**

File # / Date: 171842-D-prod-spillIR3
By: Justin Van Soelen
28-Nov-16

**EXHIBIT "14"**

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

**ILLUMINATION SUMMARY**

Guaranteed Performance: The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

Field Measurements: Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

Electrical System Requirements: Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

Installation Requirements: Results assume +/- 3% nominal voltage at the side of the ballast and structures located within 3 feet (1m) of design locations.

Labels on plan: A1, B1, A2, B2, C1, C2







## EQUIPMENT LIST FOR AREAS SHOWN

### Pole

| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT |
|---|---|---|---|---|
| 2 | A1-A2 | 70' | 4' | 74' |
| 1 | B1 | 80' | 4' | 84' |
| 1 | B2 | 80' | - | 80' |
| 1 | C1 | 70' | - | 70' |
| 1 | C2 | 70' | - | 70' |
| 6 | | | TOTALS | 70' |

### Luminaires

| TYPE | LAMP TYPE | QTY/POLE | QTY THIS GRID | OTHER GRIDS |
|---|---|---|---|---|
| | 1500W MZ | 7 | 7 | 3 |
| | 1500W MZ | 16 | 13 | 3 |
| | 1500W MZ | 16 | 12 | 4 |
| | 1500W MZ | 10 | 9 | 1 |
| | 1500W MZ | 10 | 8 | 2 |
| | | 66 | 56 | 10 |

**SCALE IN FEET 1 : 200**

0        200'        400'

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s) ⊗

## MY PROJECT

**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis, MO

## GRID SUMMARY

**Name:** Parcel 4
**Spacing:** 30.0'
**Height:** -0.3' above grade

## CONSTANT ILLUMINATION

SUMMARY                                    HORIZONTAL FOOTCANDLES

| Scan Average: | Entire Grid |
|---|---|
| **Scan Average:** | **0.372** |
| Maximum: | 1.15 |
| Minimum: | 0.06 |
| No. of Points: | 15 |

### LUMINAIRE INFORMATION

| | |
|---|---|
| Luminaire Type: | Green Generation |
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 1.000 |
| No. of Luminaires: | 56 |
| Avg KW: | 87.58 (95.2 max) |

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP 6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## ENGINEERED DESIGN

**By:** Justin Van Soelen

| File # / Date: | 171642.2-prod-spillIR3 | 28-Nov-16 |
|---|---|---|

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

## ILLUMINATION SUMMARY







Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM







EQUIPMENT LIST FOR AREAS SHOWN

| QTY | Pole | | | | Luminaires | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY/POLE | THIS GRID | OTHER GRIDS | |
| 2 | A1-A2 | 70' | - | 74' | 1500W MZ | 7 | 7 | | |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 | |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 | |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 | |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 10 | 8 | 2 | |
| 6 | | | | TOTALS | | 66 | 56 | 10 | |

SCALE IN FEET 1 : 200

0'    200'    400'

A1
B1
A2
B2
C1
C2

Pole location(s) ⊕ dimensions are relative
to 0,0 reference point(s) ⊗

MUSCO
Lighting

MY PROJECT
Name: Saint John Vianney High School Baseball
Location: Saint Louis,MO

GRID SUMMARY
Name: Parcel 11
Spacing: 30.0'
Height: -6.9' above grade

CONSTANT ILLUMINATION

SUMMARY

| | Entire Grid | HORIZONTAL FOOTCANDLES |
|---|---|---|
| Scan Average: | 0.034 | |
| Maximum: | 0.05 | |
| Minimum: | 0.02 | |
| No. of Points: | 12 | |

LUMINAIRE INFORMATION
Luminaire Type: Green Generation
Design Usage Hours: 5,000 hours
Design Lumens: 134,000
Avg Lamp Tilt Factor: 1.000
No. of Luminaires: 56
Avg KW: 87.58 (95.2 max)

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

ENGINEERED DESIGN
By: Justin Van Soelen
File # / Date: 173692-D-prod-spillR3   28-Nov-16

Not to be reproduced in whole or part without the written consent of Musco
Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

ILLUMINATION SUMMARY

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



EQUIPMENT LIST FOR AREAS SHOWN

| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY/POLE | THIS GRID | OTHER GRIDS |
|-----|----------|------|------|------|------|------|------|------|
| 2 | A1-A2 | 70' | - | 74' | 1500W MZ | 7 | 7 | 0 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 | 13 | 3 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 | 12 | 4 |
| 1 | C1 | 70' | - | 70' | 1500W MZ | 10 | 9 | 1 |
| 1 | C2 | 70' | - | 70' | 1500W MZ | 8 | 8 | 2 |
| 6 | | | TOTALS | | 1500W MZ | 66 | 56 | 10 |

Pole location(s) ✛
to 0,0 reference point(s) ⊗

Pole location(s) ✛ dimensions are relative
to 0,0 reference point(s) ⊗

SCALE IN FEET 1 : 200

0     200     400

musco
LIGHTING

MY PROJECT

**Name:** Saint John Vianney High School Baseball
**Location:** Saint Louis,MO

GRID SUMMARY

**Name:** Parcel 12
**Spacing:** 30.0'
**Height:** -13.2' above grade

CONSTANT ILLUMINATION

SUMMARY

| | Entire Grid |
|---|---|
| | HORIZONTAL FOOTCANDLES |
| **Scan Average:** | 0.076 |
| Maximum: | 0.14 |
| Minimum: | 0.03 |
| No. of Points | 14 |

LUMINAIRE INFORMATION

| Luminaire Type: | Green Generation |
|---|---|
| Design Usage Hours: | 5,000 hours |
| Design Lumens: | 134,000 |
| Avg Lamp Tilt Factor: | 1.000 |
| No of Luminaires: | 56 |
| Avg KW: | 87.58 (95.2 max) |

**Guaranteed Performance:** The CONSTANT ILLUMINATION described above is guaranteed for the design usage hours of the system.

**Field Measurements:** Illumination measured in accordance with IESNA RP-6-15 and CIBSE LG4. Individual values may vary. See the Warranty document for details.

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the "Musco Control System Summary" for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

ENGINEERED DESIGN

| By: | Justin Van Soelen | |
|---|---|---|
| File # / Date: | 171842-D-prod-spillR3 | 28-Nov-16 |

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

ILLUMINATION SUMMARY

Electronically Filed - St Louis County - January 03, 2017 - 06:13 PM



Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM



Electronically Filed - St. Louis County - January 03, 2017 - 05:13 PM



C1
118'
324'
B1
47'
177'
Baseball
Irregular
308'
C2
118'
A1
60'
50'
60'
A2
50'
47'
B2
178'
SCALE IN FEET 1 : 100
0'
100'
200'

Pole location(s) ⊕ dimensions are relative to 0,0 reference point(s) ⊗

MUSCO Lighting

## MY PROJECT

Name: Saint John Vianney High School Baseball
Location: Saint Louis,MO

## EQUIPMENT LAYOUT

**INCLUDES:**
- Baseball

**Electrical System Requirements:** Refer to Amperage Draw Chart and/or the **"Musco Control System Summary"** for electrical sizing.

**Installation Requirements:** Results assume +/- 3% nominal voltage at line side of the ballast and structures located within 3 feet (1m) of design locations.

## EQUIPMENT LIST FOR AREAS SHOWN

| Pole | | | | Luminaires | | |
|---|---|---|---|---|---|---|
| QTY | LOCATION | SIZE | GRADE ELEVATION | MOUNTING HEIGHT | LAMP TYPE | QTY / POLE |
| 2 | A1-A2 | 70' | 4' | 74' | 1500W MZ | 7 |
| 1 | B1 | 80' | 4' | 84' | 1500W MZ | 16 |
| 1 | B2 | 80' | - | 80' | 1500W MZ | 16 |
| 2 | C1-C2 | 70' | - | 70' | 1500W MZ | 10 |
| 6 | | TOTALS | | | | 66 |

## SINGLE LUMINAIRE AMPERAGE DRAW CHART

| Ballast Specifications (.90 min power factor) | Line Amperage Per Luminaire (max draw) | | | | | | |
|---|---|---|---|---|---|---|---|
| Single Phase Voltage | 208 (60) | 220 (60) | 240 (60) | 277 (60) | 347 (60) | 380 (60) | 480 (60) |
| 1500 watt MZ | 8.6 | 8.3 | 7.5 | 6.5 | 5.1 | 4.7 | 3.7 |

## ENGINEERED DESIGN

By: Justin Van Soelen
File # / Date: 171842-D-prod-spillR3 28-Nov-16

Not to be reproduced in whole or part without the written consent of Musco Sports Lighting, LLC. ©1981, 2016 Musco Sports Lighting, LLC.

EQUIPMENT LAYOUT

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

**17SL-CC00078**

WHERE COMMUNITY AND SPIRIT MEET"

November 10, 2016

St. John Vianney High School
Attn:  Michael Loyet
1311 S Kirkwood Road
Kirkwood, MO  63122

SENT VIA EMAIL: mloyet@vianney.com

SUBJECT:     PERMITTED USE DETERMINATION
             ST. JOHN VIANNEY, 1311 SOUTH KIRKWOOD ROAD

Dear Mr. Loyet:

During review of the letter submitted to the City's Board of Adjustment on October 6, 2016 from the Jenkins & Kling Law Firm, Staff noticed information regarding the outdoor activities conducted at your property which prompted this letter.  The information was on page 3, section 6 of the letter and states the following:

> *"Vianney has spent approximately $235,000.00 in constructing the lights and will suffer further losses of revenue from expected fees for use of the sports field by third parties."*

The above referenced property is currently zoned R-3 Single-Family Residential District.  These district regulations permit "Schools, public or private," and athletic facilities can qualify as accessory to this primary use.  However, the district regulations also include a distinctly separate land use term for "Recreational developments, privately owned," which is listed as a Special Use and would require separate approval under Article IX, Section A-900 of the City's Zoning Code. This land use term is defined in the City's Zoning Code as the following:

> *"An outdoor or indoor facility designed for organized recreational activities, including but not limited to arenas, stadiums, rinks, auditoriums, or outdoor theaters."*

Please consider this letter to serve as notice to Vianney that renting out Vianney's athletic facilities and fields to "third parties" is considered a "Recreational development[s], privately owned" rather than as an accessory use to the "Schools, public or private." Consequently, such rentals to third parties would be in violation of the City's Zoning Code unless the appropriate Special Use Permit is granted.

Sincerely,

CITY OF KIRKWOOD

Jonathan D. Raiche, AICP
City Planner

**EXHIBIT "15"**

Electronically Filed - St Louis County - January 03, 2017 - 05:13 PM

Cc:   Stephen Kling (skling@jenkinskling.com), Jenkins & Kling, P.C.
      Russ Hawes, Chief Administrative Officer
      Bill Bensing, Public Services Director
      John Hessel, City Attorney