IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIANIST PROVINCE OF THE UNITED STATES<br>and<br>ST. JOHN VIANNEY HIGH SCHOOL, INC.,<br><br>      Plaintiffs/Relators,<br><br>  v.<br><br>CITY OF KIRKWOOD,<br><br>      Defendant,<br>and<br>BOARD OF ADJUSTMENT OF THE CITY OF KIRKWOOD,<br><br>      Respondent. | Case No. 17-805 |

## DEFENDANTS' ANSWER TO VERIFIED PETITION AND AFFIRMATIVE DEFENSES

COME NOW Defendant the City of Kirkwood, Missouri ("Kirkwood") and Respondent the Board of Adjustment of the City of Kirkwood ("BOA") (collectively, Kirkwood and the BOA are referred to herein as "Defendants"), by and through their attorney, and for their Answer to Plaintiffs' Verified Petition, state as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

#### Parties

1. Defendants admit that Marianist Province is a nonprofit corporation of the State of Missouri in good standing, duly organized and existing pursuant to the laws of the State of Missouri, but lack information or knowledge sufficient to form a belief as to the truth or falsity of

2210477.2

the allegation that it has its principal place of business in St. Louis County, Missouri, and consequently deny same.

      2.      Defendants admit the allegations contained in Paragraph 2.

      3.      Defendants admit the allegations contained in Paragraph 3.

      4.      Defendants admit the allegations contained in Paragraph 4.

### Venue and Jurisdiction

      5.      Defendants admit that the BOA is empowered by Kirkwood Ordinances and applicable State law and further state that applicable State law and applicable Kirkwood Ordinances, including Section 1110 of the Kirkwood Zoning Code, speak for themselves. Defendants deny any allegations contained in Paragraph 5 that are inconsistent therewith. Further answering, Defendants admit that Section 1110 of the Kirkwood Zoning Code empowers the BOA to hear and decide matters referred to it or upon which it is required to pass under Kirkwood's Zoning Code, including the authority to grant area or non-use variances, which vary or modify the application of any of the regulations or provisions thereunder, where there are practical difficulties or unnecessary hardships in the carrying out of the strict letter of the Zoning Code so that the spirit of the Zoning Code shall be observed, public safety and welfare secured, and substantial justice done.

      6.      Defendants admit that Plaintiffs' Verified Petition purports to challenge the BOA's denial of St. John Vianney High School, Inc.'s ("Vianney") variance request as arbitrary, capricious, unreasonable, invalid, illegal, ineffective, null and void, unconstitutional, ultra vires, not supported by competent and substantial evidence, and for violations of various state and federal statutes purportedly restricting Vianney's ability to use its property, but deny that Plaintiffs have

any lawful grounds for asserting such challenge and otherwise deny the allegations contained in Paragraph 6.

7.     The allegations contained in Paragraph 7 consist of legal conclusions, and, therefore, no answer is required.  Further answering, Defendants admit the allegations contained in Paragraph 7.

8.     The allegations contained in Paragraph 8 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny that this Court has subject matter jurisdiction over any claims in Plaintiffs' Verified Petition to the extent the claims relate to the Use Determination Letter described and defined in Paragraph 73 of Plaintiffs' Verified Petition.

9.     Defendants admit the allegations contained in Paragraph 9, except to the extent that they relate to the Use Determination Letter described in Paragraph 73.

10.    Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 and, therefore, deny same.

11.    Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and, therefore, deny same.

12.    Defendants admit the allegations contained in Paragraph 12.

### Facts

13.    Defendants admit that Vianney is located at 1311 South Kirkwood Road, Kirkwood, Missouri, but lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 and, therefore, deny same.

14.    Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and, therefore, deny same.

15. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and, therefore, deny same.

16. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 and, therefore, deny same.

17. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and its subparts and, therefore, deny same.

18. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and, therefore, deny same.

19. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and, therefore, deny same.

20. Defendants admit that Vianney is located in and adjacent to single family residential homes, but Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 and, therefore, deny same.

21. Defendants admit the allegations contained in Paragraph 21.

22. Defendants admit that the Property is zoned R-3 Single Family Residential District. Defendants further admit that "Schools, public or private" is a permitted use within R-3 districts. To the extent any further answer is deemed required, Defendants deny the allegations contained in Paragraph 22 not specifically admitted herein.

23. Defendants admit the Kirkwood Zoning Code contains lighting regulations, including those lighting regulations set forth in Section 1040 thereof. Defendants deny that Section 1040 sets forth the *only* provisions within the Kirkwood Zoning Code addressing lighting. Defendants admit that a true and correct copy of Section 1040 of the Kirkwood Zoning Code is attached to the Verified Petition as Exhibit 1.

24. Section 1040.5 of the Kirkwood Zoning Code speaks for itself, and Defendants deny any allegations contained in Paragraph 24 that are inconsistent therewith.

25. Defendants admit that Kirkwood has adopted sound regulations outside of the Zoning Code, including those found in Sections 17-36 and 17-37 of Kirkwood's Code of Ordinances. Defendants admit that a true and correct copy of Sections 17-36 and 17-37 of Kirkwood's Code of Ordinances is attached to the Verified Petition as Exhibit 2.

26. Section 17-36 of the Kirkwood Code of Ordinances speaks for itself, and Defendants deny any allegations contained in Paragraph 26 that are inconsistent therewith.

27. Section 220 of the Kirkwood Zoning Code speaks for itself, and Defendants deny any allegations contained in Paragraph 27 that are inconsistent therewith. Further answering, Defendants admit that Section 220 of the Kirkwood Zoning Code sets forth site plan review procedures and requirements and further requires site plan review and approval for the construction of a new building or structure or structural modifications to the exterior of an existing structure (including additions) for any use. Defendants further admit that a true and correct copy of Section 220 of the Kirkwood Zoning Code is attached to the Verified Petition as Exhibit 3.

28. Section 1110 of the Kirkwood Zoning Code speaks for itself, and Defendants deny any allegations contained in Paragraph 28 that are inconsistent therewith. Further answering, Defendants admit that Section 1110 of the Kirkwood Zoning Code sets forth the powers, duties, and procedure of the BOA, including its power to hear and decide variance requests.

29. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 and, therefore, deny same.

30. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 and, therefore, deny same.

31. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 and, therefore, deny same.

32. Defendants admit that Musco prepared a photometric lighting plan for the Sports Field Property, as defined in the Verified Petition, to light the field, and further admit that the illumination levels exceeded .1 footcandles. Except as admitted herein, Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit the allegations contained in Paragraph 35.

36. Defendants admit the allegations contained in Paragraph 36, and answering further, Defendants admit that the City Planner determined that a variance was not needed because the lighting was a legal non-conforming use and the City Planner informed Stock and Vianney that he "determined the situation to be 'less non-conforming' and therefore we do not need a variance."

37. Defendants admit the allegations contained in Paragraph 37.

38. Defendants admit the allegations contained in Paragraph 38.

39. Defendants admit the allegations contained in Paragraph 39.

40. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 and, therefore, deny same.

41. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 and, therefore, deny same.

42. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 and, therefore, deny same.

6

43. Defendants admit that site plan review and the deadline for automatic approval of the site plan was delayed and extended three times by agreement of Vianney following Plaintiffs' submission of its site plan.  Except as admitted herein, Defendants deny the allegations of Paragraph 43 and specifically deny that the delays were at Kirkwood's request.

44. Defendants admit that on or about February 11, 2016, Kirkwood issued a letter to Vianney prohibiting use of the lights and sound system (except for testing purposes) until a site plan was approved and all lighting met the .1 footcandle limitation. Defendants further admit that a true and correct copy of the February 11, 2016 correspondence is attached to the Verified Petition as Exhibit 9. To the extent any further answer is required, Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 44 and, therefore, deny same.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants admit that on March 22, 2016, Kirkwood's Public Services Director issued a letter to Vianney and that a true and accurate copy of that letter is attached as Exhibit 10 to the Verified Petition. The March 22, 2016 correspondence speaks for itself and Defendants deny any allegations contained in Paragraph 46 that are inconsistent therewith.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants admit the allegations contained in Paragraph 48.

49. Defendants admit the allegations contained in Paragraph 49.

50. Defendants admit that Vianney verbally requested that Kirkwood amend its Lighting Regulations to allow greater illumination levels but deny that Vianney submitted any application to amend the Zoning Code in that respect. To the extent any further answer is required, Defendants deny the remaining allegations contained in Paragraph 50.

51. Defendants admit the allegations contained in Paragraph 51.

52. Defendants admit the allegations contained in Paragraph 52.

53. Defendants admit only that, on or about September 1, 2016, Vianney submitted a new photometric lighting plan meeting the 0.1 footcandle requirement and allowing only twenty-five (25) of the sixty-six (66) lights to be used. Further answering, Defendants deny the remaining allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants admit that the Planning and Zoning Commission required additional changes to the landscaping plan and that Vianney submitted a revised landscaping plan but deny the remaining allegations contained in Paragraph 55.

56. Defendants admit that on September 7, 2016, at a scheduled meeting, the Planning and Zoning Commission approved Vianney's site plan and adopted the Planning and Zoning Subcommittee's Amended and Approved September 7, 2016 Report with amendments. The Subcommittee Report and Planning and Zoning Commission minutes containing the conditions cited in Paragraph 56 speak for themselves, and Defendants deny any allegations contained in Paragraph 56 that are inconsistent therewith. Defendants deny that Exhibit 11 is a true and accurate copy of the amended and approved Subcommittee Report. To the extent any further answer is required, Defendants deny the remaining allegations in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants admit that, on October 6, 2016, Plaintiffs filed a lawsuit against Kirkwood and the members of the Planning and Zoning Commission styled as <u>Marianist Province et al. v. City of Kirkwood et al.</u> bearing case no. 16SL-CC03734 in the Circuit Court of St. Louis

County, alleging that the Planning and Zoning Commission's approval of the Site Plan with the Site Plan Conditions was arbitrary, capricious, unreasonably, invalid, illegal, ineffective, null and void, unconstitutional, ultra vires, and not supported by competent and substantial evidence, but deny that Plaintiffs have any lawful grounds for asserting such challenge and otherwise deny the allegations contained in Paragraph 60.

61.   Defendants admit the allegations contained in Paragraph 61.

62.   Defendants deny the qualification of the October 2016 Lighting Plan as an "improved lighting plan." Answering further, Defendants admit that on or about October 19, 2016, Kirkwood received a revised lighting plan from Vianney dated October 12, 2016 for consideration by the Board of Adjustment on the pending variance application.

63.   Defendants admit the allegations contained in Paragraph 63.

64.   Defendants deny the qualification of the November 2016 Lighting Plan as an "improved lighting plan," but otherwise admit the allegations contained in Paragraph 64.

65.   Defendants admit the allegations contained in Paragraph 65.

66.   The Variance application and Proposed Variance Conditions contained therein speak for themselves, and Defendants deny any allegations contained in Paragraph 66 and its subparts that are inconsistent therewith.

67.   Defendants deny the allegations contained in Paragraph 67.

68.   Defendants admit that, on November 14, 2016, the BOA conducted its first hearing on the Variance request, that Vianney presented testimony in its favor, and it introduced numerous exhibits into the record. To the extent any further answer is required, Defendants deny the remaining allegations in Paragraph 68.

69.   Defendants admit the allegations contained in Paragraph 69.

70.   Defendants admit the allegations contained in Paragraph 70.

9

71. Defendants admit the allegations contained in Paragraph 71.

72. Defendants admit the allegations contained in Paragraph 72.

73. Defendants admit that on or about November 10, 2016, Kirkwood issued a letter to Vianney notifying it that renting out Vianney's athletic facilities and fields to "third parties" may be considered a "Recreational development" which may require a Special Use Permit. Defendants further admit that a true and correct copy of the November 10, 2016 correspondence is attached to the Verified Petition as Exhibit 15. To the extent any further answer is required, Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 73 and, therefore, deny same.

74. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 and its subparts and, therefore, deny same.

75. Defendants deny the allegations contained in Paragraph 75.

## COUNT I
## Administrative Review (Variance) – Section 89.110, RSMo

76. Defendants incorporate all of their previous responses to paragraphs 1–75 as if fully set forth herein.

77. Defendants deny the allegations contained in Paragraph 77 and its subparts.

78. Defendants admit the allegations contained in Paragraph 78, except to the extent that they relate to the Use Determination Letter, in which case, Defendants expressly deny that Plaintiffs have exhausted their administrative remedies with regard to the Use Determination Letter, and deny that the Use Determination Letter is relevant to this matter.

79. Defendants deny the allegations contained in Paragraph 79.

## COUNT II
### Inverse Condemnation – Article I, § 26 of the Missouri Constitution

80.     Defendants incorporate all of their previous responses to paragraphs 1–79 as if fully set forth herein.

81.     Article I, § 26 of the Missouri Constitution speaks for itself, and Defendants deny any allegations contained in Paragraph 81 that are inconsistent therewith.

82.     Defendants admit the allegations contained in Paragraph 82.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants admit that Kirkwood issued a letter to Vianney prohibiting use of the lights and sound system (except for testing purposes) until a site plan was approved and all lighting met the .1 footcandle limitation. To the extent any further answer is required, Defendants deny the remaining allegations contained in Paragraph 84.

85.     Defendants admit that on September 7, 2016, at a scheduled meeting, the Planning and Zoning Commission approved Vianney's site plan and adopted the Planning and Zoning Subcommittee's Amended and Approved September 7, 2016 Report with amendments. The Subcommittee Report and Planning and Zoning Commission minutes containing the conditions speak for themselves, and Defendants deny any allegations contained in Paragraph 85 that are inconsistent therewith. To the extent any further answer is required, Defendants deny the remaining allegations in Paragraph 85.

86.     Defendants admit only that Vianney applied to the BOA for a variance related to the Lights, and that the BOA voted to deny the variance on December 5, 2016. To the extent any further answer is required, Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 86 and, therefore, deny same.

87.     Defendants deny the allegations contained in Paragraph 87.

## COUNT III
## Violation of the Religious Land Use and Institutionalized Persons Act
## Equal Terms Claim 42 U.S.C. § 2000cc(b)(1)
## As-Applied

88.     Defendants incorporate all of their previous responses to paragraphs 1–87 as if fully set forth herein.

89.     The allegations contained in Paragraph 89 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny that the elements set forth in Paragraph 89 are an accurate articulation of the elements Plaintiffs must prove to prevail on an equal terms claims under RLUIPA.

90.     Defendants admit that, based upon its research, the Eighth Circuit of Appeals has not decided a RLUIPA land use case. The remaining allegations contained in Paragraph 90 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny that the legal standard set forth by Plaintiffs in Paragraph 90 is an accurate representation of the standard that should be applied in this case with regard to Plaintiffs' claim in Count III.

91.     The allegations contained in Paragraph 91 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny that the legal standard set forth by Plaintiffs in Paragraph 91 is an accurate representation of the standard that should be applied in this case with regard to Plaintiffs' claim in Count III.

92.     The allegations contained in Paragraph 92 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 92.

93.     The allegations contained in Paragraph 93 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants admit only that Vianney is a high

school associated with a religious institution and that it is subject to Kirkwood's Zoning Code. Defendants deny the remaining allegations contained in Paragraph 93.

94. Defendants admit that "schools, public or private" are permitted uses but denies each and every other allegation contained in Paragraph 94.

95. Defendants deny the allegations contained in Paragraph 95.

96. Defendants deny the allegations contained in Paragraph 96.

97. The allegations contained in Paragraph 97 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 97.

98. Defendants deny the allegations contained in Paragraph 98.

99. The allegations contained in Paragraph 99 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 99.

100. The allegations contained in Paragraph 100 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

## COUNT IV
### Violation of the Religious Land Use and Institutionalized Persons Act
### Substantial Burden Claim 42 U.S.C. § 2000cc(a)
### As-Applied Challenge

102. Defendants incorporate all of their previous responses to paragraphs 1–101 as if fully set forth herein.

103. 42 U.S.C. § 2000cc(a)(1) speaks for itself, and Defendants deny any allegations contained in Paragraph 103 that are inconsistent therewith.

104. 42 U.S.C. § 2000cc-5(7) speaks for itself, and Defendants deny any allegations contained in Paragraph 104 that are inconsistent therewith.

105. 42 U.S.C. § 2000cc-3(g) speaks for itself, and Defendants deny any allegations contained in Paragraph 105 that are inconsistent therewith.

106. 42 U.S.C. §§ 2000cc(a)(2)(A), (B), and (C) speak for themselves, and Defendants deny any allegations contained in Paragraph 106 that are inconsistent therewith.

107. The allegations contained in Paragraph 107 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny that the legal standard set forth by Plaintiffs in Paragraph 107 is an accurate representation of the standard that should be applied in this case with regard to Plaintiffs' claim in Count IV.

108. The allegations contained in Paragraph 108 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny that the legal standard set forth by Plaintiffs in Paragraph 108 is an accurate representation of the standard that should be applied in this case with regard to Plaintiffs' claim in Count IV.

109. The allegations contained in Paragraph 109 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 109.

110. Defendants admit the allegations contained in Paragraph 110.

111. The allegations contained in Paragraph 111 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 111.

112. The allegations contained in Paragraph 112 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 112.

113. The allegations contained in Paragraph 113 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 113.

114. Defendants deny the allegations contained in Paragraph 114

115. Defendants deny the allegations contained in Paragraph 115.

## COUNT V
## Violation of Missouri Religious Freedom Restoration Act
## Section 1.302, R.S.Mo.

116. Defendants incorporate all of their previous responses to paragraphs 1–115 as if fully set forth herein.

117. The Missouri Religious Freedom Restoration Act speaks for itself, and Defendants deny any allegations contained in Paragraph 117 that are inconsistent therewith.

118. The Missouri Religious Freedom Restoration Act speaks for itself, and Defendants deny any allegations contained in Paragraph 118 that are inconsistent therewith.

119. The allegations contained in Paragraph 119 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 119.

120. The allegations contained in Paragraph 120 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 120.

121. The allegations contained in Paragraph 121 consist of legal conclusions, and, therefore, no answer is required. Further answering, Defendants deny the allegations contained in Paragraph 122.

122. Defendants deny the allegations contained in Paragraph 122.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

Without conceding that they bear the burden of proof as to any of these defenses, Defendants allege the following affirmative and additional defenses to the claims set forth in Plaintiffs' Verified Petition.

### FIRST DEFENSE

Plaintiffs' claims fail, in whole or part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by the principles and doctrines of waiver, estoppel, and/or unclean hands.

### THIRD DEFENSE

With regard to the Use Determination Letter, Plaintiffs' claims are barred because they are not ripe, and there is no justiciable controversy before the Court.

### FOURTH DEFENSE

With regard to the Use Determination Letter, Plaintiffs' claims are barred because Plaintiffs have failed to exhaust their administrative remedies.

### FIFTH DEFENSE

Plaintiffs' claim for inverse condemnation fails because viable use remains of Vianney's Property.

**SIXTH DEFENSE**

Plaintiffs' claim for inverse condemnation is barred because Kirkwood's regulations rest upon a valid exercise of its police power and/or other governmental function.

**SEVENTH DEFENSE**

Plaintiffs' claims fail because Kirkwood's regulations are reasonably necessary to ensure the public's safety, health, and/or welfare.

**EIGHTH DEFENSE**

Plaintiffs' claims fail because they did not detrimentally rely upon any statement by Kirkwood that they did not need a variance from the requirements of Kirkwood's Zoning Code, because it was determined "the situation to be 'less non-confirming' and therefore [Vianney] did not need a variance."

**NINTH DEFENSE**

By way of further answer, defense or affirmative defense, Plaintiff's claims are barred in whole or in part in that the City is immune from liability under the public duty doctrine.

**TENTH DEFENSE**

By way of further answer, defense or affirmative defense, Plaintiff's claims are barred in whole or in part in that the City is immune from liability pursuant to the doctrines of qualified immunity, official immunity, discretionary immunity and governmental immunity.

**ELEVENTH DEFENSE**

Defendants reserve the right to assert additional affirmative defenses as they become apparent during the course of this litigation.

WHEREFORE, Defendants respectfully pray that judgment be entered in favor of Defendants, that Plaintiffs' Verified Petition be dismissed in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ John M. Hessel
John M. Hessel, #26408MO
Jayme E. Major, #61379MO
Sarah A. Milunski, #65112MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  314-444-7600
Fax:  314-241-6056
Email:  jhessel@lewisrice.com
jmajor@lewisrice.com
smilunski@lewisrice.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

The undersigned certifies that on this 8th day of March, 2017, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system to counsel of record as set forth below:

Counsel for Plaintiffs/Relators:

Stephen L. Kling, Jr.
Michael P. Stephens
Sally M. Sinclair
Jenkins & Kling, P.C.
150 North Meramec Avenue, Ste 400
St. Louis, MO 63105

Daniel P. Dalton
Dalton & Tomich, PLC
The Chrysler House
719 Griswold Street, Ste 270
Detroit, MI 48226

/s/ John M. Hessel