IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIANIST PROVINCE OF THE UNITED STATES and ST. JOHN VIANNEY HIGH SCHOOL, INC., <br><br>    Plaintiffs/Relators, <br><br>  v. <br><br> CITY OF KIRKWOOD, <br><br>    Defendant, <br> and <br> BOARD OF ADJUSTMENT OF THE CITY OF KIRKWOOD, <br><br>    Respondent. | Case No. 4:17-cv-00805-RLW |

## **DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants City of Kirkwood ("Kirkwood") and the Board of Adjustment of the City of Kirkwood ("Defendants"), by and through their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7-4.01, respectfully request that this Court grant partial summary judgment in Defendants' favor and against Plaintiffs Marianist Province of the United States and St. John Vianney High School, Inc. ("Plaintiffs" or "Vianney") on Counts II-VI. As grounds therefor, Defendants state as follows:

1. Plaintiffs filed a six count complaint seeking review of the Kirkwood Board of Adjustment's denial of Vianney's variance application (Count I) and alleging inverse condemnation (Count II), religious discrimination (Count III–V), and violation of Plaintiffs' free speech rights (Count VI), all based on the enforcement of Kirkwood's Lighting Regulations and

limitations on the use of a sound system that Vianney installed on its renovated baseball stadium directly adjacent to residential homes.

2. Plaintiffs previously moved for partial summary judgment on Counts III, IV, and VI, which purport to allege RLUIPA and free speech violations.

3. Defendants oppose Plaintiffs' Motion for Partial Summary Judgment and now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7-4.01 on all counts set forth in Plaintiffs' First Amended Verified Complaint, except for Count I seeking administrative review.

4. Defendants are entitled to judgment as a matter of law based upon the material, uncontroverted facts.

5. Summary judgment is appropriate on the following grounds:

   a. Count III is an as-applied equal terms claim under RLUIPA. Plaintiffs cannot show that the single, identified comparator, the Kirkwood School District, is similarly situated or that it is being treated more favorably than Vianney.

   b. Count IV is a substantial burden claim under RLUIPA. Count IV fails because Plaintiffs are neither substantially burdened by Kirkwood's Lighting Regulations, nor is their use of the lights and sound system a "religious exercise." Moreover, Kirkwood's interest in protecting neighboring residents from disturbing light and sound trespass is a recognized compelling governmental interest, and the Code's Lighting Regulations and limitations on the use of a sound system are the least restrictive means for achieving that interest.

   c. Count VI is a free speech claim. Count VI fails because the limitations on the use of the sound system are legitimate time, place and manner restrictions. Further,

       Kirkwood's restrictions are narrowly tailored to further its compelling government interest of protecting neighboring residential properties from unwelcome noise at night.

d. Count V asserts a claim under Missouri's RFRA. The facts supporting this claim and the law related thereto are nearly identical to that under RLUIPA's substantial burden provision. Thus, for the same reasons Kirkwood is entitled to summary judgment on Count IV, it is also entitled to summary judgment on Count V.

e. Finally, Count II alleges inverse condemnation. Because Kirkwood's neutral application of its Lighting Regulations is a valid exercise of its police power, such application cannot, as a matter of law, constitute a taking upon which inverse condemnation could be based.

6. Defendants incorporate, as if fully set forth herein in their entirety, their Statement of Uncontroverted Material Facts, their Response to Plaintiffs' Statement of Uncontroverted Material Facts, and their Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment, which are filed contemporaneously herewith.

WHEREFORE, for the reasons set forth above, Defendants the City of Kirkwood and the Board of Adjustment of the City of Kirkwood respectfully request that this Court grant their Cross-Motion for Partial Summary Judgment, enter judgment in favor of Defendants and against Plaintiffs on Counts II–VI, and grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ John M. Hessel
John M. Hessel, #26408MO
Joseph E. Martineau, #32397MO
Sarah A. Milunski, #65112MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  314-444-7600
Fax:  314-241-6056
Email: jhessel@lewisrice.com
jmartineau@lewisrice.com
smilunski@lewisrice.com

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing were served via electronic mail to the following parties on this 15th day of March, 2018:

Ronald E. Jenkins
Stephen L. Kling, Jr.
Michael P. Stephens
**JENKINS & KLING, P.C.**
150 North Meramec Ave., Ste 400
St. Louis, Missouri  63105
rjenkins@jenkinskling.com
skling@jenkinskling.com
mstephens@jenkinskling.com

*Lead Attorneys for Plaintiff*

Portia C. Kayser
**FISHER PATTERSON SAYLER
& SMITH, L.L.P.**
1010 Market Street, Suite 1650
St. Louis, Missouri  63101
pkayser@fisherpatterson.com

*Co-counsel for Defendant and Respondent*

Daniel P. Dalton
**DALTON & TOMICH, PLC**
The Chrysler House
719 Griswold Street, Suite 270
Detroit, MI  48226
Tel. (313) 859-6000
ddalton@daltontomich.com

*Attorney for Plaintiff as to the RLUIPA and Constitutional Claims, only*

/s/ John M. Hessel