UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIANIST PROVINCE OF THE UNITED STATES and ST. JOHN VIANNEY HIGH SCHOOL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:17-CV-805 RLW |
| v. | ) ) | |
| CITY OF KIRKWOOD, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| BOARD OF ADJUSTMENT OF THE CITY OF KIRKWOOD, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Bill of Costs (ECF No. 104). Defendants ask for $7,512.47 in costs for fees of the clerk ($400), fees for printed or electronically recorded transcripts necessarily obtained for use in this case ($6,879.05), and fees for witnesses ($233.42). In response, Plaintiffs argue that Defendants improperly requested costs for both stenographic and videography services, which is not authorized by 28 U.S.C. §1920(2) and Fed. R. Civ. P. 54(d)(2). Plaintiffs ask the Court to deduct the cost of videography for Michael Loyet's deposition in the amount of $1,158.75 from the requested $7,512.47.

In response, Defendants contend they took Mr. Loyet's deposition via video because he was the primary witness for Vianney, having made all the decisions regarding the renovations of the baseball field and having provided a lengthy affidavit in support of Plaintiffs' motion for

summary judgment. (ECF No. 116 at 3). Defendants assert Mr. Loyet's credibility was at issue and the jury needed to observe his demeanor if this case went to trial. Defendants claim they would have used the video deposition for cross-examination even if Plaintiffs called Mr. Loyet during their case in chief, and Defendants needed the stenographic transcription for the cross motions for summary judgment. (ECF No. 116 at 3).

28 U.S.C. § 1920(2) allows "(f)ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Defendants note that the Eighth Circuit has concluded "that § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). In *Stanley*, the plaintiff "present[ed] no argument that any written or electronically recorded transcript of the same deposition was unnecessarily obtained for use in this case." *Id.* The Eighth Circuit affirmed the district court's cost award for both printed and electronically recorded transcripts. *Id.*

Here, the Court holds that the $1,158.75 cost for videography services is not recoverable. Plaintiffs indicate that Mr. Loyet would have been available for trial. Defendants would have been able to test Mr. Loyet's credibility at trial, and his video testimony by deposition was not necessary. Rather, Defendants merely made a tactical decision to record Mr. Loyet's testimony by videography in case it would advance their case. The Court holds that Defendants' strategic basis for video recording Mr. Loyet's deposition does not provide a basis for recovery of videography costs under 28 U.S.C. §1920. Therefore, the Court denies the cost for those services. *See Tanner v. City of Sullivan*, No. 4:11-CV-1361 NAB, 2013 WL 3287168, at *4 (E.D. Mo. June 28, 2013) (denying Plaintiffs' request for costs for the videographer for failure to show entitlement to costs under 28 U.S.C. §1920).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Bill of Costs (ECF No. 104) is **GRANTED**, in part, and **DENIED**, in part. The Court awards Defendants their costs in the amount of **$6,353.72**.

Dated this 31st day of January, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE